SOCIAL JUSTICE LEGAL FOUNDATION
Maria del Pilar Gonzalez Morales (SBN 308550)
pgonzalez@socialjusticelaw.org
Vanessa Domenichelli (SBN 326867)
vdomenichelli@socialjusticelaw.org
Alyssa Martinez (SBN 342466)
amartinez@socialjusticelaw.org
Amelia Piazza (SBN 342473)
apiazza@socialjusticelaw.org
Shubhra Shivpuri (SBN 295543)
sshivpuri@socialjusticelaw.org
523 West 6th St, Suite 450
Los Angeles, California 90014
Telephone:   (213) 542-5241
Facsimile:    (213) 542-5241

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| LIGAYA RONDUEN; CARLOS CASTILLO; MIRIAM SCHEETZ; CESAR HERNANDEZ CARRILLO; WILFREDO GONZALEZ MENA; SOMBOON PHAYMANY; and YOLANDA MENDOZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendants. | Case No.   23-cv-00481<br><br>**NOTICE OF RELATED CASES** |

The instant case is a putative class action complaint for a class of currently and formerly detained immigrants imprisoned by GEO Group, Inc. ("GEO") at the Adelanto ICE Processing Center ("Adelanto") in Adelanto, California. Plaintiffs seek redress on behalf of themselves and other similarly situated members of the Detained Class for Defendant GEO's improper use of a toxic chemical at Adelanto from February 2020 to April 2021. Such use, which included the widespread and indiscriminate spraying of the chemical HDQ Neutral as a purported COVID-19 mitigation measure, had devastating health consequences for Plaintiffs and hundreds of other detained people. Plaintiffs' case and the below-listed cases are related because these actions "arise from . . . a closely related transaction happening or event," "call for determination of . . . similar questions of law and fact," and "would entail substantial duplication of labor if heard by different judges." Local Civil R. 83-1.3.1(a)-(c).

- *Gonzalez, et al., v. GEO Group, Inc. et al.,* No. 22-cv-4014-JGB;
- *Novoa et al., v. GEO Group, Inc. et al.,* No. 17-cv-2514-JGB;
- *Roman et al., v. Wolf et al.,* No. 20-cv-768-TJH; and
- *Fraihat v. Wolf, et al.,* No. 20-cv-590-JGB.

First, Plaintiffs' case and the above-listed cases arise from a similar happening or event: namely, the dangerous practices adopted at Adelanto in response to the global COVID-19 pandemic. Plaintiffs in one set of related cases (the "COVID-19 conditions cases") allege that their conditions of detention in Adelanto during the COVID-19 pandemic were unreasonably dangerous to their safety. *See, e.g., Fraihat,* No. 20-cv-590-JGB, Complaint ¶¶ 1–12. The COVID-19 conditions cases also raise improper methods in purportedly mitigating COVID-19 risks, including Defendant GEO's use of toxic chemicals which negatively impacted detained persons' health. *See e.g., Roman*, 20-cv-768-TJH, Complaint ¶¶ 1–8. Second, Plaintiffs in the other set of related cases (the "GEO spraying practices cases") allege that GEO sprayed toxic chemicals at detained people, including during the outbreak of the COVID-19

pandemic, causing dangerously unsafe conditions. *See, e.g., Gonzalez*, 22-cv-4014-JGB, Complaint ¶¶ 1–6; *Novoa*, 17-cv-2514-JGB, Complaint ¶ 78.

Plaintiffs' case and the above-listed cases also have similar questions of law and fact. *Gonzalez*, for example, alleges numerous tort violations stemming from GEO's use of a toxic spray against detained people. *Gonzalez*, 22-cv-4014-JGB, Complaint at 1. Specifically, *Gonzalez* alleges battery and negligence by GEO through their use of the toxic spray. Both causes of action are also alleged in this case for similar conduct. Likewise, the COVID-19 conditions cases considered whether—as a legal matter—GEO's use of a toxic spray during the COVID-19 pandemic unreasonably endangered detained people. *See Roman*, 20-cv-768-TJH, ECF No. 596 at 7–11 (addressing whether HDQ Neutral violated detained persons' constitutional right to reasonable safety).

Finally, Plaintiffs' case and the above-listed cases would entail substantial duplication of labor if heard by different judges. This Court's factual findings about COVID-19 and its risks to detained people in Adelanto in the previously filed cases would apply—or at the very least, be highly relevant to—the factual findings it would make in Plaintiffs' case. Indeed, this Court sua sponte transferred *Gonzalez* to the judge overseeing *Novoa* and *Fraihat* precisely to avoid "substantial duplication of labor if heard by different judges." *See Gonzalez*, 22-cv-4014-JGB, ECF No. 10. Judicial efficiency would likewise be promoted if this case is before the same judge who has been assigned to preside over the previously filed cases.

For these reasons, Plaintiffs respectfully submit that this case should be related to *Gonzalez, et al., v. GEO Group, Inc. et al.,* No. 22-cv-4014-JGB; *Novoa et al., v. GEO Group, Inc. et al.,* No. 17-cv-2514-JGB; *Roman et al., v. Wolf et al.,* No. 20-cv-768-TJF; and *Fraihat v. Wolf, et al.,* No. 20-cv-00590-JGB, pursuant to Local Civil R. 83-1.3.1.

Dated: March 20, 2023

Respectfully submitted,

*/s/ P. Gonzalez*

Maria del Pilar Gonzalez Morales
Vanessa Domenichelli
Alyssa Martinez
Amelia Piazza
Shubhra Shivpuri
SOCIAL JUSTICE LEGAL FOUNDATION
523 West 6th St., Suite 450
Los Angeles, CA 90014
T: 213-677-0883
F: 213-677-0883
pgonzalez@socialjusticelaw.org
vdomenichelli@socialjusticelaw.org
amartinez@socialjusticelaw.org
apiazza@socialjusticelaw.org
sshivpuri@socialjusticelaw.org

Attorneys for Plaintiff

- 4 -