**EDGCOMB LAW GROUP, LLP**
TIFFANY R. HEDGPETH (SBN 175134)
thedgpeth@edgcomb-law.com
355 S. Grand Ave., Ste. 2450, #2049
Los Angeles, CA  90071-9500
Telephone: (818) 861-7618

GABRIEL J. PADILLA (SBN 227591)
gpadilla@edgcomb-law.com
2102 Business Center Dr., Ste. 130, #651
Irvine, CA  92612-1001
Telephone: (818) 683-6904

*Attorneys for Defendant The GEO Group, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN; CARLOS CASTILLO; MIRIAM SCHEETZ; CESAR HERNANDEZ CARRILLO; WILFREDO GONZALEZ MENA; SOMBOON PHAYMANY; and YOLANDA MENDOZA, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE GEO GROUP, INC., a Florida corporation,<br>        Defendant. | Case No.: 5:23-cv-00481 JGB(SHKx)<br>[CLASS ACTION]<br><br>**DEFENDANT THE GEO GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS AS TO CERTAIN PLAINTIFFS, AND CAUSES OF ACTION FOUR, FIVE AND SIX PURSUANT TO FED. R. CIV. P. §12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[*Filed Concurrently with Declaration of Gabriel J. Padilla; and [Proposed] Order*]**<br><br>Date:      June 26, 2023<br>Time:     9:00 a.m.<br>Place:    Riverside, Courtroom 1<br>Judge:   Honorable Jesus G. Bernal |

1

| | |
|---|---|
| Trial Date: | None Set |
| Complaint Filed: | March 20, 2023 |

**DEFENDANT THE GEO GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS AS TO CERTAIN PLAINTIFFS, AND CAUSES OF ACTION FOUR, FIVE AND SIX**

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 26, 2023 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Jesus G. Bernal, in Courtroom 1 of the above-entitled Court, located at the United States Courthouse, 3470 Twelfth Street Riverside, California, 92501-3801, Defendant THE GEO GROUP, INC. ("GEO"), by and through its attorneys, shall and hereby does move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing (1) all claims filed by Miriam Scheetz, Wilfredo Gonzalez Mena, Somboon Phaymany, and Yolanda Mendoza and (2) Causes of Action Four, Five and Six set forth in the Class Action Complaint for Damages filed by Plaintiffs LIGAYA RONDUEN; CARLOS CASTILLO; MIRIAM SCHEETZ; CESAR HERNANDEZ CARRILLO; WILFREDO GONZALEZ MENA; SOMBOON PHAYMANY; and YOLANDA MENDOZA against GEO ("Complaint"). This Motion is made on the following grounds:

1. The applicable statute of limitations bars all claims filed by Plaintiffs Miriam Scheetz, Wilfredo Gonzalez Mena, Somboon Phaymany, and Yolanda Mendoza.

2. Plaintiffs have failed to properly plead at all or with particularity the elements for their causes of action based on deceit (Fourth, Fifth, and Sixth Causes of Action).

This motion is based upon this Notice of Motion and Motion, the attached supporting Memorandum of Points and Authorities, the Declaration of Gabriel J. Padilla, filed concurrently with this motion; all pleadings and papers on file with the Court in this action; and all additional evidence, judicial notice of matters, and any other such matters as may be presented to the Court at or before the hearing of this noticed motion.

This motion is made following the conference of counsel in an effort to

1  resolve this matter informally, pursuant to Local Rule 7-3 of the Local Civil Rules

2  of the United States District Court for the Central District of California, which took

3  place on May 3, 2023. (*See* Declaration of Gabriel J. Padilla, ¶ 3.)

