VORYS, SATER, SEYMOUR AND PEASE LLP
Cory D. Catignani (SBN 332551)
4675 MacArthur Court, Suite 700
Newport Beach, CA 92660
949-526-7904
949-526-7904 Fax
cdcatignani@vorys.com

*Attorneys for Defendant*
*Spartan Chemical Company, Inc.*

# UNITED STATES DISTRICT COURT FOR

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LIGAYA RONDUEN; CARLOS CASTILLO; MIRIAM SCHEETZ; CESAR HERNANDEZ CARRILLO; WILFREDO GONZALEZ MENA; SOMBOON PHAYMANY; and YOLANDA MENDOZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Defendant. | Case No.: 5:23-cv-00481 JGB(SHKx)<br><br>[CLASS ACTION]<br><br>**THIRD-PARTY DEFENDANT SPARTAN CHEMICAL COMPANY, INC.'S ANSWER TO THIRD-PARTY COMPLAINT**<br><br>Trial Date:      None Set<br><br>Action Filed:    March 20, 2023 |
| THE GEO GROUP, INC., a Florida corporation,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>SPARTAN CHEMICAL COMPANY, INC. and ROES 1-10,<br><br>Third-Party Defendants. | |

SPARTAN CHEMICAL COMPANY, INC.'S ANSWER TO THIRD-PARTY COMPLAINT          1

Third-Party Defendant Spartan Chemical Company, Inc. ("Spartan"), by and through its counsel, hereby answers the Third-Party Complaint of Defendant and Third-Party Plaintiff The Geo Group, Inc. ("Third-Party Plaintiff" or "GEO") as follows:

## JURISDICTION

1.      Spartan admits that this Court has subject-matter jurisdiction over this action.

## VENUE

2.      Spartan denies the allegations in paragraph 2 of the Third-Party Complaint because the proper venue for the dispute between GEO and Spartan is in the courts of Toledo, Ohio pursuant to Spartan's Conditions of Purchase Order, which is attached as Exhibit A.

## THE PARTIES

3.      Spartan denies the allegations in paragraph 3 of the Third-Party Complaint for lack of knowledge or information.

4.      Spartan admits the allegations in paragraph 4 of the Third-Party Complaint.

5.      Paragraph 5 of the Third-Party Complaint contains no allegations against Spartan and therefore requires no response.  To the extent that a response is required, Spartan denies the allegations in paragraph 5 of the Third-Party Complaint for lack of knowledge or information.

## FACTUAL ALLEGATIONS

6.      Spartan admits that on or about January 7, 2020, it executed a Statement of Work Agreement ("SOW").  Stating further, Spartan admits that GEO has attached Exhibit A to the Third-Party Complaint, but reserves the right to inspect Exhibit A attached to the Third-Party Complaint for completeness and authenticity.

/ / /
/ / /

7.    The SOW speaks for itself.  Spartan denies the allegations in paragraph 7 of the Third-Party Complaint to the extent they are inconsistent with the referenced SOW.

8.    The SOW speaks for itself.  Spartan denies the allegations in paragraph 8 of the Third-Party Complaint to the extent they are inconsistent with the referenced SOW.

9.    The SOW speaks for itself.  Spartan denies the allegations in paragraph 9 of the Third-Party Complaint to the extent they are inconsistent with the referenced SOW.

10.    The SOW speaks for itself.  Spartan denies the allegations in paragraph 10 of the Third-Party Complaint to the extent they are inconsistent with the referenced SOW.

11.    Spartan admits only that it provided certain good and services to GEO and denies the remaining allegations in paragraph 11 of the Third-Party Complaint for lack of knowledge or information.

12.    Spartan admits only that one of the disinfecting chemicals it provided GEO was HDQ Neutral and denies the remaining allegations in paragraph 12 of the Third-Party Complaint for lack of knowledge or information.

13.    Spartan admits only that it provided certain good and services to GEO and denies the remaining allegations in paragraph 13 of the Third-Party Complaint for lack of knowledge or information.

14.    Spartan denies the allegations in paragraph 14 of the Third-Party Complaint for lack of knowledge or information.

15.    Spartan denies the allegations in paragraph 15 of the Third-Party Complaint for lack of knowledge or information.

16.    Spartan denies the allegations in paragraph 16 of the Third-Party Complaint for lack of knowledge or information.

/ / /

17.     Spartan denies the allegations in paragraph 17 of the Third-Party Complaint for lack of knowledge or information.

