SOCIAL JUSTICE LEGAL FOUNDATION
Sara Haji (SBN 330834)
shaji@socialjusticelaw.org
Vanessa M. Domenichelli (SBN 326867)
vdomenichelli@socialjusticelaw.org
Marjorie J. Menza (SBN 32512)
mmenza@socialjusticelaw.org
523 W 6th St, Suite 450
Los Angeles, California 90014
Telephone:   (213) 542-5241

HUESTON HENNIGAN LLP
John C. Hueston (SBN 164921)
jhueston@hueston.com
Ashley Artmann (SBN 319374)
aartmann@hueston.com
Selena J. Galaviz (SBN 251676)
sgalaviz@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:   (213) 788-4340
Facsimile:   (888) 775-0898

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN, et al., | Case No. ED23-cv-00481-JGB(SHKx) |
| Plaintiffs, | [CLASS ACTION] |
| vs. | **DISCOVERY MATTER** |
| THE GEO GROUP, INC., a Florida corporation, | **STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| Defendant. | District Judge: Hon. Jesus G. Bernal |
| | Magistrate Judge: Hon. Shashi H. Kewalramani |
| THE GEO GROUP, INC., a Florida corporation, | |
| Third-Party Plaintiff, | |
| vs. | |
| SPARTAN CHEMICAL COMPANY, INC. and ROES 1-10, | |
| Third-Party Defendants. | |

STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

# I.  PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure ("Federal Rules"), this Court's Local Rules, this Court's Standing Order on Discovery Disputes, the Stipulated Protective Order, and any other applicable orders and rules. Nothing in this order is intended to alter or affect any party's rights or obligations under any order by the assigned District Judge, but shall be construed instead, wherever possible, as consistent with any order by the assigned District Judge.

# II.  COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Standing Order on Discovery Disputes, the Federal Rules of Civil Procedure, and the Local Rules of this Court. The parties acknowledge that they have reviewed and shall reference the Court's Checklist for Conference of Counsel Regarding ESI during any Rule 26 conference and when seeking to resolve discovery disputes about ESI during meet-and-confer conferences.

# III.  PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

A.  All potentially relevant ESI created or generated since, or in existence at the time of, the filing of the complaint in this action will be preserved;

B.  No later than thirty (30) days after the filing of this Stipulated Order, the parties will exchange a list of (i) the types of ESI they believe the other parties should preserve, and (ii) the general job titles or description of the other parties' custodians for whom they believe ESI should be preserved. The parties shall consider the lists in good faith and will meet and confer as reasonably necessary.

STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The parties shall add or remove custodians as reasonably necessary; and

C.      The parties agree to preserve all sources of ESI, including, but not limited to, e-mail, social media content (public and private posts, comments, audio, video, and messages), digital voicemail, instant messaging, and automatically saved versions of final and draft documents, except that the parties will identify, and meet and confer regarding preservation of information from, data sources that are not reasonably accessible because of undue burden or cost pursuant to Federal Rules of Civil Procedure Rule 26(b)(2)(B), which may include relevant information but under proportionality factors should not be preserved.

## IV.     PRODUCTION FORMATS

With the exception of spreadsheets, presentation files, multi-media files and other native files that cannot be converted to image files, the parties shall produce all relevant, responsive, and non-privileged ESI as Bates-stamped, single-page 1-bit TIFF images with a DAT load file that enables the document to be uploaded and viewed using standard litigation support software in accordance with the provisions below. Unless excepted below, single page, 1-bit, black and white Group IV TIFFs should be provided, at least 300 dots per inch (dpi) for all documents. Original documentation orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Where the TIFF image is unreadable or has materially degraded quality of the original, the producing party will make reasonable efforts to provide a higher quality TIFF image or the native or original file upon request from the receiving party.

If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. For example, the parties agree to produce responsive video files, audio files, and Excel/spreadsheet files in their native format. In addition, the parties agree to produce PDF versions of files only if TIFF files are unavailable or impractical to produce. The parties agree not to degrade the searchability of documents as part of the document production process.

(a)     *Production Media*. The parties shall produce documents in an encrypted format through electronic means, such as external hard drives, secure file sharing methods (*e.g.*, FTP), or readily accessible computer or electronic media (*e.g.*, CDs, DVDs) (collectively, "Production Media"), with explicit decryption instructions. Productions shall have the following four directories: (1) IMAGES for the images; (2) DATA for the .dat and .opt files; (3) TEXT for the extracted text/OCR files; and (4) NATIVES for any native Excel, Powerpoint, multi-media, or other files that cannot be understood reasonably unless displayed in native format. The producing party shall identify: (a) the responding party's name; (b) the production date; and (c) the Bates Number range of the materials contained on the Production Media.

