SOCIAL JUSTICE LEGAL FOUNDATION
Sara Haji (SBN 330834)
shaji@socialjusticelaw.org
Vanessa M. Domenichelli (SBN 326867)
vdomenichelli@socialjusticelaw.org
Marjorie Menza (SBN 321512)
mmenza@socialjusticelaw.org
523 West 6th Street, Suite 450
Los Angeles, California 90014
Telephone: (213) 542-5241

HUESTON HENNIGAN LLP
John C. Hueston (SBN 164921)
jhueston@hueston.com
Robert N. Klieger (SBN 196962)
rklieger@hueston.com
Justin M. Greer (SBN 318086)
jgreer@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN,<br><br>        Plaintiff,<br><br>vs.<br><br>THE GEO GEOUP, INC., a Florida corporation,<br><br>        Defendant.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>        Third-Party Plaintiff,<br><br>vs.<br><br>SPARTAN CHEMICAL COMPANY, INC. and ROES 1-10,<br><br>        Third-Party Defendants. | Case No. 23-CV-00481-JGB(SHKx)<br><br>[CLASS ACTION]<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Trial Date: August 4, 2025<br>Complaint Filed: March 20, 2023<br><br>Hearing Date: December 2, 2024 |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on December 2, 2024, at 9:00 AM, or as soon thereafter as this matter may be heard, in Courtroom 1 of the United States District Court, Central District of California, 3470 Twelfth Street, Riverside, CA 92501, Plaintiffs Ligaya Ronduen, Carlos Castillo, Miriam Scheetz, Wilfredo Gonzalez Mena, Somboon Phaymany, and Yolanda Mendoza, by counsel, will move the Court for leave to file an amended complaint to make the following changes to their original Complaint.  These changes are reflected in the proposed First Amended Complaint attached as Exhibit F to the Declaration of Marjorie Menza filed concurrently herewith.  Plaintiffs also provide the Court a redline reflecting all changes made in the proposed First Amended Complaint as compared to the Complaint (**Exhibit G**); all citations to amendments below refer to that redline unless otherwise stated.

1. Narrowing the temporal scope of the proposed class to February 2020 through November 1, 2020 (originally through April 2021) to reflect evidence Plaintiffs obtained during discovery regarding the use of HDQ Neutral at Adelanto.  GEO does not oppose this amendment.  These changes appear in the following locations: ¶ 19, ¶ 63, ¶ 142, ¶ 147, ¶ 248. The following paragraph regarding the temporal scope in the original Complaint has been deleted: ¶ 142.

2. Removing named plaintiff Cesar Hernandez Carrillo from the case caption and body of the Complaint to conform with the parties' stipulated dismissal of his claims against GEO without prejudice. (ECF 108, 119.)  The following paragraphs have been removed from the original complaint: Complaint ¶¶ 25 , ¶ 98, ¶147, ¶¶ 188–205.

3. Updating Plaintiff Ronduen and Plaintiffs Castillo's location to reflect their transfer to a different immigration detention facility and deportation from the United States, respectively. These changes appear in the following locations: ¶¶ 24–25, ¶ 150, ¶ 170.

4. Removing factual allegations regarding Plaintiffs' emotional distress resulting from Defendants' conduct to conform to those Plaintiffs' stipulation that they are seeking garden variety emotional distress damages and are not making a claim for specific mental or psychiatric injury or disorder, or for unusually severe emotional distress. These changes appear in the following locations: ¶ 11, ¶ 169, ¶ 185, ¶ 210, ¶ 213, ¶ 218, ¶¶ 222–23, ¶ 273, ¶ 281, ¶ 291, ¶ 304, ¶ 314, ¶ 324.

5. Adding four claims against Third-Party Defendant Spartan Chemical Company that are consistent with GEO's allegations against Spartan in the Third-Party Complaint (ECF 35) and are based on new evidence Plaintiffs obtained during discovery regarding Spartan's actions and omissions with respect to HDQ Neutral:

   a. A negligence claim based on Spartan's negligence in recommending, selling, and monitoring the use of HDQ Neutral for use under conditions Spartan was aware would be unsafe and risk serious harm to people held at Adelanto. These allegations appear in the following locations: ¶¶ 259–66, ¶¶ 270–73.

   b. A design defect claim based on Spartan's deliberate adjustments to the Spartan chemical dispensers at Adelanto to provide an at or near double the concentration of HDQ Neutral than approved for use by the EPA. This claim appears in newly added paragraphs 326 through 330 of the FAC.

   c. A strict liability failure to warn claim and negligent failure to warn claim based on Spartan failing to properly label HDQ Neutral

PLAINTIFFS' NOT. OF MOTION & MOTION FOR LEAVE TO FILE FIRST AMENDED OMPLAINT
6792070

dispensers and spray bottles at Adelanto, posting marketing materials
in lieu of proper warnings and instructions for safe handling and use
of HDQ Neutral, and failing to provide or deliberately obscuring
instructions for use, which appear in newly added paragraphs 331
through 344 of the FAC.

