DECLARATION OF GABRIEL J. PADILLA

I, the undersigned, Gabriel J. Padilla, declare as follows:

1. I am an attorney licensed to practice law in the courts of the State of California and before this Honorable Court and am Senior Counsel at Edgcomb Law Group, LLP, counsel of record for Defendant The GEO Group, Inc. ("GEO") in the lawsuit titled *Ronduen v. The Geo Group, Inc.*, United States District Court, Central District of California, Case No. 23-cv-00481 ("Action"). I make this declaration in support of GEO's December 10, 2024 Letter Brief submitted pursuant to the Court's November 13, 2024 Minute Order regarding search terms and custodians.

2. I have personal knowledge of all the facts in this declaration, except those stated on information and belief, and, if called as a witness, could and would testify competently thereto.

3. Plaintiffs served their first set of Interrogatories and first set of Requests for Production to GEO on November 21, 2023. True and correct copies of Plaintiffs' first sets of discovery requests to GEO are attached hereto as **Exhibits A and B**. Plaintiffs initiated meet and confer efforts regarding GEO's February 23, 2024 responses on March 27, 2024, when they sent a detailed letter regarding their issues with GEO's responses and objections. On May 22, 2024, GEO sent Plaintiffs a comprehensive letter agreeing to supplement its responses to certain requests in whole or in part; GEO's letter explained in detail the bases for its positions. GEO immediately expanded its document review efforts by identifying additional search terms consistent with its agreement to supplement. On July 8, 2024, Plaintiffs sent a letter detailing request by request where they agreed with GEO's position and where they believed the parties were at an impasse. A true and correct copy of Plaintiffs' July 8, 2024 letter is attached hereto as **Exhibit C**.

4. On July 31, 2024, following the meet and confer efforts, Plaintiffs informed GEO they intended to seek an informal discovery conference with the Court on four (4) disputed issues identified in their July 8 letter and sent GEO a draft Neutral Statement and Plaintiffs' position on those issues for review. Plaintiffs defined the four Issues in their first draft of the Neutral Statement as (1) "Geographic scope," (2) "Communications with Spartan," (3) "Complaints of other detained people to GEO's non-medical staff," and (4) "Time Frames." A true and correct copy of Plaintiffs' July 31, 2024 email including draft Neutral Statement without attachments is attached hereto as **Exhibit D**. The parties met and conferred on the Neutral Statement over the course of over seven (7) weeks in order to narrow the issues as much as possible before seeking the Court's involvement. There were no less than five (5) versions of the Neutral Statement exchanged between the parties until the final version was submitted to the Court on September 24, 2024. The September 24, 2024 Neutral Statement identified five (5) discrete issues in dispute.

5. GEO advised Plaintiffs during the meet and confer process that, in addition to 13 Adelanto-based custodians GEO also had collected and had reviewed or were in the process of reviewing

documents from 10 custodians at the corporate (headquarters) and Western region levels. James Janecka, current Western Region Vice President, is the former Adelanto Facility Administrator during the relevant time period and initially was identified as a local Adelanto custodian. The corporate custodians are:

| | |
|---|---|
| Philip Dugger – Vice President, Risk Management | Joseph Moorhead – former Western Region Asst. Operations Director |
| John Christakis, M.D. – Chief Medical Officer, Health Services | Pablo Paez – Executive Vice President, Corporate Relations |
| Christopher Ferreira – Director, Corporate Relations | Charles Leeper – Director, Safety and Risk Management |
| Elijah Kimble – Western Region Risk Manager | Spencer Winepol – VP, Corporate Counsel |
| Paul Laird – Eastern Region Vice President (former Western Region Vice President) | Brian Johnson – Former Associate Corporate Counsel |

6. On October 22, 2024, GEO submitted its proposal identifying search terms and corporate custodians relevant to Issue No. 1 and a separate set of search terms and custodians relevant to Issue No. 3. On October 25, Plaintiffs submitted their initial proposal which purportedly built upon GEO's proposal. Following the second hearing with the Court on October 29, 2024, GEO provided the hit results on Plaintiffs' proposal that same day, which provided hit counts broken down by discovery request numbers, and which resulted in an overall total hit count of 251,262 documents with families. On October 30, Plaintiffs requested updated hit counts and complained that GEO "provided 'unique hits' for each search terms subset" and "not the overall proposal." Plaintiffs requested that GEO "provide Plaintiffs the unique hit counts as against the proposal in its entirety" and provided GEO with an Excel spreadsheet that "lists the complete set of Plaintiffs' proposed search terms as a unified proposal." On November 4, 2024, in a good faith effort to accommodate Plaintiffs' request, GEO provided Plaintiffs with search term results as a "unified proposal," resulting in overall hits with families of 193,566. On November 5, Plaintiffs proposed additional limitations to certain search terms. On November 7, GEO again provided update hit count data that resulted in 116,294 overall hits with families. Plaintiffs submitted that proposal to the Court on November 12 in advance of the November 13 hearing. On November 18, Plaintiffs proposed further limitations to their proposal, including time limitations. On November 21, GEO provided results for this modified proposal, which was 51,028 total hits with families. On November 21, GEO advised Plaintiffs that while the hit results showed a drop in total hits with families, 51,028 documents was still an extremely burdensome amount and that, in any event, Plaintiffs' "unified proposal" was not tailored to the actual Issues in dispute as set forth in the Neutral Statement.

7. GEO has invested heavily in its document collection, review, and production efforts and has produced over 81,000 pages of documents since May 1, 2024. The search terms, date parameters, and custodians identified and utilized by GEO in its document review are designed to, and do, identify relevant documents in accordance with GEO's discovery responses and supplemental responses and directly pertain to the issues in this case, in particular GEO's

handling of HDQ Neutral at the Adelanto Facility for the relevant time period and GEO's knowledge regarding the product's toxicity. These search parameters have resulted in approximately 63,706 hits (with family) for review. GEO attorneys have spent approximately 2,800 hours reviewing documents thus far. A true and correct copy of the search parameters used for each custodian to date are identified is attached hereto **Exhibit E**.

8. I have been informed by U.S. Immigration and Customs Enforcement ("ICE") representative, Angela Fiorentino-Rios, Senior Attorney Government Information Law Division, Office of the Principal Legal Advisor, that information pertaining to certain individuals with special protections under federal law (for example, individuals seeking asylum or victims of domestic violence) is prohibited from disclosure and that it is ICE policy to place a "cone of silence" over any information related to such individuals and not to disclose any information related to such individuals.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 10th day of December 2024 in Irvine, California.

_____
GABRIEL J. PADILLA