6  DATED:  May 12, 2023                    Respectfully submitted,

7                                                           EDGCOMB LAW GROUP, LLP,

9                                                           By: /s/ Gabriel J. Padilla
10                                                          Tiffany R. Hedgpeth
                                                               Gabriel J. Padilla
11                                                          thedgpeth@edgcomb-law.com
                                                               gpadilla@edgcomb-law.com
12                                                          *Attorneys for Defendant*
                                                               *The GEO Group, Inc.*

**DEFENDANT THE GEO GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS AS TO
CERTAIN PLAINTIFFS, AND CAUSES OF ACTION FOUR, FIVE AND SIX**

**TABLE OF CONTENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Page(s)**

I.      INTRODUCTION ........................................................................1

II.     BACKGROUND ..........................................................................2

III.    LEGAL STANDARD ...................................................................3

IV.     ARGUMENT ................................................................................4

    A.   The Claims of Plaintiffs Scheetz, Mena, Phaymany, and Mendoza Are
              Time-Barred ......................................................................4

        1.   Personal Injury Claims in California are Subject to a Two Year
              Statute of Limitations....................................................4

        2.   The Claims of Plaintiffs Scheetz, Mena, Phaymany, and Mendoza
              Necessarily Accrued More Than Two Years Before They Filed the
              Complaint ......................................................................5

    B.   The Complaint Fails to Adequately Allege Statutory Deceit (Fourth,
              Fifth and Sixth Causes of Action) .............................................6

        1.   Plaintiffs' Claims are Brought Pursuant to Civil Code Section
              1710, Which Does Not Create a Cause of Action for Deceit ........6

        2.   Assuming Plaintiffs Intended to Allege Civil Code Section 1709
              Claims, Such Claims Are Not Sufficiently Pled...........................7

            a. Elements of Deceit and Pleading Requirements.......................7

            b. Plaintiffs' Bare-Boned Allegations are Insufficient to Support
            Actions in Deceit.......................................................10

               i.  Element 1: Misrepresentation (false representation,
                   concealment or known disclosure)..........................10

               ii. Element 2: Knowledge of falsity (scienter).................10

i

iii. <u>Element 3</u>: Intent to Induce Reliance ...........................11

iv. <u>Element 4</u>: Actual and Justifiable Reliance.................11

v. <u>Element 5</u>: Damages.....................................................11

V.    CONCLUSION ..........................................................................12

TABLE OF CONTENTS & TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

**Page (s)**

**CASES:**

STATE (California):

*Beckwith v. Dahl,*
    205 Cal. App. 4th 1039 (2012)...............................................................8, 9

*Conroy v. Regents of University of California,*
    45 Cal. 4th 1244 (2009).........................................................................8

*G. D. Searle & Co. v. Superior Court,*
    49 Cal. App. 3d 22 (1975).....................................................................5

*Goldrich v. Natural Y Surgical Specialties, Inc.,*
    25 Cal. App. 4th 772 (1994)..................................................................5

*Mirkin v. Wasserman,*
    5 Cal. 4th 1082 (1993)..........................................................................8

*Sixta v. Ochsner,*
    187 Cal. App. 2d 485 (1960).................................................................7

*Zinn v. Ex-Cell-O Corp.,*
    148 Cal. App. 2d 56 (1957)...................................................................8


FEDERAL:

U.S. District Courts of California:

*Alejandro v. Williamson*
    2008 U.S. Dist. LEXIS 35417 (E.D. Cal. Apr. 30, 2008)............................7

*Arch Ins. Co. v. Allegiant Prof'l Bus. Servs., Inc.,*
    2012 U.S. Dist. LEXIS 56605 (C.D. Cal. Apr. 23, 2012)............................9

*Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.,*
    2010 U.S. Dist. LEXIS 20510 (N.D. Cal. Mar. 8, 2010).............................8

*///*

*City of Escondido v. General Reinsurance Corp.,*

    2019 U.S. Dist. LEXIS 218405 (S.D. Cal. Dec. 18, 2019)...........................4

*Copart, Inc. v. Sparta Consulting, Inc.,*

    2018 U.S. Dist. LEXIS 28076 (E.D. Cal. Feb. 20, 2018) ............................7

*Cutright v. Preszler,*

    2020 U.S. Dist. LEXIS 253243 (C.D. Cal. Nov. 9, 2020) ...........................5

*Dodaro v. Std. Pac. Corp.,*

    2012 U.S. Dist. LEXIS 47099 (C.D. Cal. Mar. 26, 2012) ...........................9

*Neilson v. Union Bank of Cal., N.A.,*

    290 F. Supp. 2d 1101 (C.D. Cal. 2003)....................................................4, 9

*Pac. Contours Corp. v. Fives Machining Sys.,*

    2018 U.S. Dist. LEXIS 201677 (C.D. Cal. Oct. 29, 2018) ...........................9

*Perez v. CitiMortgage, Inc.,*

    2014 U.S. Dist. LEXIS 82356 (C.D. Cal. June 10, 2014)............................4

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.,*

    117 F. Supp. 3d 1092 (C.D. Cal. 2015)......................................................9

U.S. 9th Circuit Court of Appeals:

*Cousins v. Lockyer,*

    568 F.3d 1063 (9th Cir. 2009).....................................................................3

*Freund v. Nycomed Amersham,*

    347 F.3d 752 (9th Cir. 2003).......................................................................5

*In re Gilead Scis. Sec. Litig.,*

    536 F.3d 1049 (9th Cir. 2008).....................................................................3

*Kearns v. Ford Motor Co.,*

    567 F.3d 1120 (9th Cir. 2009).....................................................................9

*Klein v. City of Beverly Hills,*

    865 F.3d 1276 (9th Cir. 2017).....................................................................5

TABLE OF CONTENTS & TABLE OF AUTHORITIES

*Neubronner v. Milken,*

    6 F.3d 666 (9th Cir. 1993) ........................................................................9

*Nevada Power Co. v. Monsanto Co.,*

    1992 U.S. App. LEXIS 6618 (9th Cir. Apr. 14, 1992) ................................5

*Sidney-Vinstein v. A.H. Robins Co.,*

    697 F.2d 880 (9th Cir. 1983) ....................................................................5

*Vess v. Ciba-Geigy Corp.,*

    317 F.3d 1097 (9th Cir. 2003) ..................................................................9


U.S. Supreme Court:

*Ashcroft v. Iqbal,*

    556 U.S. 662 (2009) ..................................................................................4

*Bell Atl. Corp. v. Twombly,*

    550 U.S. 544 (2007) .............................................................................3, 11

*Gasperini v. Center for Humanities, Inc.,*

    518 U.S. 415 (1996) ..................................................................................5


**STATUTES:**

STATE (California):

Cal. Code Civ. P. § 335.1 ........................................................................5

Cal. Civil Code § 1709 ....................................................................6, 7, 8, 9

Cal. Civil Code § 1710 ......................................................................6, 7, 9

Cal. Civil Code § 1710(1) ........................................................................6

Cal. Civil Code § 1710(2) ........................................................................6

Cal. Civil Code § 1710(3) ........................................................................6

Cal. Civil Code § 1710(4) ........................................................................7

///

///

1    <u>FEDERAL:</u>

2    Fed. R. Civ. P. 9(b) ............................................................................4, 9

3    Fed. R. Civ. P. 12(b)(6) ...................................................................1, 3, 4,

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS & TABLE OF AUTHORITIES

1                     **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.    INTRODUCTION**

3        The Plaintiffs in this action are seven (7) individuals currently or formerly

4 detained at the Adelanto Detention Center (the "Facility"). (Complaint, ¶ 1.)

5 Plaintiffs purport to bring this lawsuit on behalf of themselves and more than 1,300

6 other current or former detainees who allegedly were harmed by exposure to a

7 chemical called HDQ Neutral, which was used as a cleaning disinfectant at the

8 Facility. (*Id.*, ¶¶ 1, 7.) Plaintiffs seek to certify a class of individuals detained at the

9 Facility between February 2020 and April 2021, which Plaintiffs allege "is the

10 period of time in which Defendant GEO recklessly sprayed HDQ Neutral and

11 continuously exposed the Detained Class to the harmful chemical mixture." (*Id.*, ¶

12 17.) Plaintiffs assert six (6) Causes of Action under California law for statutory

13 negligence, battery, premises liability, and statutory deceit alleging personal injury

14 damages, punitive damages, medical monitoring, attorneys' fees, and declaratory

15 relief.