18.     The Complaint filed in this case speaks for itself.  Spartan denies the allegations in paragraph 18 and GEO's characterization of the Complaint's allegations to the extent they are inconsistent with the Complaint.

19.     Paragraph 19 of the Third-Party Complaint contains no allegations against Spartan and therefore requires no response.  To the extent that a response is required, Spartan denies the allegations in paragraph 19 of the Third-Party Complaint for lack of knowledge or information.

20.     Spartan denies the allegations in paragraph 20 of the Third-Party Complaint.

21.     Spartan denies the allegations in paragraph 21 of the Third-Party Complaint for lack of knowledge or information.

22.     Spartan denies the allegations in paragraph 22 of the Third-Party Complaint.

23.     Spartan denies the allegations in paragraph 23 of the Third-Party Complaint.

24.     Spartan denies the allegations in paragraph 24 of the Third-Party Complaint.

## **FIRST CAUSE OF ACTION**

### **(Breach of Contract)**

### **(Against Third-Party Defendant Spartan)**

25.     In response to Paragraph 25, Spartan restates and realleges each of the above paragraphs as if fully rewritten herein.

26.     Spartan denies the allegations in paragraph 26 of the Third-Party Complaint.

/ / /

/ / /

27. Spartan denies the allegations in paragraph 27 of the Third-Party Complaint.

28. Spartan denies the allegations in paragraph 28 of the Third-Party Complaint.

29. Spartan denies the allegations in paragraph 29 of the Third-Party Complaint.

30. Spartan denies the allegations in paragraph 30 of the Third-Party Complaint.

31. Spartan denies the allegations in paragraph 31 of the Third-Party Complaint.

32. Spartan denies the allegations in paragraph 32 of the Third-Party Complaint.

## SECOND CAUSE OF ACTION

### (Negligence)

### (Against Third-Party Defendant Spartan and ROES 1-10)

33. In response to Paragraph 33, Spartan restates and realleges each of the above paragraphs as if fully rewritten herein.

34. Spartan denies the allegations in paragraph 34 of the Third-Party Complaint.

35. Spartan denies the allegations in paragraph 35 of the Third-Party Complaint for lack of knowledge or information.

36. Spartan denies the allegations in paragraph 36 of the Third-Party Complaint.

37. Spartan denies the allegations in paragraph 37 of the Third-Party Complaint.

38. Spartan denies the allegations in paragraph 38 of the Third-Party Complaint.

/ / /

39.    Spartan denies the allegations in paragraph 39 of the Third-Party Complaint.

## THIRD CAUSE OF ACTION

### (Implied Indemnity)

### (Against Third-Party Defendant Spartan and ROES 1-10)

40.    In response to Paragraph 40, Spartan restates and realleges each of the above paragraphs as if fully rewritten herein.

41.    Spartan denies the allegations in paragraph 41 of the Third-Party Complaint.

42.    Spartan denies the allegations in paragraph 42 of the Third-Party Complaint.

## FOURTH CAUSE OF ACTION

### (Equitable Indemnity)

### (Against Third-Party Defendant Spartan and ROES 1-10)

43.    In response to Paragraph 43, Spartan restates and realleges each of the above paragraphs as if fully rewritten herein.

44.    Spartan denies the allegations in paragraph 44 of the Third-Party Complaint for lack of knowledge or information.

45.    Spartan denies the allegations in paragraph 45 of the Third-Party Complaint.

46.    Spartan denies the allegations in paragraph 46 of the Third-Party Complaint.

47.    Spartan denies the allegations in paragraph 47 of the Third-Party Complaint for lack of knowledge or information.

48.    Spartan denies the allegations in paragraph 48 of the Third-Party Complaint.

/ / /
/ / /

## FIFTH CAUSE OF ACTION

### (Contribution)

### (Against Third-Party Defendant Spartan and ROES 1-10)

49.   In response to Paragraph 49, Spartan restates and realleges each of the above paragraphs as if fully rewritten herein.

50.   Spartan denies the allegations in paragraph 50 of the Third-Party Complaint.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief)

### (Against Third-Party Defendant Spartan and ROES 1-10)

51.   In response to Paragraph 51, Spartan restates and realleges each of the above paragraphs as if fully rewritten herein.