(b)     *Color*. The Parties shall produce documents in color if the original of the produced document is in color. Unless impracticable, color images should be produced as single page JPG files at 300dpi with JPG compression and a high-quality setting as to not degrade the original image.

(c)     *Unique IDs*. Images shall be produced using a unique file name that will be the Bates number of that page (*e.g.*, ABC000001.TIFF). The Bates number must appear on the face of the image and not obliterate, conceal, or interfere with any information from the source document. Native files shall be produced using a name that will bear the production number and any confidentiality designation (e.g., ABC000002_Confidential.xls).

(d)     *Parent-Child Relationships*. Parent-child relationships (association between an attachment and its parent document) shall be preserved. The attachment(s) shall be produced adjacent to the parent document, in terms of Bates numbers, with the first attachment being named with the next sequential number after the parent, and any additional attachment(s) sequentially numbered after that first attachment.

(e)     *Redactions*. If the Parties are redacting information from a page, they shall electronically "burn" the word "Redacted" onto the page or otherwise clearly

- 3 -
STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

indicate a redaction at or reasonably near to the location of the redaction(s). If documents that the Parties have agreed to produce in native format need to be redacted, the Parties agree to meet and confer in good faith on how to best produce the documents so that proper formatting and usability are maintained.

(f) *Confidentiality Designation*. Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order entered in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file and indicated on its corresponding TIFF placeholder.

(g) *Metadata Fields*. The Parties shall provide the system generated and metadata fields (the "Production Fields") substantially similar to those set forth in **Exhibit A**.

(h) *Native Format*. The responding party shall produce spreadsheets (*e.g.*, Excel), presentation files (*e.g.*, PowerPoint), and any other materials not readily convertible to TIFF format (*e.g.* three-dimensional design files) in native format. To the extent that they are produced in this action, audio, video, and multimedia files will be produced in native format. If a native file originally had track changes, comments, or other collaborative change features turned on, the .TIF file will display those changes in the converted image file. Native files shall be produced with a link in the NATIVEPATH field, along with extracted text (where extracted text is available) and applicable metadata fields set forth in Exhibit A. For each native file produced, the production will include a *.tiff image slipsheet indicating the production number of the native file and the confidentiality designation and stating, "File Provided Natively" (or substantially similar). Native files will be produced in a separate folder on the production media. TIFF images of e-mail messages should include the BCC line. Upon request from the receiving party that any files be produced in native format (identified by Bates number), the Parties agree to meet and confer in good faith concerning such requests. A request for such production shall

- 4 -
STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

not be unreasonably denied. The Parties agree to meet and confer regarding a protocol for use of native files at depositions, hearings, or trial.

(i)     *Text Files*. For each produced document, a document-level text file shall be provided in addition to the image files (TIFFs). The text of native files should be extracted directly from the native file and each text file will be named using its corresponding beginning bates number (*e.g.*, ABC000001.TXT). For ESI with redacted text, a commercially acceptable technology for Optical Character Recognition ("OCR") shall be used for all scanned, hard copy documents with redactions.

(j)     *Physical/Hard Copy Documents*. Nothing herein shall relieve the parties of any obligations they may have to search for responsive Documents in hard copy form. The parties shall produce documents that exist solely in physical hard-copy format following this ESI Stipulation. The metadata shall indicate document breaks and identify the custodian or non-person custodial source from whom/where the document was collected. The documents should be logically unitized using reasonable best efforts. The ".tiff" files shall be subject to an OCR process. The OCR software should maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process. The parties will meet and confer to address instances of undue burden and will work to negotiate an appropriate solution.

(k)     *Databases and Other Structured Data*. The parties shall meet and confer regarding the production format and scope of data contained in enterprise database or database management system (*e.g.*, Oracle, SQL server, DB2), including the types of information stored in the database(s), the types of reports that can be generated from or for the data, whether there are existing and reasonably available reports that include the information, and whether the receiving party will need any information in native form in order to ensure that any information produced is reasonably usable by the receiving party and that its production does not impose an undue burden. To

- 5 -

STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

avoid doubt, information will be considered reasonably usable when produced in CSV format, tab-delimited text format, Microsoft Excel format, or Microsoft Access format.