Allegations in support of Plaintiffs' direct claims against Spartan have been
added in the following locations: ¶ 9, ¶ 15, ¶ 19, ¶¶ 22–23, ¶ 31, ¶¶ 38–43, ¶ 46,
¶ 49, ¶ 89, ¶¶ 93–96, ¶¶ 124-126, ¶¶ 130–146.

6. Non-substantive, stylistic edits to improve the flow and readability of the
Complaint. These allegations appear in the following locations: pages 3–4
(TOC removed), ¶ 1, ¶ 3, ¶¶ 6–7, ¶¶ 11–13, ¶ 16, ¶ 19, ¶ 30, ¶ 32, ¶ 35,
¶¶ 50–51, ¶¶ 53–54, ¶ 56–57, ¶ 61, ¶¶ 65–68, ¶ 78, ¶ 81, ¶91, ¶97, ¶ 102, ¶
161, ¶¶ 214–15, ¶ 234, ¶ 274, ¶ 316. The following paragraphs of the
original complaint have been removed: ¶¶ 43–44, ¶¶ 48–51.

Plaintiffs' motion for leave to amend is based on this notice of motion and
motion, the memorandum of points and authorities attached hereto, the Declaration
of Marjorie Menza, the proposed First Amended Complaint, and any other evidence
or argument that may be presented to the Court before the motion is submitted for
decision. This motion is made following the conference of counsel pursuant to L.R.
7-3 which took place on October 31, 2024.

Dated: November 4, 2024          THE SOCIAL JUSTICE LEGAL
                                 FOUNDATION

                                 By: _____
                                     Sara Haji
                                     Marjorie Menza

                                 HUESTON HENNIGAN LLP

                                 By: _____

1

John C. Hueston

2

*Attorneys for Plaintiffs*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOT, OF MOTION & MOTION FOR LEAVE TO FILE FIRST AMENDED OMPLAINT

6792070

# I.   INTRODUCTION

Plaintiffs are non-citizens who were formerly detained at the Adelanto Detention Center and seek to hold their captor, Defendant The GEO Group, Inc. ("GEO"), a private prison corporation, and its multinational pesticide manufacturer and supplier, Spartan Chemical Company, Inc. ("Spartan") accountable for GEO's near-continuous spraying of Spartan's harsh pesticide called HDQ Neutral from February to November 1, 2020.  GEO flagrantly misused HDQ Neutral during the COVID-19 pandemic, indiscriminately spraying it throughout Adelanto every 15 to 30 minutes and in clear violation of the chemical's safety guidelines.  Plaintiffs' and the proposed class's continual exposure to this pesticide resulted in serious illness and physical injuries.  Despite the apparent suffering of the individuals in its custody, GEO tried to cover up its misconduct, including by lying to detainees about the necessity of using HDQ Neutral to prevent COVID-19 and failing to disclose the known, significant risks associated with exposure to the pesticide.

Plaintiffs filed this lawsuit in March 2023 on behalf of themselves and a proposed class of all those detained at Adelanto who were exposed to GEO's wanton misconduct.  Plaintiffs now seek leave to file an amended complaint to make six types of amendment, four of which are unopposed and/or reflect changes based on stipulations or new facts since this litigation began:[1]

1.   Narrowing the temporal scope of the proposed class to February 2020 through November 1, 2020 (originally through April 2021) to reflect new evidence Plaintiffs obtained during discovery regarding the use of HDQ Neutral at Adelanto. GEO does not oppose this amendment.  (Declaration of Marjorie Menza ("Menza Decl.") ¶¶ 15, 22; *id.* Ex. G ("FAC Redline") ¶ 19, ¶ 63, ¶ 142, ¶ 147, ¶ 248; removing  Compl. ¶ 142.)

---

[1] Plaintiffs have provided a redline to reflect the specific wording changes that have been made in the FAC.  (Menza Decl. Ex. G.)

PLAINTIFFS' NOT. OF MOTION & MOTION FOR LEAVE TO FILE FIRST AMENDED OMPLAINT
6792070

2.    Removing named plaintiff Cesar Hernandez Carrillo to conform with the parties' stipulated dismissal of his claims without prejudice. (ECF 108, 119; removing Complaint ¶¶ 25 , ¶ 98, ¶147, ¶¶ 188–205.)

3.    Updating Plaintiff Ronduen and Plaintiffs Castillo's location to reflect their transfer to a different immigration detention facility and deportation from the United States, respectively. (Menza Decl. ¶¶ 19–20; Menza Decl. Ex. G ¶¶ 24–25, ¶ 150, ¶ 170.)

4.    Removing factual allegations regarding Plaintiffs' emotional distress resulting from Defendants' conduct to conform to those Plaintiffs' stipulation that they are seeking garden variety emotional distress damages. (Menza Decl. ¶ 18, Ex. E; Menza Decl. Ex. G ¶ 11, ¶ 169, ¶ 185, ¶ 210, ¶ 213, ¶ 218, ¶¶ 222–23, ¶ 273, ¶ 281, ¶ 291, ¶ 304, ¶ 314, ¶ 324.)