16        GEO brings this Motion to Dismiss because Plaintiffs fail to state claims upon

17 which relief can be granted. First, the applicable statute of limitations under

18 California law for personal injury claims is two years from the date of injury. The

19 Complaint alleges four of the seven named Plaintiffs were released from the Facility

20 no later than October 2020. Therefore, the last date of any alleged exposure to HDQ

21 Neutral at the Facility for these particular Plaintiffs was more than two years before

22 the Complaint was filed on March 20, 2023. The Complaint does not allege any basis

23 for the tolling of these claims and, accordingly, they are time-barred. A motion to

24 dismiss based on a statute of limitations affirmative defense pursuant to Rule

25 12(b)(6) is proper when the defense appears on the face of the complaint, which is

26 the case here.

27        Second, Plaintiffs' Causes of Action for statutory deceit are insufficiently pled

28 because the Complaint fails to adequately plead each essential element of those

claims and because such claims are not pled with the specificity and particularity required for causes of action sounding in fraud.

For these reasons, all causes of action asserted by Plaintiffs Sheetz, Mena, Phaymany and Mendoza must be dismissed, and all causes of action for deceit (Fourth, Fifth and Sixth Causes of Action) on behalf of all Plaintiffs must be dismissed.

## II.   BACKGROUND

Plaintiffs allege the following relevant background facts.

GEO is a private company that manages and operates the Immigration and Customs Enforcement ("ICE") detention and processing facility in Adelanto, California. (Complaint, ¶¶ 3, 29.) Plaintiffs and the putative Class are or were "civil immigration detainees" held at the Facility pending the outcome of their immigration proceedings. (*Id.*, ¶ 30.) Plaintiffs include two individuals currently detained at the Facility and five individuals who are former Facility detainees. (*See id.*, ¶¶ 22-28.)

GEO used a chemical called HDQ Neutral as a cleaning disinfectant before the COVID-19 pandemic started. (Complaint, ¶ 7.) In February 2020, GEO significantly changed the manner and increased the frequency of its use of HDQ Neutral. (*Id.*) Plaintiffs allege GEO improperly used HDQ Neutral and exposed them until April 2021. (*See, e.g., id.*, ¶ 1, 17.) Plaintiffs allege that they and other detainees experienced various acute symptoms and personal injuries due to "months-long exposure to HDQ Neutral." (*Id.*, ¶ 9.)

Plaintiffs also allege they suffered personal injuries as a result of certain misrepresentations and omissions by GEO. In support of their Fourth, Fifth, and Sixth Causes of Action for statutory deceit, Plaintiffs generally allege that GEO "concealed and suppressed its improper use of HDQ Neutral indoors on or around Plaintiffs" and members of the putative class, "its improper dilution of HDQ Neutral" at the Facility, and "its failure to provide the required [Personal Protective Equipment] for use of HDQ Neutral." (Complaint, ¶¶ 287-289.) Plaintiffs further

2

generally allege GEO "made false and material representations to Plaintiffs" and members of the putative class "that HDQ Neutral was for COVID safety, that HDQ was not causing their health issues, and regarding [GEO's] lack of available alternative products." (*Id*., ¶ 300.) In support of their negligent misrepresentation claim, Plaintiffs allege "GEO made false and material misrepresentations to Plaintiffs" and members of the putative class "regarding the use of HDQ Neutral at" the Facility. (*Id*., ¶ 310.) Plaintiffs claim that as a result of the misrepresentations and omissions, Plaintiffs and members of the putative class "suffered and continue to suffer physical injuries." (*Id*., ¶¶ 294, 304, 314.) Plaintiffs also allege they "suffer and continue to suffer fear, anxiety, depression, claustrophobia, and/or other emotional distress." (*Id*., ¶¶ 295, 305, 315.)

## III.  LEGAL STANDARD

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To defeat a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation and internal quotations omitted); *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (the court need not "accept as true . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. When addressing a Rule 12(b)(6) motion, a court rejects "threadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When the allegations do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the plaintiff is entitled to relief. *Id.* at 678-79 (explaining that the "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully," and where a claim pleads facts that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility") (internal quotations omitted).

In other words, a Rule 12(b)(6) dismissal is proper "where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1111 (C.D. Cal. 2003). Furthermore, allegations of fraud or concealment must satisfy a heightened pleading requirement and be pled with particularity. Fed. R. Civ. P. 9(b); *City of Escondido v. General Reinsurance Corp.*, 2019 U.S. Dist. LEXIS 218405, *32 (S.D. Cal. Dec. 18, 2019).

## IV.   ARGUMENT

### A.   The Claims of Plaintiffs Scheetz, Mena, Phaymany, and Mendoza Are Time-Barred[1]

#### 1.   Personal Injury Claims in California are Subject to a Two Year Statute of Limitations

Each Plaintiff asserts six (6) state law causes of action under theories of statutory negligence, battery, premises liability, and statutory deceit, all of which are premised on claims of personal injuries allegedly due to exposure to HDQ Neutral at the Facility. (*See generally*, Complaint, pp. 23-39.) "California has a two-year

---

[1] "A defendant is permitted to raise a statute of limitations argument in a 12(b)(6) motion[,] provided the basis for the argument appears on the face of the complaint and any materials the court is permitted to take judicial notice of." *Perez v. CitiMortgage, Inc.*, 2014 U.S. Dist. LEXIS 82356, *7-8 (C.D. Cal. June 10, 2014).

statute of limitations for personal injury actions."[2] *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (citing Cal. Code Civ. P. § 335.1, which provides: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another.").[3]

"Generally, a personal injury claim accrues[,] and the period of limitations commences when a wrongful act takes place." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 882 n.1 (9th Cir. 1983) (quoting *G. D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22, 25 (1975)). Under California law, therefore, a personal injury action "accrues on the date of the injury" and must be brought within two years from that date unless there is some basis to toll the statute of limitations. *Goldrich v. Natural Y Surgical Specialties, Inc.*, 25 Cal. App. 4th 772, 779 (1994).

> ### 2. The Claims of Plaintiffs Scheetz, Mena, Phaymany, and Mendoza Necessarily Accrued More Than Two Years Before They Filed the Complaint

Plaintiffs filed their Complaint on March 20, 2023. (ECF Doc. 1.) Therefore, absent some basis for tolling the statute of limitations, claims arising out of alleged injury that occurred prior to March 20, 2021 are time-barred.

Mr. Phaymany was detained at the Facility until April 2020 (Complaint, ¶ 217), Ms. Scheetz was detained until August 2020 (*id.*, ¶ 161), Mr. Mena was

---

[2] Under the *Erie* rule, "federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (quoting *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). "Specifically, federal courts exercising diversity jurisdiction are to use state statutes of limitation." *Nevada Power Co. v. Monsanto Co.*, 1992 U.S. App. LEXIS 6618, *5 (9th Cir. Apr. 14, 1992).

[3] Plaintiffs' first three Causes of Action for statutory negligence, battery, and premises liability clearly are subject to a 2-year statute of limitations under Code of Civil Procedure section 335.1. Although Plaintiffs allege that they were subject to fraud and deceit, they still are claiming damages in the form of personal injury for those claims "and thus the applicable statute of limitations is two years, in accordance with California's statute of limitations for personal injury actions." *Cutright v. Preszler*, 2020 U.S. Dist. LEXIS 253243, *31 (C.D. Cal. Nov. 9, 2020) (granting motion to dismiss as to deceit claims based on two-year statute of limitations).

detained through September 2020 (*id.*, ¶ 207), and Ms. Mendoza was detained until October 2020 (*id.*, ¶ 228). Accordingly, the personal injury claims for these four named Plaintiffs necessarily accrued under California law upon their release from the Facility (*i.e.*, when any alleged exposure necessarily ceased), which was more than two years before the Complaint was filed.

The Complaint does not allege any basis for why the two-year statute of limitations was not triggered upon the release of these Plaintiffs or any basis for why the accrual of their claims should be tolled. All causes of action for Plaintiffs Scheetz, Mena, Phaymany, and Mendoza, therefore, are necessarily time-barred by the applicable two-year statute of limitations and must be dismissed.

### B. The Complaint Fails to Adequately Allege Statutory Deceit (Fourth, Fifth and Sixth Causes of Action)

Plaintiffs rely on California Civil Code section 1710 as the basis for their deceit claims. That section, however, merely provides definitions of "deceit" that apply to actions brought for deceit pursuant to Civil Code section 1709. To the extent Plaintiffs intended to rely on Civil Code section 1709 as the legal basis for their deceit claims, they failed to plead all necessary elements of such claims and to plead them with the required level of specificity.

#### 1. Plaintiffs' Claims are Brought Pursuant to Civil Code Section 1710, Which Does Not Create a Cause of Action for Deceit

Plaintiffs' Fourth ("Concealment"), Fifth ("Intentional Misrepresentation"), and Sixth ("Negligent Misrepresentation") Causes of Action are each brought pursuant to Civil Code section 1710. (*See* Complaint, pp. 47-51.) Section 1710 sets forth the statutory definition for "fraudulent deceit," which includes four kinds of deceit: intentional misrepresentation (Cal. Civ. Code § 1710(1)); negligent misrepresentation (§ 1710(2)); concealment (§ 1710(3)); and false promise (§

1710(4)).[4] Plaintiffs assert causes of action under the first three types of statutory deceit.

Section 1710 does not establish a cause of action for fraud or deceit, it merely defines "deceit" for purposes of section 1709. "[U]nder Civil Code § 1709 there is a cause of action for 'fraudulent deceit.'" *See Copart, Inc. v. Sparta Consulting, Inc.*, 2018 U.S. Dist. LEXIS 28076, *9 (E.D. Cal. Feb. 20, 2018) ("Section 1710 defines deceit for [Civil Code] section 1709, which establishes a cause of action for 'fraudulent deceit.'") Plaintiffs do not assert any claims pursuant to section 1709. Accordingly, the Complaint fails to allege a proper cause of action for fraud or deceit[5] under the Fourth, Fifth, and Sixth Causes of Action.

### 2. Assuming Plaintiffs Intended to Allege Civil Code Section 1709 Claims, Such Claims Are Not Sufficiently Pled

To the extent Plaintiffs intended to assert deceit claims pursuant to Civil Code section 1709, they failed to properly plead the elements necessary to maintain their Fourth, Fifth, and Sixth Causes of Action.

### a. Elements of Deceit and Pleading Requirements

Section 1709 provides: "One who willfully deceives another with intent to

---

[4] Specifically, Civil Code section 1710 provides:

**"§ 1710. What constitutes deceit**

A deceit, within the meaning of the last section, is either:

1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;
3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,
4. A promise, made without any intention of performing it."

[5] "California courts have consistently used the words fraud and deceit interchangeably." *Alejandro v. Williamson* 2008 U.S. Dist. LEXIS 35417, *1, 37 (E.D. Cal. Apr. 30, 2008) (quoting *Sixta v. Ochsner*, 187 Cal.App.2d 485, 490 (1960)).

7

induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." A cause of action under Section 1709 is not purely statutory but is a mixture of statutory and common law. *Mirkin v. Wasse*rman, 5 Cal. 4th 1082, 1092 (1993).

"[T]o state a claim for fraudulent deceit, one must allege: '(1) **misrepresentation (false representation, concealment or known disclosure)**; (2) **knowledge of falsity (scienter)**; (3) **intent to induce reliance**; (4) **justifiable reliance**; and (5) **resulting damage**.'" *Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.*, 2010 U.S. Dist. LEXIS 20510, *6 (N.D. Cal. Mar. 8, 2010) (emphasis added) (citing *Zinn v. Ex-Cell-O Corp.*, 148 Cal. App. 2d 56, 68 (1957)); *see also Conroy v. Regents of University of California*, 45 Cal. 4th 1244, 1255 (2009) (reciting same elements of fraud giving rise to the tort of deceit). "The tort of negligent misrepresentation, a species of the tort of deceit, does not require intent to defraud but only the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true." *Conroy*, 45 Cal. 4th at 1255.

The above elements require that a plaintiff asserting claims for deceit must establish causation, which involves three distinct elements: (1) **actual reliance**,  (2) **damage resulting from such reliance**, and (3) **a right to rely, or justifiable reliance**. *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1062 (2012). Actual reliance exists when "a misrepresentation is 'an immediate cause of [a plaintiff's] conduct, which alters his legal relations,' and when, 'absent such representation, the plaintiff would not, in all reasonable probability, have entered into the contract or other transaction.'" *Id.* (citations omitted). Resulting damages exist when the harm to the plaintiff asserting fraud was caused by the actions he or she took in reliance on the defendant's misrepresentations. *Id.* at 1064. If the plaintiff would have suffered the alleged damage even in the absence of the fraudulent inducement, causation cannot be alleged and the cause of action for deceit cannot be sustained. *Id.* Finally, a plaintiff must allege facts showing that the actual inducement of plaintiff was

8

1  justifiable or reasonable. *Id.* at 1066.

2      Federal Rule of Civil Procedure 9(b) requires that Plaintiffs' actions in deceit

3  be pled with particularity. *See Dodaro v. Std. Pac. Corp.*, 2012 U.S. Dist. LEXIS

4  47099, *39 n.8 (C.D. Cal. Mar. 26, 2012) ("Sections 1709 and 1710 create liability

5  for the act of 'fraudulent deceit,' unquestionably a species of fraud to which Rule

6  9(b) applies.").[6] Conclusory allegations are insufficient. *Neilson*, *supra*, 290 F. Supp.

7  at 1141 (citing Fed. R. Civ. Proc. 9(b)). "'Averments of fraud must be accompanied

8  by "***the who, what, when, where, and how***" of the misconduct charged.' A party

9  alleging fraud must 'set forth more than the neutral facts necessary to identify the

10  transaction.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)

11  (emphasis added) (citations omitted); *see also Neubronner v. Milken*, 6 F.3d 666,

12  672 (9th Cir. 1993) ("[Rule 9(b) requires *the times, dates, places, benefits received,*

13  *and other details of the alleged fraudulent activity*.") (emphasis added).

14  Additionally, the allegation "must set forth what is false or misleading about a

15  statement, and why it is false." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th

16  Cir. 2003).

17      Moreover, "[w]hen fraud is alleged against a corporation, Rule 9(b) requires

18  the plaintiff 'to allege the ***names of the employees or agents*** of the corporation who

19  purportedly made the fraudulent representations or omissions, or at a minimum,

20  identify them by their ***titles and/or job responsibilities***,' as well as the ***individuals'***

21  ***authority to speak***." *Pac. Contours Corp. v. Fives Machining Sys.*, 2018 U.S. Dist.

22  LEXIS 201677, *10 (C.D. Cal. Oct. 29, 2018) (emphasis added) (citing *UMG*

23  *Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F. Supp. 3d 1092, 1108

24  (C.D. Cal. 2015)); *Arch Ins. Co. v. Allegiant Prof'l Bus. Servs., Inc.*, 2012 U.S. Dist.

25  LEXIS 56605, *6-7 (C.D. Cal. Apr. 23, 2012) ("The requirement of specificity in a

26  fraud action against a corporation requires the plaintiff to allege the names of the

27

28  [6] California likewise requires that each element in a cause of action for deceit must be pled with particularity. *See, e.g.*, *Beckwith*, *supra*, 205 Cal. App. 4th at 1060.

9

persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written").

### b. Plaintiffs' Bare-Boned Allegations are Insufficient to Support Actions in Deceit

None of the Plaintiffs have pled their deceit claims completely or with sufficient specificity on behalf of themselves or on behalf of members of the putative class. The Complaint improperly, and simply, alleges *some of* the legal elements of the deceit claims and the elements that are asserted are alleged in conclusory and formulaic fashion. (*See* Complaint, pp. 47-50.)

#### i. <u>Element 1</u>: Misrepresentation (false representation, concealment or known disclosure)

In support of their Fourth Cause of Action for Concealment, Plaintiffs generally allege that GEO "concealed and suppressed its improper use of HDQ Neutral indoors on or around Plaintiffs" and members of the putative class, "its improper dilution of HDQ Neutral" at the Facility, and "its failure to provide the required [Personal Protective Equipment] for use of HDQ Neutral." (Complaint, ¶¶ 287-289.) In support of their Fifth Cause of Action for Intentional Misrepresentation, Plaintiffs generally allege GEO "made false and material representations to Plaintiffs" and members of the putative class "that HDQ Neutral was for COVID safety, that HDQ was not causing their health issues, and regarding [GEO's] lack of available alternative products." (*Id.*, ¶ 300.) In support of their Sixth Cause of Action for Negligent Misrepresentation, Plaintiffs generally allege "GEO made false and material misrepresentations to Plaintiffs" and members of the putative class "regarding the use of HDQ Neutral at" the Facility. (*Id.*, ¶ 310.)

#### ii. <u>Element 2</u>: Knowledge of falsity (scienter)

Plaintiffs do not allege any scienter for the concealment claim. For the intentional misrepresentation claim, Plaintiffs simply state that GEO "knowingly made the aforementioned false and material misrepresentations. Alternatively, GEO

10

1   made the misrepresentations recklessly and without regard for their truth."
2   (Complaint, ¶ 301.) For their negligent misrepresentation claim, Plaintiffs simply
3   allege GEO made false and material representations "with no reasonable ground for
4   believing them to be true." (*Id.*, ¶ 311.)

5   ### iii.     Element 3: Intent to Induce Reliance

6       Nowhere in the Complaint do Plaintiffs assert or explain what GEO intended
7   Plaintiffs do in response to the alleged misrepresentations or concealment other than
8   to simply "rely on these misrepresentations." (Complaint, ¶¶ 302, 312.)

9   ### iv.     Element 4: Actual and Justifiable Reliance

10      Nowhere in the Complaint do Plaintiffs assert or explain what they actually
11  did in reliance on the alleged misrepresentations or concealment. Plaintiffs simply
12  state "Plaintiffs and the Detained Class would not have acted as they did if they had
13  known of the concealed and suppressed facts" (Complaint, ¶ 293), and "Plaintiffs
14  and the Detained Class reasonably relied on Defendant's misrepresentations" (*id*. ¶¶
15  303, 313). Plaintiffs fail entirely to identify any of their "acts" that resulted from
16  their reliance on the alleged misrepresentations and concealment or how such
17  reliance was justified under the circumstances.

18  ### v.     Element 5: Damages

19      Nowhere in the Complaint do Plaintiffs explain ***how*** their reliance on alleged
20  misrepresentations or concealment resulted in the personal injuries they claim they
21  suffer or have suffered. (*See* Complaint, ¶¶ 294, 304.)

22      Thus, the Complaint fails entirely to address certain elements of deceit. And,
23  where Plaintiffs do address the elements, the allegations fail to meet the *Twombly*
24  standard of alleging "more than labels and conclusions, and a formulaic recitation of
25  the elements." *Twombly,* 550 U.S. at 555. The allegations also fail to meet the higher
26  standard of pleading with particularity required by Rule 9 of the Federal Rules of
27  Civil Procedure. The allegations fail to provide the required "who, what, when,
28  where, and how," as well as other specific information necessary to properly plead

their deceit claims under Rule 9.

Significantly, Plaintiffs fail entirely to plead any facts that establish causation for fraudulent deceit, leaving unanswered: What legal relation was altered as a result of the alleged misrepresentations or concealment? How did the change in legal relation result in Plaintiffs' alleged damages? Were Plaintiffs justified in altering their [unidentified] legal relation as a result of the misrepresentations or concealment? As drafted, the Complaint improperly leaves GEO to guess the particular bases for the deceit claims.

The Complaint fails to satisfy the pleading requirements for Plaintiffs' statutory deceit claims and, accordingly, their Fourth, Fifth, and Sixth Causes of Action must be dismissed.

## V.   CONCLUSION

On its face, the Complaint establishes that Plaintiffs Miriam Scheetz, Wilfredo Gonzalez Mena, Somboon Phaymany, and Yolanda Mendoza's claims are time-barred by California's two-year statute of limitations for personal injury claims. Furthermore, the Complaint fails to adequately plead the elements of Plaintiffs' Fourth, Fifth, and Sixth Causes of Action for fraudulent deceit. Accordingly, such claims must be dismissed.

DATED:  May 12, 2023          Respectfully submitted,

EDGCOMB LAW GROUP, LLP,


By: /s/ Gabriel J. Padilla
Tiffany R. Hedgpeth
Gabriel J. Padilla
thedgpeth@edgcomb-law.com
gpadilla@edgcomb-law.com
*Attorneys for Defendant*
*The GEO Group, Inc.*