52.   Spartan denies the allegations in paragraph 52 of the Third-Party Complaint.

53.   Spartan denies the allegations in paragraph 53 of the Third-Party Complaint for lack of knowledge or information.

54.   Spartan denies the allegations in paragraph 54 of the Third-Party Complaint.

55.   Spartan denies the allegations in paragraph 55 of the Third-Party Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In addition, Spartan alleges and asserts the affirmative and other defenses set forth herein.  By pleading these defenses, Spartan does not assume the burden of proving or disproving any fact, issue, or element of a cause of action where such burden properly belongs to Third-Party Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Third-Party Plaintiff's allegations.

/ / /

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1. Neither the Third-Party Complaint nor any purported cause of action alleged therein state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Waiver, Estoppel, Unclean Hands, or Unjust Enrichment)

2. Some or all of the purported causes of action alleged in the Third-Party Complaint are barred by the doctrines of waiver, equitable estoppel, unclean hands, or unjust enrichment.

## THIRD DEFENSE

### (Economic Loss Doctrine)

3. Some or all of the purported causes of action alleged in the Third-Party Complaint are barred by the Economic Loss Doctrine.

## FOURTH DEFENSE

### (Damages not Caused by Defendant)

4. If Third-Party Plaintiff sustained any damages as a result of the conduct alleged in the Third-Party Complaint, which Spartan denies, such damages were not the result of any acts, omissions, or other conduct of Spartan.

## FIFTH DEFENSE

### (Lack of Damages)

5. Third-Party Plaintiff has not suffered any damages as a result of any actions taken by Spartan or its agents, and Third-Party Plaintiff is therefore barred from asserting any cause of action against Spartan.

/ / /

/ / /

/ / /

/ / /

## SIXTH DEFENSE

### (Failure to Mitigate Damages)

6.     If Third-Party Plaintiff suffered any damages as a result of the conduct alleged in the Third-Party Complaint, which Spartan denies, Third-Party Plaintiff is not entitled to recover the amount of damages alleged or any damages due to its failure to make reasonable efforts to mitigate or minimize the damages incurred.

## SEVENTH DEFENSE

### (Superseding/Intervening Cause)

7.     All of the alleged damages that are the subject of Third-Party Plaintiff's Third-Party Complaint are the result of intervening and/or superseding cause(s) for which Spartan is not responsible and for which it has no liability.

## EIGHTH DEFENSE

### (Lack of Enforceability)

8.     Third-Party Plaintiff's claims fail to the extent that the SOW does not constitute an enforceable contract.

## NINTH DEFENSE

### (Forum Selection Clause)

9.     All of Third-Party Plaintiff's claims are governed by Spartan's Conditions of Purchase Order which contain a forum selection clause setting courts in Toledo, Ohio as the exclusive forum.

## TENTH DEFENSE

### (Conditions Precedent)

10.     Third-Party Plaintiff cannot assert the claims in its Third-Party Complaint because of its failure to comply with all conditions precedent.

/ / /

/ / /

/ / /

## ELEVENTH DEFENSE

### (Own Acts)

11.     All of Third-Party Plaintiff's claims are barred, in whole or in part, by its own material breaches, material misrepresentation, and/or failure to properly perform.

## TWELTH DEFENSE

### (Lack of Consideration)

12.     Third-Party Plaintiff's claims are barred to the extent that the SOW is void for lacking consideration.

## THIRTEENTH DEFENSE

### (Assumption of Risk)

13.     Third-Party Plaintiff's claims are barred because it expressly and impliedly assumed all risks associated with Spartan's performance under the SOW or any related transactions, including, but not limited to, any installations, servicing, and/or training.

## FOURTEENTH DEFENSE

### (Attorneys' Fees)

14.     The Third-Party Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

## FIFTEENTH DEFENSE

### (Speculative Damages)

15.     Third-Party Plaintiff is precluded from recovering the damages alleged in the Third-Party Complaint because the damages claimed are too vague, uncertain, and speculative to permit recovery.

/ / /

/ / /

/ / /

/ / /

## SIXTEENTH DEFENSE

### (No Punitive Damages)

16.    The Third-Party Complaint and each purported cause of action alleged therein fail to allege facts sufficient to allow recovery of punitive or exemplary damages from Spartan.