(l)     *Duplicates*. The responding party may use software to identify duplicate documents that are in files of individual or multiple Production Custodians. To the extent there are duplicate documents, the responding party need only produce a single copy of a responsive document, unless the requesting party reasonably requests the duplicate document for a legitimate reason. Removal of duplicate documents should only be done on exact duplicate documents (based on MD5 or SHA-1 hash values, at the family level only). Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. De-duplication should be done across the entire collection (i.e., global level) only if practicable and the CUSTODIAN fields should list each custodian separated by a semicolon. To accommodate for rolling productions, for ESI that is removed as a duplicate from earlier productions, the producing party should provide an overlay file along with or within a reasonable time after each production.

(m)     *Email Threading*. Where multiple email messages are part of a single chain or "thread," a party is only required to produce the most inclusive message ("Last In Time Email") and need not produce earlier, less inclusive email messages or "thread members" that are fully contained, including attachments and including identical senders and recipients, within the Last In Time Email. Only email messages for which the parent document and all attachments are contained in the Last In Time Email will be considered less inclusive email messages that need not be produced.

**V.     PHASED DISCOVERY**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

## VI.   DOCUMENTS PROTECTED FROM DISCOVERY

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise unintentional, is not a waiver of privilege or protection from discovery as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this case or in any other federal or state legal, administrative, or other proceeding, if a request for the return of the privileged or protected material is made promptly after the producing party learns of its production. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state legal, administrative, or other proceeding. Nothing contained herein, however, is intended to limit a party's right to conduct a review of ESI for relevance, responsiveness and/or privilege or other protection from discovery. The parties intend that this Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this Action shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state legal, administrative, or other proceeding, regardless of the standard of care or specific steps taken to prevent disclosure, provided that the producing party requests the return of the privileged or protected material promptly after learning of its disclosure.

> A.    Accordingly, the parties have agreed to a clawback agreement, and good cause appearing therefore, the Court hereby orders as follows:
>
> > i.    For purposes of this Clawback Agreement, an "Inadvertently Produced Document" is a document produced to a party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.

STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

ii. Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind, provided that the producing party requests the return of the privileged or protected material promptly after learning of its disclosure.

iii. A producing party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document.

iv. Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving party shall immediately sequester the Inadvertently Produced Document (and any copies thereof), and confirm the same to the producing party.

v. Within three (3) business days of the demand for the Inadvertently Produced Document, the producing party shall provide the receiving party with a privilege log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

vi. Within three (3) business days of receiving a privilege log, the receiving party will either (a) delete all copies of the Inadvertently Produced Document in its possession from its files, return or destroy all hard copies of such documents, destroy all notes or other

- 8 -
STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

work product that reflect them and the information contained therein, shall not use or disclose the documents or the information contained therein in any way, and shall certify to the producing party that the document(s) and copies have been destroyed; or (b) will continue to sequester those copies and provide written notice to the producing party's counsel of an objection to the claim of privilege or protection.

vii. Any such objection shall be resolved by the Court after an *in camera* review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

viii. No part of this process will prevent the receiving party from preparing a record for its own use containing the date, author, addresses, or other non-content metadata of the Inadvertently Produced Document that may be reasonably necessary to identify the Inadvertently Produced Document and describe its nature to the Court in a motion.

B. The parties agree that for every document withheld on the basis of privilege, other than those discussed in section VI.C., below, the parties will promptly prepare and provide a privilege log. The privilege log should contain the categories or fields of information identified in **Exhibit B** hereto, to the extent available, unless otherwise agreed in writing or pursuant to a court order.

//

//

//

//

//

STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

C.     Communications between a party and its counsel in this action that post-date the filing of the complaint in this matter, or work product generated by counsel in this action generated after the filing of the complaint, need not be placed on a privilege log. The parties reserve the right to revisit this provision and request a log if it appears that any party is using attorneys to improperly shield relevant communications.

## VII.   MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties with or without good cause shown or by the Court for good cause shown.

**IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

Dated: April 3, 2024               SOCIAL JUSTICE LEGAL FOUNDATION

By: */s/ Sara Haji*
Sara Haji
Vanessa M. Domenichelli

*Attorneys for Plaintiffs*

Dated: April 3, 2024               HUESTON HENNIGAN LLP

By: */s/ Ashley Artmann*
John C. Hueston
Ashley Artmann
Selena J. Galaviz

*Attorneys for Plaintiffs*

STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Dated: April 3, 2024                    EDGCOMB LAW GROUP, LLP


                                        By: */s/ Gabriel J. Padilla*
                                        Tiffany R. Hedgpeth
                                        Gabriel J. Padilla
                                        thedgpeth@edgcomb-law.com
                                        gpadilla@edgcomb-law.com