5.    Adding four direct claims against Third-Party Defendant Spartan Chemical Company, Inc. ("Spartan"), which manufactures HDQ Neutral.  Plaintiffs' proposed direct claims against Spartan—each of which sound in tort—are consistent with GEO's existing third-party negligence claim against Spartan and related allegations, (*see* ECF 35 ["Third-Party Complaint"]), and are based on new evidence Plaintiffs obtained during discovery regarding Spartan's actions and omissions with respect to HDQ Neutral. (Menza Decl. ¶¶ 9–15; Menza Decl. Ex. G ¶¶ 259–66, ¶¶ 270–73, ¶¶ 326–44; *see also id.* ¶ 9, ¶ 15, ¶ 19, ¶¶ 22–23, ¶ 31, ¶¶ 38–43, ¶ 46, ¶ 49,¶ 89, ¶¶ 93–96, ¶¶ 124-126, ¶¶ 130–146.)  Spartan opposes these amendments.

6.    Non-substantive, stylistic edits to improve the flow and readability of the Complaint. (Menza Decl. Ex. G pages 3–4 (TOC removed), ¶ 1, ¶ 3, ¶¶ 6–7, ¶¶ 11–13, ¶ 16, ¶ 19, ¶ 30, ¶ 32, ¶ 35, ¶¶ 50–51, ¶¶ 53–54, ¶ 56–57, ¶ 61, ¶¶ 65–68, ¶ 78, ¶ 81, ¶91, ¶97, ¶ 102, ¶ 161, ¶¶ 214–15, ¶ 234, ¶ 274, ¶ 316.; removing Compl. ¶¶ 43–44, ¶¶ 48–51.)

Leave to file the proposed First Amended Complaint is warranted here. Courts examine five factors when evaluating whether to grant leave to amend.  *See*

PLAINTIFFS' NOT. OF MOTION & MOTION FOR LEAVE TO FILE FIRST AMENDED OMPLAINT

1 | *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003)

2 | (outlining five factors).   All five factors weigh in favor of granting Plaintiffs' timely

3 | motion for leave to amend.

4 |      *First*, Plaintiffs' proposed amendments will not prejudice GEO or Spartan.

5 | Plaintiffs' narrowing of the class definition and amendments to conform to

6 | stipulations or new facts are routine clarifications that do not give rise to any

7 | prejudice.  *See, e.g.*, *Hernandez v. Swift Transp. Co.*, 2023 WL 10371352, at *3

8 | (C.D. Cal. June 22, 2023) (Bernal, J.) (no prejudice resulting from amendment to

9 | "clarify [plaintiff's] claims before trial").  And Plaintiffs' timely assertion of claims

10 | against Spartan long before the discovery cut-off does not give rise to prejudice

11 | either, particularly because Spartan has been on notice of GEO's similar allegations

12 | since July 2023.  *See, e.g.*, *Regalado v. Riverside Cnty.*, 2021 WL 6752218, at *6

13 | (C.D. Cal. Dec. 1, 2021) (Bernal, J.) (finding amendment would not cause prejudice

14 | because proposed defendant was mentioned in prior complaint, the motion for leave

15 | to amend was timely "and Defendants should have contemplated that new parties

16 | might be added until the [motion to amend] deadline").

17 |      *Second*, there has been no undue delay.  Plaintiffs' motion is timely.

18 | Plaintiffs' proposed amendments reflect changes to the parties and claims against

19 | GEO that have occurred since this litigation was filed.  And as to Plaintiffs' claims

20 | against Spartan, these claims are based on crucial facts only recently revealed

21 | through discovery.  *See Regalado*, 2021 WL 6752218, at *4 ("[B]ecause the Motion

22 | ultimately meets the Scheduling Order deadline, the Court concludes that Mr.

23 | Regalado did not unduly delay—even if 'one might ask why Plaintiff waited so long'

24 | to file the Motion.").

25 |      *Third*, Plaintiffs do not seek leave to amend in bad faith.  Plaintiffs' proposed

26 | amendments are for the proper purposes of ensuring that the operative complaint is

27 | accurate and seeks justice against Spartan, which Plaintiffs have recently learned was

28 | a substantial cause of the harm Plaintiffs suffered.  *See C.B. v. Moreno Valley*

*Unified Sch. Dist.*, 2022 WL 2037504, at \*4 (C.D. Cal. Mar. 17, 2022) (Bernal, J.) (finding no bad faith where amendments were based on information and evidence obtained during the course of litigation).

*Fourth*, Plaintiffs' proposed amendments are not futile. *See Sid Avery & Assocs., Inc. v. Pixels.com, LLC*, 2019 WL 8806199, at \*2 (C.D. Cal. June 24, 2019) ("A proposed amendment is futile only if it would clearly be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6)." (citation omitted)). Plaintiffs' proposed amendments are largely to ensure that their allegations and the operative complaint are factually correct. And Plaintiffs' new claims against Spartan are plausibly alleged and timely such that they would survive a motion to dismiss. *Fifth*, Plaintiffs have not previously amended their complaint. *See, e.g., C.B.*, 2022 WL 2037504, at \*5 ("Because Plaintiff has not previously amended the Complaint, this factor weighs in favor of amendment.").

Because all factors weigh in favor of granting leave to amend under Rule 15, the Court should grant Plaintiffs' motion and permit them to file the First Amended Complaint.

## II.   FACTUAL BACKGROUND

### A.   Plaintiffs' Complaint Against GEO

Between February 2020 and November 1, 2020, GEO's staff sprayed a red/pink colored pesticide called HDQ Neutral throughout the Adelanto Detention Center, in and among the living and eating quarters for those detained there, every 15 to 30 minutes daily. (ECF 1 ("Compl.") ¶ 56.) Unbeknownst to Plaintiffs, GEO's use of HDQ Neutral was against the manufacturer's and regulators' safety guidelines, including through its incessant spraying indoors without proper ventilation, at an improper dilution, while Plaintiffs were eating, sleeping, speaking to loved ones on the telephone, and its failure to provide Personal Protective Equipment (PPE) or training to detained people regarding safe use of the pesticide. (*Id.* ¶¶ 59, 63–93.) GEO's persistent and improper spraying of HDQ Neutral caused

6792070

1  Plaintiffs and their fellow detainees to experience coughing, headaches, nosebleeds,

2  dizziness, irritation to the skin, eyes, nose, and throat, and other symptoms.  (*Id.*

3  ¶¶ 183, 191.)

4        Plaintiffs filed their complaint in March 2023 asserting six causes of action

5  against GEO based on GEO's wanton misuse of HDQ Neutral and its fraudulent

6  misrepresentations about the safety of that use.  Plaintiffs asserted their claims

7  individually and on behalf of a proposed class defined as: "All persons who were

8  detained at Adelanto Detention Center between February 2020 through April 2021

9  that were exposed to HDQ Neutral."  (*Id.* ¶ 240.)  GEO moved to dismiss all claims

10  by Plaintiffs Miriam Scheetz, Wilfredo Gonzalez Mena, Somboon Phaymany, and

11  Yolanda Mendoza as well as Plaintiffs' three deceit-based causes of action in their

12  entirety.  (ECF 23.)  The Court denied GEO's motion to dismiss.  (ECF 32.)

13        **B.    GEO's Third-Party Complaint Against Spartan**

14        On July 20, 2023, GEO filed its answer to Plaintiffs' Complaint (ECF 34) as

15  well as a third-party complaint against Spartan asserting claims for breach of

16  contract, negligence, declaratory relief, and indemnification.  (ECF 35.)  Spartan

17  manufactures HDQ Neutral and provided GEO with HDQ Neutral concentrate, the

18  dilution centers for diluting and dispensing HDQ Neutral, as well as information

19  regarding the product, including product labels, safety information and training.

20  (Compl. ¶¶ 39, 42, 44; Third-Party Compl. ¶¶ 8, 10, 13, 15, 20, 27, 34, 37–39, 44–

21  45.)  Plaintiffs became aware that Spartan was responsible for the adjustment and

22  labeling of HDQ Neutral dispensers and spray bottles at Adelanto only when GEO

23  filed the Third-Party Complaint.  GEO attached the "Statement of Work" contract

24  between Spartan and GEO to the Third-Party Complaint, which stated Spartan's

25  various contractual duties regarding labeling, training, and monitoring spikes in

26  usage.  As relevant here, GEO specifically alleged that Spartan "owed GEO a duty of

27  care to ensure the ratio of HDQ Neutral dispensed, and the training provided with

28  regard to HDQ Neutral, were proper and appropriate for the Adelanto Facility. Said

duty of care extended to detainees." (Third-Party Compl. ¶ 34). GEO further alleges that Spartan breached its duty of care to GEO and the detained population at Adelanto by "failing to provide training with regard to HDQ Neutral," and that Spartan's breach directly and proximately caused injury. (*Id.* ¶¶ 37–39.) GEO's factual allegations supporting its negligence claim include that Spartan was required to provide "[t]raining as it relates to proper use of chemicals and dispensing equipment," and "SDS Binder updates." (*Id.* ¶ 10.) Spartan also allegedly set the dilution ratio of HDQ Neutral at twice the recommended concentration, (*id.* ¶ 13), and "[a]t no time during the relevant time period did Third Party Defendant Spartan advise GEO that a [doubly concentrated] dilution ratio for HDQ Neutral … may be improper for its intended use at the Adelanto facility," (*id.* ¶ 15). On October 13, 2023, Spartan answered GEO's Third-Party Complaint, denying all claims against it. (ECF 48.)

### C.    Plaintiffs' Discovery Against GEO and Spartan

Production of responsive documents and discovery responses in this litigation did not begin in earnest until May 2024 due to delays in the parties' negotiation of a stipulated protective order and ESI protocol. (Menza Decl. ¶¶ 6–9.) This delay was due, in part, to Spartan's failure to timely respond with edits or comments to the proposed protective order until March 4, 2024, and to the ESI protocol until March 24, 2025. (*Id.* ¶ 6.)

Plaintiffs began propounding requests for production on GEO in November 2023 but did not receive any documents from GEO until May 1, 2024, when GEO produced its initial disclosure documents. (*Id.* ¶¶ 3, 8.) Plaintiffs propounded requests for production and interrogatories on Spartan on March 20, 2024, (*id.* ¶ 4, Exs. A, B), and propounded a second set of RFPs on July 12, 2024, (*id.* ¶ 5, Ex. C). Spartan did not serve its initial disclosure statement until May 31, 2024, with documents following on June 10, 2020. (*Id.* ¶ 9.) Spartan did not begin otherwise producing documents responsive to Plaintiffs' March 2024 discovery requests until

PLAINTIFFS' NOT. OF MOTION & MOTION FOR LEAVE TO FILE FIRST AMENDED OMPLAINT

6792070

August 22, 2024.  (*Id.*)  GEO and Spartan's rolling document productions are ongoing, and Spartan has produced additional documents as recently as October 9, 2024.  (*Id.* ¶¶ 8–9.)  The current discovery cut-off is March 28, 2025.  (ECF 104 at 4.)  Trial is currently set to begin on August 5, 2025.  (*Id.*)

In September 2024, Plaintiffs deposed GEO's Fire & Safety Manager for Adelanto, Lucia Meza.  Ms. Meza was, and still is, responsible for, among other things, monitoring and enforcing corporate and facility-level safety policies, developing safety procedures, controlling the introduction of hazardous chemicals in all areas of the facility, and establishing and controlling the facility's sanitation procedures.  (Menza Decl. ¶ 10.)  As relevant to the instant motion, Ms. Meza escorted and observed Spartan employees on an inspection of Adelanto in June 2020, following the initiation of the EPA investigation.  (*Id.*)  Moreover, Ms. Meza was asked questions regarding documents produced by GEO that suggested the labels applied to the spray bottles and the dispensers were missing or identified the wrong disinfectant.  (*Id.*)  In October 2024, Plaintiffs deposed Spartan employee Tarren Wethington, who testified about a June 2020 inspection that he conducted at Adelanto to test Spartan's HDQ Neutral dispensers.  (*Id.* ¶ 11.)  Among other things, Mr. Wethington testified that he failed to notice that the HDQ Neutral dispensers at Adelanto were mislabeled as a far less corrosive disinfectant—hdqC2.  (*Id.* ¶ 12.)

Through Plaintiffs' discovery against GEO and Spartan, Plaintiffs learned that—among other negligent failings—Spartan supplied incorrect labels for HDQ Neutral and affixed hdqC2 labels to dispensers and spray bottles at Adelanto.  (Menza Decl. ¶¶ 10–13.)  There are key differences between HDQ Neutral and hdqC2, among which are a drastically different recommended dilution rate (1 oz/gal dilution rate for HDQ Neutral vs. 2 oz/gal dilution rate for hdqC2) and materially different warnings on the product labels.  (*Id.* ¶ 13.)  Furthermore, discovery has also revealed that Spartan posted promotional materials about HDQ Neutral *in lieu of health warnings and instructions for use* in the locations where GEO staff and

PLAINTIFFS' NOT. OF MOTION & MOTION FOR LEAVE TO FILE FIRST AMENDED OMPLAINT
6792070

detainees involved in cleaning accessed HDQ Neutral. (*Id.* ¶ 14.) Spartan's posted promotional materials did not explain how to use HDQ Neutral safely or even effectively and were silent on the harm that HDQ Neutral could cause various parts of the body, regardless of how it is used. (*Id.*) Lastly, Plaintiffs have received discovery containing photographs suggesting that the HDQ Neutral labels affixed to the spray bottles did not include instructions for use and that the only instructions for use available at Adelanto were kept behind a locked, metal cage door located in a locked janitor's closet. (*Id.* ¶ 15.)

### D.    Plaintiffs' Proposed First Amended Complaint

Plaintiffs' proposed First Amended Complaint includes six types of amendment.

*First*, Plaintiffs have narrowed the class definition's temporal scope from February 2020 through April 2021 to February 2020 through November 1, 2020. This amendment is based on new evidence that Plaintiffs obtained during discovery about the temporal scope of GEO's misconduct. (Menza Decl. ¶ 16.) GEO does not oppose this amendment. (*Id.* ¶ 22.)

*Second*, Plaintiffs have removed Cesar Hernandez Carrillo as a named plaintiff from the case caption and body of the Complaint. This amendment conforms to the parties' stipulation to dismiss Mr. Carrillo's claims against GEO without prejudice. (ECF 108, 119.) GEO does not oppose this amendment. (Menza Decl. ¶ 22.)

*Third*, Plaintiffs have updated Plaintiff Ronduen's and Plaintiff Castillo's locations to reflect their transfer to a different immigration detention facility and deportation from the United States, respectively. (Menza Decl. ¶¶ 19–20.)

*Fourth*, Plaintiffs have removed factual allegations regarding Plaintiffs' emotional distress resulting from Defendants' conduct to conform to those Plaintiffs' stipulation that they are seeking garden variety emotional distress damages. (Menza Decl. ¶ 18, Ex. E.)

*Fifth*, Plaintiffs have added four direct claims against Spartan for (1) negligence, (2) design defect, (3) strict liability failure to warn, and (4) negligent failure to warn.  (*See* Menza Decl. Ex. F ("FAC") First and Seventh through Ninth Causes of Action.)  Plaintiffs' claims are based on (1) Spartan's negligence in recommending, selling, and monitoring the use of a dangerous pesticide under conditions Spartan was aware would be unsafe and risk serious harm to people held at Adelanto, (2) Spartan's deliberate adjustments to the Spartan chemical dispensers at Adelanto to provide an at or near double the concentration of HDQ Neutral than approved for use by the EPA, (3) failing to properly label HDQ Neutral dispensers and spray bottles at Adelanto, including mislabeling with information about a less-dangerous chemical that is EPA-approved at double the concentration as HDQ Neutral, by posting marketing materials in lieu of proper warnings and instructions for safe handling and use of HDQ Neutral, and failing to provide or deliberately obscuring instructions for use.  Plaintiffs' proposed direct claims against Spartan are consistent with GEO's existing third-party negligence claim and allegations against Spartan.  (*See, e.g.*, Third-Party Complaint ¶¶ 33–39 (alleging negligence based on failure to ensure the ratio of HDQ Neutral dispensed at Adelanto was proper and appropriate and by failing to provide training with regard to HDQ Neutral that was proper and appropriate for Adelanto), ¶ 13 (alleging that Spartan "set the dilution rate at each location at two (2) ounces of HDQ Neutral per gallon of water".))  Spartan opposes Plaintiffs' assertion of these claims.  (Menza Decl. ¶ 22.)

*Sixth*, Plaintiffs have made non-substantive, stylistic edits throughout the complaint to improve flow and readability.

Plaintiffs' motion to amend is timely.  (*See* ECF 104 at 4.)

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with the court's leave when, as here, the amendment is sought before the deadline set in the scheduling order.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

6792070

607–08 (9th Cir. 1992).  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In the Ninth Circuit "this policy is to be applied with extreme liberality." *Eminence*, 316 F.3d at 1051 (cleaned up).

Courts typically consider five factors when determining whether leave to amend is warranted: (1) prejudice to the opposing party; (2) undue delay; (3) bad faith; (4) futility of any amendment; and (5) whether plaintiff has previously amended their complaint. *See Eminence*, 316 F.3d at 1051–52.  "Prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Id.* at 1052 (citation omitted).  "Absent prejudice, or a strong showing of any of the remaining factors, there exists a *presumption* in favor of granting leave to amend." *Id.*  "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment."  *Est. of Kaushal Niroula v. Riverside Cnty. Sheriffs Dep't*, 2024 WL 4403895, at *1 (C.D. Cal. Aug. 28, 2024) (Bernal, J.).

## IV.    ARGUMENT

All five factors weigh in favor of granting leave to amend.

### A.    Plaintiffs' Proposed Amendments Will Not Unduly Prejudice GEO or Spartan

As to Plaintiffs' narrowing of the class definition and amendments to conform to stipulations or new facts regarding Plaintiffs (dismissal of claims, changed location, and stipulation regarding garden-variety emotional distress damages), such routine clarifications simply do not give rise to any prejudice.  *See, e.g.*, *Hernandez*, 2023 WL 10371352, at *3 (no prejudice resulting from amendment to "clarify [plaintiff's] claims before trial" where defendant had known the basis for plaintiff's claims and conducted related discovery); *Est. of Kaushal Niroula*, 2024 WL 4403895, at *1 (no prejudice resulting from amendment to update caption and summons to reflect changes defendants had originally stipulated to).

As to Plaintiffs' direct claims against Spartan, Spartan will not be able to establish that these amendments cause prejudice either.  *See Est. of Kaushal Niroula*,

PLAINTIFFS' NOT. OF MOTION & MOTION FOR LEAVE TO FILE FIRST AMENDED OMPLAINT
6792070

1  2024 WL 4403895, at *1 (party opposing amendment bears the burden of proof).

2  Spartan has been on notice of the substance of Plaintiffs' claims for over a year based

3  on GEO's allegations in the Third-Party Complaint. (Third-Party Compl. ¶¶ 10, 13,

4  15, 20, 27, 34, 37–39, 44–45). And Plaintiffs have already sought discovery from

5  Spartan relevant to Plaintiffs' direct claims (and GEO's allegations). (Menza Decl.

6  ¶¶ 4–5.) Granting Plaintiffs leave to amend to assert direct claims against Spartan

7  "will not radically shift the nature of the case or require [Spartan] to engage in

8  substantial new discovery or to undertake an entirely new course of argument."

9  *Regalado*, 2021 WL 6752218, at *6 (cleaned up) (finding leave to amend warranted

10  under Rule 15 to substitute named defendants for Doe defendants because the

11  proposed defendants were mentioned in a prior complaint and the motion for leave to

12  amend was timely; motion denied due to defective service on Doe defendants).

13  Simply put, Spartan is not prejudiced by having to defend against new claims that are

14  consistent with allegations Spartan has had notice of for over a year.

15  　　　Moreover, the stage of proceedings supports a finding of no prejudice to

16  Spartan. Plaintiffs have timely sought to assert direct claims against Spartan. *See*

17  *Regalado*, 2021 WL 6752218, at *6 (finding amendment would not cause prejudice

18  in part because the motion for leave to amend was brought "within the Court's

19  Scheduling Order and Defendants should have contemplated that new parties might

20  be added until the [motion to amend] deadline"). Fact discovery will not close until

21  March 25, 2025, and trial is not set to begin until August 2025. (*See* ECF 104 at 4.)

22  The fact that this case "is still at the discovery stage" and trial is many months away

23  means that Spartan has ample time to respond to Plaintiffs' timely asserted claims.

24  *See C.B.*, 2022 WL 2037504, at *5 (contents of amended complaint would not

25  prejudice defendants, who were newly identified as defendants, because defendants

26  possessed the evidence that served as the basis for plaintiff's proposed claim and the

27  case was still in the discovery stage); *cf. Lockheed Martin Corp. v. Network*

28  *Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and

6792070

1  therefore delay the proceedings supports a district court's finding of prejudice from a

2  delayed motion to amend the complaint").

3       Courts routinely grant leave to file an amended complaint when, as here, there

4  is no prejudice to the defendant.  *See, e.g.*, *Andresen v. Int'l Paper Co.*, 2014 WL

5  12601502, at *2 (C.D. Cal. Apr. 21, 2014) (granting motion for leave to amend

6  answer to assert counterclaims against plaintiff "in view of the absence of prejudice

7  to plaintiffs, and the fact that leave to amend should be 'freely' given"); *Hernandez*,

8  2023 WL 10371352, at *3 (granting motion for leave to amend to add factual

9  allegations based on information obtained during discovery "[i]n light of the public

10 policy of resolving claims on the merits, and in the absence of prejudice to

11 Defendants").

12      Accordingly, this factor weighs in favor of granting Plaintiffs leave to amend

13 and creates a "a *presumption* in favor of granting leave to amend." *Eminence*, 316

14 F.3d at 1052.

15      **B.    There is No Undue Delay Given Plaintiffs' Timely Amendment**

16      Plaintiffs have acted diligently in seeking to file the FAC.  Plaintiffs have

17 timely moved for leave to amend.  (*See* ECF 104 at 4).  Plaintiffs' proposed

18 amendments to narrow the class definition and to conform to stipulations or new

19 facts regarding Plaintiffs (dismissal of claims, changed location, and stipulation

20 regarding garden-variety emotional distress damages) are based on changes to the

21 parties and scope of the litigation that have occurred since the filing of the

22 Complaint, some as recently as a few months ago.  (*See* Menza Decl. ¶¶ 16–20.)

23 And Plaintiffs' proposed direct claims against Spartan are based on crucial facts only

24 recently revealed through discovery, e.g., that Spartan sent in-person sales

25 representatives to Adelanto who selected nozzles for the dispensers to ensure a

26 higher than approved concentration of HDQ Neutral, that Spartan sales

27 representatives repeatedly provided incorrect labels for the dispensers and spray

28 bottles, that Spartan's metal containment cages obscured all access to the Container

PLAINTIFFS' NOT. OF MOTION & MOTION FOR LEAVE TO FILE FIRST AMENDED OMPLAINT

6792070

1  Label containing critical instructions for use, that the screen printed and spray bottle

2  labels provided by Spartan omitted all instructions for use and misrepresented the

3  concentration of HDQ Neutral in the bottle.  (*See id.* ¶¶ 9–15.)  Because Plaintiffs'

4  motion for leave to amend is timely and Plaintiffs have been diligent, there is no

5  evidence of undue delay.  *See Regalado*, 2021 WL 6752218, at *4 ("[B]ecause the

6  Motion ultimately meets the Scheduling Order deadline, the Court concludes that Mr.

7  Regalado did not unduly delay—even if 'one might ask why Plaintiff waited so long'

8  to file the Motion.").

9         Even if Spartan can establish that Plaintiffs could have brought the present

10  motion earlier, there is no undue delay.  "The passage of time is not, in and of itself,

11  undue delay," *Johnson*, 2015 WL 4913266, at *5, and some "delay alone no matter

12  how lengthy is an insufficient ground for denial of leave to amend," *United States v.*

13  *Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *see Regalado*, 2021 WL 6752218, at *4

14  (rejecting defendants' argument that the plaintiff should have filed the motion earlier

15  based on evidence in the plaintiff's possession at that time).

16         Accordingly, this factor weighs in favor of granting Plaintiffs leave to amend.

17         **C.    Plaintiffs Do Not Seek Leave to Amend in Bad Faith**

18         Plaintiffs do not seek leave to amend in bad faith.  Plaintiffs' proposed

19  amendments reflect the diligent development of facts since the litigation was filed,

20  the parties' stipulations regarding what claims and damages are at issue, and

21  information that Plaintiffs obtained during discovery.  There simply is no evidence of

22  bad faith here.  *See C.B.*, 2022 WL 2037504, at *4 (finding no bad faith where

23  amendments were based on information and evidence obtained during the course of

24  litigation); *Eminence*, 316 F.3d at 1053 (same, where the "record demonstrates that

25  plaintiffs' allegations were not frivolous and that they were endeavoring in good

26  faith to meet the … pleading requirements").

27         Accordingly, this factor weighs in favor of granting Plaintiffs leave to amend.

28

6792070

### D. Plaintiffs' Proposed Amendments Are Not Futile

A proposed amendment is futile only "if *no set of facts* can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (emphasis added). Stated differently, "[a] proposed amendment is futile only if it would clearly be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Sid Avery*, 2019 WL 8806199, at *2 (citation omitted). None of Plaintiffs' proposed amendments are futile.

*First*, Plaintiffs' narrowing of the class definition and amendments to conform to stipulations or new facts regarding Plaintiffs (dismissal of claims, changed location, and stipulation regarding garden-variety emotional distress damages) accurately reflect the parties' stipulations, present location, and Plaintiffs' understanding of the appropriate class period based on discovery thus far. These amendments are effectively administrative, as they will have no substantive effect on the issues before this Court. *See, e.g., Est. of Kaushal Niroula*, 2024 WL 4403895, at *1 ("[A]n amendment of the caption to correct the FAC would not be futile, as it will not have any substantive effect on the FAC.").

*Second*, Plaintiffs' new direct claims against Spartan are not clearly subject to dismissal under Rule 12(b)(6). Indeed, Plaintiffs' claims are supported by factual allegations that are based on evidence and information discovered only through documents and testimony recently obtained through discovery in this action. For example, Plaintiffs only recently became aware of Spartan's specific failures that were substantial factors in causing Plaintiffs' harms based on Spartan's produced documents, GEO's recently produced documents, as well as the two depositions Plaintiffs have taken thus far. Given this delayed discovery of the basis for their claims against Spartan, Plaintiffs' claims are timely and would survive a motion to dismiss. *See* Cal. Civ. Proc. Code § 312 (imposing a two-year statute of limitations

on negligence claims); *id.* § 335.1 (same, for personal injury actions based upon defective products); *id.* § 340.8(a) (same, for action for injury based upon exposure to a hazardous material or toxic substance);[2] *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1109–10 (1988) (explaining the delayed discovery rule, under which the statute of limitation begins tolling, at the earliest, when a plaintiff "suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her," which triggers the plaintiff's duty to investigate only sources "open to her" to discover the factual basis for the claim).

Because Plaintiffs' proposed amendments are not futile, this factor also weighs in favor of granting leave to amend.

**E.      Plaintiffs Have Not Previously Amended Their Complaint**

The fifth factor plainly favors granting leave to amend because Plaintiffs have not previously amended their complaint. *See, e.g.*, *C.B.*, 2022 WL 2037504, at *5 ("Because Plaintiff has not previously amended the Complaint, this factor weighs in favor of amendment.").

**V.      CONCLUSION**

Four of Plaintiffs' proposed amendments are unopposed or reflect updates to Plaintiffs' allegations to conform stipulations or new facts since this litigation was filed. And as to Plaintiffs' proposed direct claims against Spartan, Spartan will not be able to establish any factor weighs against granting Plaintiffs' motion for leave to amend. Plaintiffs have timely brought their motion, and Spartan has been on notice of these potential claims based on GEO's allegations and evidence in Spartan's possession. And Spartan has ample time to continue developing its defenses before

---

[2] *See Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 893 (N.D. Cal. 2013) ("California Civil Procedure Code § 335.1 sets a two-year statute of limitations on personal injury claims based upon defective products, regardless of the particular legal theory invoked."); *White v. KIDS 2, Inc.*, 2022 WL 22858195, at *3 (C.D. Cal. Sept. 26, 2022) (applying Section 335.1 to defective design and failure to warn claims under California law).

PLAINTIFFS' NOT. OF MOTION & MOTION FOR LEAVE TO FILE FIRST AMENDED OMPLAINT
6792070

1   the close of discovery and trial.  Plaintiffs properly seek justice for themselves and
2   the proposed class against Spartan, the manufacturer of HDQ Neutral that was
3   directly and critically involved in GEO's misuse of this pesticide at Adelanto.

4         Given that all five Rule 15 factors weigh in favor of amendment and "[i]n light
5   of the federal policy favoring the determination of cases on their merits," *Owens*, 244
6   F.3d at 712, the Court should grant Plaintiffs' timely motion and permit Plaintiffs to
7   file the proposed First Amended Complaint.

8
9   Dated: November 4, 2024                    THE SOCIAL JUSTICE LEGAL
10                                                FOUNDATION

11                                             By: _____
12                                                Sara Haji
13                                                Marjorie Menza

14                                             HUESTON HENNIGAN LLP
15
16                                             By: _____
17                                                John C. Hueston

18                                             *Attorneys for Plaintiffs*
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' NOT, OF MOTION & MOTION FOR LEAVE TO FILE FIRST AMENDED OMPLAINT
6792070