## SEVENTEENTH DEFENSE

### (Claims Barred)

17.    Third-Party Plaintiff's claims are barred, in whole or in part, by Spartan's terms and conditions.

## EIGHTEENTH DEFENSE

### (Venue)

18.    Because all of Third-Party Plaintiff's claims are governed by Spartan's Conditions of Purchase Order, which contain a forum selection clause setting courts in Toledo, Ohio as the exclusive forum, Third-Party Plaintiff has brought its claims in an improper venue.

## RESERVATION OF RIGHTS

Spartan hereby gives notice that it intends to rely upon such other and further affirmative and other defenses it identifies and/or as may become available during discovery in this action, and Spartan reserves the right to amend this Answer to assert any such defenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Spartan prays for judgment as follows:

1.    That Third-Party Plaintiff take nothing by its Third-Party Complaint;

2.    That the Third-Party Complaint be dismissed;

3.    That judgment be entered in favor of Spartan;

/ / /
/ / /

4.     That costs of suit and attorney fees incurred herein be awarded to Spartan and against Third-Party Plaintiff; and

5.     That the Court award Spartan such other and further relief as the Court deems just and proper.

Dated:  October 13, 2023          VORYS, SATER, SEYMOUR AND PEASE LLP


By:   */s/ Cory D. Catignani*
Cory D. Catignani
Attorneys for Third-Party Defendant
Spartan Chemical Company, Inc.

# EXHIBIT A

# Spartan Chemical Company, Inc.

### CONDITIONS OF PURCHASE ORDER

1. ACCEPTANCE. This Purchase Order must be accepted in writing promptly and is HEREBY EXPRESSLY LIMITED TO THE TERMS HEREIN INCLUDING THOSE SET FORTH ON THE REVERSE SIDE, or in any document attached hereto, or incorporated by reference herein. No other terms or conditions altering this Purchase Order shall be binding upon the Purchaser unless consented to in writing signed by an authorized agent of Purchaser. PURCHASER HEREBY GIVES NOTICE OF OBJECTION TO ANY TERMS SET FORTH IN ANY OTHER WRITING WHICH ARE IN ADDITION TO OR DIFFERENT THAN THE TERMS SET FORTH HEREIN. Any delivery made in accordance with this Purchase Order shall also constitute an acceptance hereof.

2. DELIVERIES. It is of the essence of this Purchase Order that deliveries be made both in quantities and at times specified herein or in schedules furnished by Purchaser. Purchaser will have no liability for payment of items or materials delivered to Purchaser which are in excess of quantities so specified if Seller's deliveries fail to meet schedule. Purchaser, without limiting its other rights or remedies, may direct expedited routing and any excess costs incurred thereby shall be charged to Seller's account. Goods which are delivered in advance of schedule may, at the Purchaser's option, either: (1) Be returned at Seller's round trip expense for proper delivery; (2) Have payment therefore withheld by Purchaser until the date that the goods are actually scheduled for delivery; or (3) Be placed in storage for Seller's account until delivery date specified herein. Purchaser reserves the right to route all shipments. Any deviation from the specified route which results in excess transportation charges, delays or claims, will be at the expense of Seller.

3. INSPECTION, REJECTIONS, REVOCATION OF ACCEPTANCE AND RETURN. All material shall be received subject to Purchaser's right of inspection, rejection, revocation of acceptance, and warranty remedies. Nonconforming material or material not in accordance with Purchaser's specifications will be held for Seller's instruction and at Seller's risk, and if Seller so directs, will be returned to Seller at Seller's expense. No goods returned as nonconforming shall be replaced without a new order and shipping schedule. Payment for material covered by this Purchase Order prior to inspection shall not constitute an acceptance thereof, nor will acceptance remove Seller's responsibilities for nonconformities, latent defects or for fulfillment of its warranties. Upon failure of Seller to direct disposition of nonconforming goods, Purchaser may dispose of the same by its option in any manner provided by law. Goods which have been delivered and rejected or revoked, may be returned at Seller's round trip expense to Seller for reimbursement, credit, replacement or correction as Purchaser may direct or may be corrected and/or replaced by Purchaser with cost of correction or replacement at the expense of the Seller. Purchaser may at its option inspect the goods ordered hereunder at the Seller's place of manufacture and Seller agrees to cooperate with Purchaser in connection therewith. Final inspection and acceptance, rejection, or revocation of the material covered hereby shall nevertheless be at the place of destination, unless otherwise agreed. Seller hereby commits to accept products for return for credit less a reasonable restocking and handling fee, anytime within one year from their delivery upon notice from Purchaser that the products are no longer needed and provided that the products remain in their original unopened containers and are not damaged or are suitable for resale. Upon notice to the Seller, Seller will pick up the products at the Purchaser's location to which they were originally delivered within thirty days.

4. CHANGES. Purchaser reserves the right to make changes within the scope of the Purchase Order at any time in drawings and specifications, methods of shipment, packaging, performance or places of delivery. Any increase or decrease in price or time for performance resulting from such changes shall be equitably adjusted in writing provided however, that Seller shall not be entitled to any adjustment in compensation or required performance as a result of any such change unless a claim is submitted to and approved by Purchaser in writing prior to the time Seller proceeds with the change. Upon failure to agree on any claim for equitable adjustment under this clause, Seller may thereupon pursue any remedy which it may have in a Court of competent jurisdiction, but pending the resolution of any such action, Seller shall diligently pursue the performance of the order as changed if so requested by Purchaser.

5. WARRANTY. Seller by accepting this Purchase Order, expressly warrants, in addition to any warranties implied by law, that all material and work covered by this order will conform to the specifications, drawings, samples or other descriptions furnished or specified by the Purchaser and will be of good material and workmanship free from defects and of good and merchantable quality and are known to the Seller. This warranty shall run to the Purchaser and its customers and users. Any material not conforming to this warranty, when discovered, may be treated by Purchaser at its option in the same fashion as rejected and revoked

materials under Section 3. Seller will indemnify Purchaser against all loss or damage or injuries, including all attorney fees, incurred by Purchaser resulting from breach of the foregoing warranty.

6. PACKING ETC. Unless otherwise specified herein, no charge shall be made to Purchaser for boxing, crating, packing, palletizing or storage of the articles covered by this Purchase Order. All items covered by this Purchase Order shall be packed in accordance with good commercial practice to assure against damage from weather, storage, handling and/or transportation and Seller shall be liable for damage to materials or articles described herein caused by improper boxing, crating, packing, or palletizing.

7. TAXES AND DUTIES. Except as otherwise noted on the face of this Purchase Order, the price of any item includes all applicable federal, state and local taxes, import and other duties in effect on the Purchase Order date. In case of new taxes or increased rates, the repeal of taxes, or reduction of rates, Purchase Order price shall be adjusted accordingly.

8. INDEMNIFICATION. Seller agrees to defend, indemnify and hold harmless Purchaser, its successors, assigns, customers, affiliates, employees, agents, and users (collectively, the "Indemnified Parties"), from and against any and all claims, liabilities, losses, fines, penalties, damages and expenses (including reasonable attorneys' fees and court costs) which the Indemnified Parties may sustain or incur as a result of any claim of damage, loss, injury or death to any person or entity or property of any person or entity relating to or resulting from (i) the goods; (ii) claimed infringement of any patent, trademark, trade secret, copyright, or other proprietary right of any other party arising out of the use, sale, importation, distribution, reproduction or licensing of the goods; or (iii) any other act or omission of Seller or its subcontractors related to this Purchase Order.

9. PURCHASER'S PROPERTY. Unless otherwise agreed in writing, all tools, equipment, plans, blueprints or material of every description furnished to Seller by Purchaser or specifically paid for by Purchaser shall be and remain the personal property of Purchaser and Seller shall not utilize such property in any manner except in filling Purchaser's Orders. The Seller assumes all liability for loss or damage to such property while in its possession and for Seller's failure to return all such property to Purchaser promptly upon its request. Seller at its own expense shall maintain and redeliver to Purchaser when required said property in the same condition as originally received by Seller, reasonable wear and tear excepted, all at Seller's expense.

10. COMPLIANCE WITH LAWS. In fulfilling the terms of this Purchase Order, Seller shall comply with all applicable Executive Orders, federal, state, and local laws, rules, regulations, and ordinances and specifically agrees to comply with all applicable provisions of Sections 6, 7, and 12 of the Fair Labor Standards Act, as amended and, of regulations and orders of the United States Department of Labor issued under Section 14 thereof. Seller further warrants and agrees to complete and sign the Purchaser's Regulatory Compliance Questionnaire for all goods sold under this Purchase Order, if applicable. Seller is solely responsible for ensuring the statements set forth therein are correct and complete at all times.

11. PROPOSITION 65. To the extent applicable to Seller's goods provided hereunder, Seller shall label all Seller's goods with warnings in compliance with the California Safe Drinking Water and Toxic Enforcement Act of 1986 (the "Act") and any subsequent amendments thereto. Any such warnings shall comply with the Act's safe harbor warning regulations, California Code of Regulations, title 27, Sections 25601 et seq., as they may be amended from time to time. Seller shall provide written notification to Purchaser, twelve (12) months prior to the shipment of labeled goods, which identifies the goods that must be labeled and the specifics of such labeling requirements as implemented by Seller. Furthermore, Seller acknowledges and agrees that Purchaser will not accept notifications and/or warning materials which attempts to shift the responsibility to Purchaser for providing product warnings under the Act.

12. RECALL. If any regulatory or other agency issues an order requiring Seller to recall, replace, repair, or make refunds with respect to all or part of any goods (a "Recall"), Seller shall: (i) provide prompt notice of the Recall to Purchaser; (ii) at its own expense, comply with all laws affecting the Recall and reasonable instructions from Purchaser concerning the manner of conducting the Recall; and (iii) indemnify Purchaser for its costs and expenses associated with the Recall, including without limit court costs and attorneys' fees. If Seller learns (whether through other customers or otherwise) of a quality or safety problem with respect to any of Seller's goods being purchased under this Purchase Order, Seller immediately shall notify Purchaser concerning such

1

## EXHIBIT A

# Spartan Chemical Company, Inc.

### CONDITIONS OF PURCHASE ORDER

problem. If either Seller or Purchaser determines, in its reasonable discretion, that a Recall is warranted without regard to any official proceedings (a "Voluntary Recall"), Seller shall assume all costs and expenses of such Voluntary Recall and shall indemnify Purchaser as set forth herein.

13. **INSOLVENCY.** Purchaser shall have the right to cancel and terminate this contract forthwith upon the happening of any one or more of the following events: (1) Seller's insolvency or commission of an act of bankruptcy, (2) Filing of a voluntary or involuntary Petition in Bankruptcy by or against the Seller, (3) Execution by the Seller of an assignment for the benefit of creditors, (4) Appointment of a receiver or trustee for the Seller by any Court of competent jurisdiction, or (5) If, at any time in the reasonable judgment of the Purchaser, the Seller's financial condition shall be such as to endanger its performance hereunder. The acceptance of goods or performances after the occurrences of any of the above events shall not waive Purchaser's right to cancel and terminate this Purchase Order, nor shall cancellation hereunder waive the Purchaser's right to any damages to which the Purchaser is otherwise entitled.

14. **PATENTS, COPYRIGHTS OR TRADEMARKS.** Seller will exonerate, indemnify and hold harmless the Purchaser from and against any and all liability, damage, cost or expense which may accrue to or be sustained by Purchaser on account of any claim, suit or action made or threatened to be brought against Purchaser or its customers for actual or alleged infringement by Seller of any patent, copyrights, or trademarks by reason of the manufacture of goods covered by this Purchase Order by Seller, the resale thereof by Purchaser, or use of said goods covered by this Purchase Order by Purchaser, the resale thereof by Purchaser, or use of said goods or any part thereof for a purpose known to Seller, and Seller, at Purchaser's request, will defend, at Seller's expense any such claim, suit, or action.

15. **DEFAULT AND CANCELLATION.** Purchaser may at its election, by delivery to Seller of written notice of termination, cancel this Purchase Order or any part hereof if Seller: (1) Fails to perform in accordance with the performance schedule specified in this Purchase Order; or (2) Fails to comply with any of the provisions of this Purchase Order and does not cure such failure so to comply within a period of ten days after notice thereof sent to it by Purchaser or such longer period as Purchaser may authorize in writing. In the event of any such failure to cure by Seller, Purchaser may purchase comparable goods and/or services elsewhere and may, at the Purchaser's option, cancel the Purchase Order in question. Seller shall not be liable for failure to perform in accordance with said performance schedule when such failure is due to causes beyond the control and without the fault or negligence of Seller, provided Seller has exercised due diligence in promptly notifying Purchaser in writing of the existence of such cause or causes. Purchaser shall not be liable to Seller in any respect resulting from cancellation of the order covered hereby or any part thereof pursuant to the provisions of this Section, except for the payment of the contract price for materials furnished prior to notice of cancellation.

16. **LIMITATION OF LIABILITY. IN NO EVENT WILL PURCHASER BE LIABLE TO SELLER FOR ANY SPECIAL, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES REGARDLESS OF THE LEGAL THEORY ON WHICH ANY LIABILITY CLAIM IS MADE. In no event will Purchaser's liability to Seller exceed the amount due under the applicable Purchase Order for the goods.**

17. **TERMINATION.** Seller acknowledges that Purchaser is ordering the materials and performance covered hereby for use in a project for which it has contracted. Purchaser shall have the right to cancel this Purchase Order or any portion thereof in the following events: (1) Purchaser is prevented or unreasonably delayed from performing such contract by casualty, natural disaster, war, strikes, labor disputes, an epidemic or pandemic, national defense activities, an inability to secure transportation, regulation of government authorities, or any similar cause beyond its control; (2) failure or inability of the other party to the contract with the Purchaser's resulting in discontinuance of work on said contract; (3) cancellation of or material change to said contract by the other party to the contract with the Purchaser resulting in the reduction or elimination of Purchaser's need for Seller's performance hereunder. Upon such notice of cancellation, Seller shall immediately discontinue production and shipment of undelivered materials. In the event of termination under this section, Seller shall be entitled to receive payment at the contract price for materials furnished to date of cancellation and to an equitable adjustment for actual losses properly incurred on work in progress and finished work on hand, provided however, that Seller shall not recover lost profit on materials or work not completed.

18. **RISK OF LOSS.** Regardless whether the Purchase Order

requires or authorizes the Seller to ship the goods by carrier, or provides that the goods are to be held to be delivered without being moved, or otherwise, the risk of loss shall pass to the Purchaser only upon acceptance of the goods; provided, however, where Purchaser rightfully revokes acceptance, Purchaser may, to the extent of any deficiency in Purchaser's affected insurance coverage, treat the risk of loss as having rested on the Seller from the beginning.

19. **CONFIDENTIAL INFORMATION.** Seller agrees that it will, during the term of this Purchase Order and thereafter, keep confidential and refrain from using or disclosing to others any and all confidential information, trade secrets, specifications, formulas, drawings, notes, instructions, engineering notes or technical data ("Information") supplied by Purchaser to Seller in connection with this Purchase Order. Seller agrees further that it has not acquired, nor shall acquire, any proprietary interest in any such Information and shall return all such Information to Purchaser upon the delivery of the goods to Purchaser.

20. **REMEDIES.** All remedies and damages provided herein shall be cumulative and not exclusive and are in addition to any other remedies that may be provided Purchaser by law, including but not limited to, the right of Purchaser to set off amounts payable to hereunder against any amounts otherwise owed to Purchaser by Seller. Regardless of whether goods are being sold, leased or licensed or whether services are being sold, both the Purchaser and Seller agree that the Uniform Commercial Code shall apply to the transaction and that both parties shall have all rights and remedies available to them as provided under the Uniform Commercial Code.

21. **WAIVER.** No waiver by Purchaser of any breach by Seller in the performance of the terms and conditions of this Purchase Order shall constitute a waiver of any subsequent breach. Any waiver by the Purchaser may be retracted when permitted by law.

22. **APPLICABLE LAW.** The terms and conditions herein and the agreement resulting therefrom shall be governed by the laws of the State of Ohio without reference to the laws of any other jurisdiction.

23. **VENUE.** Purchaser and Seller agree that all legal actions or proceedings arising out of or in connection with any Purchase Order or these terms and conditions shall be brought only in the state and federal courts located in Toledo, Ohio. Purchaser and Seller irrevocably submit to the exclusive jurisdiction of such courts and waive any objection to the proceedings in such courts on the grounds of venue or forum non-convenience.

24. **INTERPRETATION AND PAROL EVIDENCE.** This writing is intended by the parties as a final expression of their agreement and is intended as a complete and exclusive statement of the terms of their agreement. Furthermore, whenever a term defined by Title 13 Ohio Revised Code is used in this Purchase Order the definition obtained therein is to control.

**2**

# EXHIBIT A