                                        *Attorneys for Defendant and Third-Party*
                                        *Plaintiff The GEO Group, Inc.*


Dated: April 3, 2024                    PIERSON FERDINAND LLP


                                        By: */s/ David D. Mesa*
                                        David D. Mesa
                                        david.mesa@pierferd.com

                                        *Attorneys for Third-Party Defendant*
                                        *Spartan Chemical Company, Inc.*

- 11 -
STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

## <u>EXHIBIT A</u>

Production Fields

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| BEGDOC | Bates number assigned to the first page of the document. |
| ENDDOC | Bates number assigned to the last page of the document. |
| BEGATTACH | Bates number assigned to the first page of the parent document in a document family (i.e., should be the same as BEGDOC of the parent document, or PARENTDOC). |
| ENDATTACH | Bates number assigned to the last page of the last child document in a document family (i.e., should be the same as ENDDOC of the last child document). |
| PARENTDOC | BEGDOC of parent document. |
| CHILDDOCS | List of BEGDOCs of all child documents, delimited by ";" when field has multiple values. |
| NATIVEFILE | Relative file path of the native file on the production media. |
| CUSTODIAN | Owner of the document or file. |
| FROM | Sender of the email. |
| TO | All to: members or recipients, delimited by ";" when field has multiple values. |
| CC | All cc: members or recipients, delimited by ";" when field has multiple values. |
| BCC | All bcc: members or recipients, delimited by ";" when field has multiple values. |
| SUBJECT | Subject line of the email. |
| DATERCVD | Date that an email was received. |
| TIMERCVD | Time that an email was received. |
| DATESENT | Date that an email was sent. |
| TIMESENT | Time that an email was sent. |
| ATTACHMENTS | List of filenames of all attachments, delimited by";" when field has multiple values. |
| FOLDERLOC | Original folder path of the produced document. |
| FILENAME | Original filename of the produced document. |
| DOCEXT | Original file extension. |
| DOCTYPE | Name of the program that created the produced document. |
| TITLE | Document title (if entered). |
| AUTHOR | Name of the document author. |
| DATECREATED | Date that a document was created. |
| TIMECREATED | Time that a document was created. |
| DATEMOD | Date that a document was last modified. |
| TIMEMOD | Time that a document was last modified. |
| FILESIZE | Original file size in bytes. |
| PGCOUNT | Number of pages per document. |
| MDHASH | MD5 hash value computed from native file (a/k/a file fingerprint). |
| CONFIDENTIALITY | Description of confidentiality designation such as "Confidential Material" or "Attorneys' Eyes Only Information." Blank when there is no confidentiality designation. |

- 12 -

STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

| FIELD NAME | FIELD DESCRIPTION |
| --- | --- |
| REDACTED | "Yes" when the document contains redactions. Blank or "No" when there are no redactions. |

STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

## **EXHIBIT B**

Privilege Log Fields

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| PrivLog # (generic number) | Generic field for tracking purposes (i.e. 1, 2, 3). |
| Begin Bates | Beginning Bates number of document. |
| End Bates | Ending Bates number of document. |
| Document Type | General type of record (i.e., Outlook, PDF, PowerPoint Presentation). |
| Family Relationship | Parent, Child, or Standalone. |
| Date | The date of the parent document (for emails, this is date sent; for non-emails, this is date last modified). If the date the document was prepared and the date on which it was sent or shared with persons other than its author(s) are different, all dates shall be noted. |
| Author | Author or sender of document (for emails, this is the From field; for non-emails, this is the person who created the file), including the author's position. |
| Recipients | Derived from the To field. The description of the recipients shall also include the positions of the recipients. |
| Other Recipients | Derived from the CC and BCC fields. The description of the recipients shall also include the positions of the recipients. |
| Privilege Claimed | Type of privilege claimed (i.e., Attorney-Client or Attorney Client - Work Product, etc.). |
| Description | Description of Privilege Claim, including the subject matter addressed in the document and any steps taken to ensure the confidentiality of the communication. |
| Treatment | How the document was treated with regards to production (e.g., Withheld, Redacted, Non-Responsive – Attachment, Non-Responsive – Privileged). |

- 14 -
STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

# [~~PROPOSED~~] ORDER

Having reviewed the Parties' Stipulation Re: Discovery of Electronically Stored Information, and good cause appearing therefor, the Court hereby approves the Parties' Stipulation and adopts it as an order of this Court.

**IT IS SO ORDERED.**

Dated: _____April 4_____, 2024

_____

Shashi H. Kewalramani
Magistrate Judge

- 15 -
STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION