UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio corporation,<br><br>Defendants.<br><br>———————————<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>SPARTAN CHEMICAL COMPANY, INC. and ROES 1-10,<br><br>Third-Party Defendants. | Case No. 23-cv-00481-JGB(SHKx)<br><br>[CLASS ACTION]<br><br>**<u>DISCOVERY MATTER</u>**<br><br>**[~~PROPOSED~~] AMENDED PROTECTIVE ORDER**<br><br>Judge: Hon. Jesus G. Bernal<br><br>Magistrate Judge:<br>Hon. Shashi H. Kewalramani<br><br>Trial:  August 5, 2025 |

# 1. PURPOSES, LIMITATIONS, AND GOOD CAUSE

## A. Purposes and Limitations

Discovery in this Action is likely to involve production of confidential, sensitive, proprietary, or private information, including information from the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. The Parties acknowledge that this Amended Protective Order ("Order") does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment and that are designated as confidential as set forth in this Amended Protective Order and as otherwise permissible under the applicable legal principles. No one subject to this Order shall use information designated by another Party or Non-Party in this Action in any other proceedings, including in federal or state legal, administrative, or other proceedings and enforcement actions even if such proceedings or actions involve the same Parties, except to the extent it becomes necessary to institute a new proceeding to enforce a subpoena or other obligation in this Action. The Parties further acknowledge, as set forth in Section 12.1, below, that this Order does not entitle them to file confidential information under seal; rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

This Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) and 45 C.F.R. § 164.512(e) that allows for the limited disclosure of documents or information whose disclosure would otherwise be prohibited by the Privacy Act of 1974 and/or HIPAA, 45 C.F.R. § 164.512, and without presenting Privacy Act or HIPAA objections to this Court for a decision regarding disclosure. As described herein, any Party may mark these documents Confidential or Highly

Confidential-Attorneys' Eyes Only, subject to procedures provided herein for challenging any confidentiality designation.

Moreover, this Protective Order is an order of the Court pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the production of a privileged or work-product-protected document, whether inadvertent or otherwise unintentional, is not a waiver of privilege or protection from discovery as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this case or in any other federal or state legal, administrative, or other proceeding, provided that a request for the return of the privileged or protected material is made promptly after the Producing Party learns of its production. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), law enforcement privilege, deliberative process privilege, governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute an admission that any document disclosed in this Action is subject to any of the foregoing privileges or protections, or that any Party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit Parties from withholding from production or redacting any document covered by any applicable privilege or other protection.

The Parties intend that this Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this Action shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state legal, administrative, or other proceeding, regardless of the standard of care or specific steps taken to prevent disclosure, provided that the Producing Party requests the return of the privileged or protected material promptly after learning of its disclosure. Nothing in this Order shall limit a Party's or Non-Party's right to conduct a pre-production review of

documents as it deems appropriate, nor to challenge the assertion of privilege or the protection.

**B.     Good Cause Statement**

This Action is likely to involve private, personally identifiable information ("PII"), protected health information ("PHI"), employment records, trade secrets or other confidential research, development, competitive, commercial, pricing, financial, technical and/or proprietary information that may be subject to a protective order under Federal Rule of Civil Procedure 26(c)(1)(G), for which special protection from public disclosure and from use for any purpose other than prosecution, defense, and resolution of this Action is warranted. Accordingly, good cause exists to prohibit any person subject to this Order from using confidential information obtained in this Action from any Party or Non-Party, or otherwise, except as provided for herein.

Such confidential, sensitive, and proprietary materials and information may include, among other things, information protected by the Privacy Act of 1974, 5 U.S.C. § 552; information that is law enforcement sensitive (i.e., non-public law enforcement information regarding Government policies, methods, techniques, procedures, guidelines and intelligence); information subject to 8 C.F.R. § 236.6 and associated with detained individuals; investigatory information, "sensitive information" as defined at 48 C.F.R. § 3052.204-71; information that ordinarily may not be disclosed under 8 U.S.C. § 1367 (Violence Against Women Act, T-Visa and U-Visas), 8 U.S.C. § 1186a(c)(4)(C) (Battered Spouse/Child), 8 U.S.C. § 1254a(c)(6) and 8 C.F.R. § 244.16 (Temporary Protected Status), 8 U.S.C. § 1255a(c)(5) and 8 C.F.R. § 210.2(e) (Legalization/Special Agricultural Worker), 8 C.F.R § 208.6 (Asylum Information), 8 C.F.R. § 208.30 (Credible Fear Information), HIPPA as referenced above under Purposes and Limitations, and other Government official information; confidential personal information (including names and other PII, criminal record information, PHI, and other sensitive private information pertaining

to individuals); information contained in individual detainee files (e.g., "A files") subject to disclosure conditions under the Privacy Act, 5 U.S.C. § 552a, or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence; confidential personal information regarding class members and their families, custodians, sponsors, or other persons with whom they may reside; confidential and proprietary business or financial information, such as a trade secret or other confidential research, development, or sensitive commercial information, documents, and testimony; information implicating privacy rights of third parties; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Neither the listing of these categories nor anything else in this good cause statement substitutes for an individualized assessment of documents during production or confers blanket or presumptive confidentiality designations on those documents in the absence of such designations, except as otherwise expressly provided for herein.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties and Non-Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the Action, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

- 4 -
AMENDED PROTECTIVE ORDER

Good cause further exists to enter a Federal Rule of Evidence 502(d) clawback order because such an order that provides more flexibility than the default Rule 502 procedures addresses the Federal Rule of Civil Procedure Rule 1 goals of pursuing a just, speedy, and inexpensive determination by streamlining steps to prevent inadvertent disclosure and providing more flexible timelines for identification and taking corrective action.

**2.    DEFINITIONS**

2.1    Action: this pending federal lawsuit.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and/or that fall within the above-specified categories in the Good Cause Statement. Such information may take the form of, without limitation, (1) testimony given in this Action by any Party (as defined below) or by any Non-Party (whether oral, in writing, or via videotape); (2) documents produced in this Action by any Party or by any Non-Party; (3) written discovery responses given by any Party or Non-Party; (4) any documents or pleadings filed with the Court which attach, contain or disclose any such "CONFIDENTIAL" Information; and (5) the information contained within such documents, testimony or discovery responses so properly designated.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items produced in responses to discovery, disclosures, or otherwise as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information Or Items: Confidential Information that the Designating Party reasonably believes

a)    contains highly sensitive information, the disclosure of which to the persons in Section 7.2 could reasonably or likely result in:

i)    Compromise of the safety or security of GEO facilities (hereinafter, the use of the term "GEO" means and refers to Defendant and Third-Party Plaintiff The GEO Group, Inc., as well as its directors, officers, agents, contractors, and employees);

ii)    Harm or retaliation to individuals, including the named Plaintiffs, potential class members, or Non-Parties;

iii)    Negative effect on the immigration status of any individual; or

iv)    That is otherwise so designated by DHS/ICE in accordance with applicable federal regulations.

b)    contains information protected from disclosure by statute or that should be protected from disclosure as a trade secret or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to the business or competitive position of the Designating Party.

2.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, federal, state, county, or municipal governmental agency, or other legal entity not named as a Party to this Action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12    Party(ies): any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    PHI: means protected health information as the term is used in HIPAA and is defined at 45 C.F.R. § 160.103. Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information in paper, electronic or other media, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    Signatories: all parties to this Action, their counsel, and all Non-Parties that a court may subsequently recognize as a signatory of this qualified protective order.

2.19    HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS: materials sufficient to show the square footage of all living and eating spaces utilized by individuals detained at the Adelanto Immigration and Customs Enforcement Processing Center ("Adelanto Facility"), the placement of furniture, computers, phones, and janitorial closets in those living and eating spaces, or the location and size of the ventilation units or openable windows in those living and eating spaces. Such materials do not include written discovery responses that merely provide volumetric or other data associated with the Adelanto Facility without a diagram or other visual representation of the living and/or eating space.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Amended Protective Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part

of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure, or obtained by the Receiving Party after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge, or as otherwise agreed to by the Parties. This Order does not govern the use of Protected Material at trial.

## 4.   **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   **DESIGNATING PROTECTED MATERIAL**

5.1   Designating Material for Protection. Parties and Non-Parties may designate Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS" where the material meets the requirements listed in Sections 2.3, 2.8, and 2.19, respectively, above.

The Parties agree that, except as to the named Plaintiffs in this Action, information identifying by name individuals who are or were detained at Adelanto Detention Center will be presumptively treated as Confidential, and a Party seeking to use such information in this Action, or in any other legal or administrative proceeding or enforcement action to enforce a subpoena or other obligation in this Action, will be required to refer to such individuals, except for the named Plaintiffs

in this Action, by their initials only, except as necessary to identify the individuals composing any class(es) or subclass(es) of Plaintiffs in this Action and only to the extent the information regarding such individuals is not subject to the non-disclosure confidentiality provisions referenced in the Good Cause Statement in part B above.

5.2    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.3    Any Party May Designate Information Produced by Other Party. Any Party may designate information or documents disclosed by another Party or Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Order by so indicating in writing within 21 days after receipt of said information or documents, providing an identification by relevant document numbers or other means of the document or information (or portion thereof) to be so designated.

5.4    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Paragraph 5.4(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order and with this Paragraph 5.4 requires:

a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL" legend), "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" legend), or "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS" (hereinafter "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS" legend), to each page that contains protected material.

If a Party or Non-Party initially makes original documents available for inspection (e.g., because of the volume of materials and to reduce unnecessary copying), Counsel for the Producing Party need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" legend, as appropriate, to each page that contains Protected Material.  Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container, a label or tag marked "CONFIDENTIAL - Subject to Confidentiality Order." Likewise, tangible objects constituting or containing Highly Confidential-Attorneys' Eyes Only Information may be designated Highly Confidential Information-Attorneys' Eyes Only by affixing to the object or its container, a label or tag marked "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY - Subject to Confidentiality Order."

Notwithstanding the above requirements, (i) health records and (ii) material produced by Immigrations and Customs Enforcement (ICE) under 6 C.F.R. §§ 5.41–5.49 or material owned by or containing ICE information—excluding material that is owned or created by contractors, such as GEO, or that contains solely contractor information—will be presumptively treated as CONFIDENTIAL even if not otherwise so marked.

Notwithstanding the above requirements, if a Party initially makes original documents available for inspection (e.g., to avoid unnecessary copying), in lieu of marking the original of a document which contains Adelanto Schematics prior to such an inspection, Counsel for the Designating Party may in writing designate documents or things being produced for inspection as containing Adelanto Schematics. Any copies of such documents thereafter provided, however, must be marked by the Designating Party, if appropriate, as "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS" at the time copies are formally produced. Tangible objects constituting or containing Adelanto Schematics may be designated "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS" by affixing to the object or its container, a label or tag marked "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS."

b)  for testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days after receipt of a certified transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those

portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Amended Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the 30-day period, if no Party has designated portions of that deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Order, the entire deposition, or those portions of the deposition not designated as confidential, will no longer be considered confidential. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." The Designating Party shall inform the court reporter of these requirements.

   c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS." If only a portion or portions of the information or item warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

   5.5   <u>Inadvertent Failures to Designate</u>. If timely corrected by written notice to the Receiving Party, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

The Designating Party may subsequently designate Discovery Material as Protected Material in the following manner: (a) the Producing Party must give prompt, written notice to Outside Counsel for the Party to whom such documents, testimony, or other information have been disclosed informing them that the information produced is designated Protected Material; (b) Outside Counsel receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistent with such new designation, but shall not be responsible for any disclosure to Non-Parties occurring before receipt of notice; and (c) at its own expense, the Designating Party, within 10 days of providing written notice that a document or documents was inadvertently not designated Protected Material under this provision, will provide the Party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the appropriate designation. Upon receipt of such replacement copies, the Receiving Party shall immediately destroy any copies of the unmarked or incorrectly marked documents, things, information, responses, or testimony; except that the Receiving Party shall not be obligated to destroy any mis-designated material that has become part of the record of this litigation or of a deposition taken pursuant to this litigation. The Receiving Party shall treat such documents, things, information, responses and testimony as Protected Material from the date such notice is received in accordance with the provisions of this Order. The Receiving Party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated information, but shall not be responsible for any disclosure to Non-Parties occurring before receipt of notice.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time before trial. Unless a prompt challenge is necessary to avoid substantial unfairness, unnecessary substantial economic burdens,

or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time the original designation is disclosed.

6.2    Meet and Confer. To challenge a designation, the Challenging Party shall initiate the dispute resolution process by providing the Designating Party and the Named Parties with the Bates number(s) of each designation at issue ("Notice"). No more than 300 challenges may be raised at one time, and any additional challenges may not be brought for a period of at least five (5) days. Within seven (7) days of receipt of the Notice, the Designating Party shall inform the Challenging Party of which documents it will agree to de-designate. Within ten (10) days of receipt of the Notice, the Designating Party and the Challenging Party shall telephonically or via video conference meet and confer to attempt to resolve each remaining challenge in good faith.

6.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after meeting and conferring in good faith with the Designating Party may file and serve a motion that identifies the Protected Material challenged and sets forth the basis for the challenge under the procedures described by Local Rule 37-1 *et seq*. or as otherwise ordered or directed by the District Judge and/or Magistrate Judge assigned to this Action.

6.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous assertions of confidentiality and/or challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party or the Challenging Party, as the case may be, to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. A Receiving Party may not use Protected Material in any other legal or administrative proceeding or enforcement action, except as permitted by order of court, to enforce a subpoena or other obligation in this Action regardless of jurisdiction, or as agreed by the Parties. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "CONFIDENTIAL" only to:

a)    the Receiving Party's insurers and Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b)    the Receiving Party itself, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, each of whom will receive a copy of this Order from Receiving Party prior to disclosure and shall thereby be bound by its terms and obligations upon receipt, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c)    Experts (as defined in this Order) or independent consultants (and their staff) retained by the attorneys for the Receiving Party to whom disclosure is

reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)      the court and its personnel;

e)      court reporters, videographers, and their staff;

f)      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h)      during their depositions, witnesses, attorneys for witnesses, and translators, if any, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness, their attorney, and translator sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court, provided that they return the confidential information after their review of the deposition transcript is complete within the time agreed upon by the Parties. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Amended Protective Order; and

i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

- 17 -
AMENDED PROTECTIVE ORDER

item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

a)      the Receiving Party's Outside Counsel of Record in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b)      Five House Counsel for the Receiving Party itself, but only insofar as such disclosure is reasonably necessary for such Receiving Party to identify facts or witnesses that cannot be identified by reference to materials not designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such discussion or showing of the relevant document(s) shall not include providing the Receiving Party with copies, and the Receiving Party will disclose to the Producing Party the identity of the designated House Counsel five business days in advance of the first disclosure to allow for Court resolution of disputes;

c)      Experts (as defined in this Order) or independent consultants (and their staff) retained by attorneys for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)      the Court and its personnel; and

e)      court reporters, videographers, translators, and their staff;

f)      professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h)      during their depositions, witnesses, attorneys for witnesses, and translator, if any, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness, their attorney, and translator sign the

"Acknowledgment and Agreement to be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential-Attorneys' Eyes Only Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Amended Protective Order; and

i)      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engage in settlement discussions.

7.4     Disclosure of "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS" Information or Items Produced in Electronic Format. Receiving Party will store any electronically produced information or item designated "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS" in a secure, password-protected database.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS," and any notes, mental impressions, depiction, or description thereof, only to:

a)      Outside Counsel of Record for the Receiving Party in this Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Outside Counsel of Record for the Receiving Party will view the designated information or items only in the Receiving Party's secure, password-protected database.  Outside Counsel of Record for the Receiving Party will not create any hard copies of the designated materials except as specified in Sections 7.6 and 12. Outside Counsel of Record for the Receiving Party will not download, take a screenshot of, or otherwise create an electronic copy of the designated materials except as specified in Sections 7.6 and 12;

b)      Experts (as defined in this Order) (and their staff) retained by Counsel for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound"

- 19 -
AMENDED PROTECTIVE ORDER

(Exhibit A).  Experts retained by Counsel for the Receiving Party (and their staff) will view the designated information or items only in the Receiving Party's secure, password-protected database.  Experts retained by Counsel for the Receiving Party (and their staff) will not create any hard copies of the designated materials and will not download, take a screenshot of, or otherwise create an electronic copy of the designated materials;

        c)    the Court and its personnel;

        d)    court reporters, translators, and their staff;

        e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        f)    during their depositions, witnesses, and attorneys for witnesses, who are currently employed by The GEO Group, Inc. or U.S. Immigration and Customs Enforcement, or their affiliates or contractors, or who created or received the documents or other items;

        g)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engage in settlement discussions.

    7.5    Disclosure of "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS" Information or Items Produced in Hard Copy Format. If the Designating Party produces any Adelanto Schematic only in hard copy format, a Receiving Party must adhere to the following limitations:

        a)    A Receiving Party may make no more than eight (8) hard copies of the Adelanto Schematics for circulation to the Outside Counsel of Record for the Receiving Party and their Experts who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

        b)    Outside Counsel of Record for the Receiving Party shall identify one attorney with responsibility for maintaining and tracking the location of each copy of the Adelanto Schematics at all times (the "Tracking Attorney");

    c)    The Tracking Attorney shall keep a log of the circulation of the original and each copy of the Adelanto Schematics, including:

      i.    the name of the recipient;

      ii.    which copy of the schematics was sent or delivered to the recipient;

      iii.    the date of the transmission to the recipient;

      iv.    the date the copy was returned to Tracking Attorney; and

      v.    the method of transmission between the Tracking Attorney and the recipient.

    d)    Any dissemination of a copy of the Adelanto Schematics that is not accomplished by personal delivery shall require a signature on receipt by the recipient or the recipient's agent.

7.6    <u>Disclosure of "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS" Information or Items During a Deposition.</u>  A Receiving Party may make, but not retain, no more than three (3) hard copies or one (1) electronic copy of any Adelanto Schematic for each deposition in which the witness will be asked about the Adelanto Schematics for use by the court reporter, the witness, and the witness's counsel during the deposition.**8.**

## **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation or administrative proceeding that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS," that Party must:

    a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b)    promptly notify in writing the party who caused the subpoena or

order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Amended Protective Order; and

c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-AEO-ADELANTO SCHEMATICS." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including negotiating a separate protective order with any third party, provided that all Parties to this Action are included in the negotiation of such agreement and ultimately agree to the terms of such agreement.

b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and either the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material or disclosure of the information is prohibited by federal statute or regulation, state law, or other prohibition, then the Party shall:

        1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party or to the limitations of federal statute or regulation, state law, or other prohibition;

        2.      promptly provide the Non-Party with a copy of the Amended Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested or sought to be produced;

        3.      make the information requested available for inspection by the Non-Party, if requested; and

        4.      If the Non-Party's review is reasonably expected to delay production for more than two (2) weeks, the Party shall provide a reasonably specific description of the information it contends are subject to the Non-Party's review.

        c)      If the Non-Party fails to seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request, except for that information prohibited from disclosure by federal statute or regulation or state law. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party or prohibited from disclosure by federal statute or regulation, state law, or otherwise before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

d)      Nothing contained herein shall be construed to restrict the ability of a Non-Party from objecting to disclosure of information within its possession, custody, and control pursuant to any applicable federal or state law or otherwise. These include, but are not limited to, information covered by the Department of Homeland Security's ("DHS") *Touhy* regulations, 6 C.F.R. §§ 5.41 et seq.

**10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Amended Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures, including what was disclosed and to whom, (b) use its best efforts to retrieve all unauthorized copies of the Protected Materials improperly disclosed, (c) inform the person or persons to whom such unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The inadvertent disclosure of a document that a Producing Party believes is subject to privilege or work product protection shall not constitute a waiver or estoppel of any such privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding, provided that a request for the return of the privileged or protected material is made promptly after the Producing Party learns of its production. The Parties intend that this Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this Action shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state legal, administrative, or other proceeding, regardless of the standard

of care or specific steps taken to prevent disclosure, provided that the Producing Party requests the return of the privileged or protected material promptly after learning of its disclosure.

In the event of such inadvertent disclosure, the Producing Party may provide the Receiving Parties with written notice of same and request that all copies of any such documents be returned, whereupon the Receiving Parties shall promptly return all copies of such documents, delete them from their files, destroy all notes or other work product that reflect them and the information contained therein, shall not use or disclose the documents or the information contained therein in any way, and shall certify to the Producing Party that the document(s) and copies have been destroyed. This provision is not intended to modify whatever procedure may be established in the ESI Protocol that will be entered in this case.

If a Receiving Party discovers a document, or part thereof, produced by a Producing Party appears to be privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party. Within five (5) days of confirmation from the Producing Party that the identified document contains produced privileged information and the request to comply with this Order, the Receiving Party shall promptly return all copies of such documents, delete them from its files, destroy all notes or other work product that reflect them and the information contained therein, and shall not use or disclose the documents or the information contained therein in any way, and shall certify to the Producing Party that the document(s) and copies have been destroyed. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the Producing Party to the Receiving Party. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, and the information was disclosed prior to the Receiving Parties being notified, the Receiving Parties must so notify the Producing Party of the disclosure and of any efforts to retrieve the documents or information.

- 25 -
AMENDED PROTECTIVE ORDER

**12.    FILING PROTECTED MATERIAL IN COURT.**

12.1    <u>Filing Protected Materials</u>. If a Party seeks to file Protected Material in court, absent agreement from the Designating Party, it must seek to do so under seal. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. Notwithstanding the provisions of Section 7.4 and 7.5, the Receiving Party may create electronic or hard copies of any Adelanto Schematics for the purpose of filing the material with the Court. Notwithstanding the provisions of this paragraph, the Signatories to this Amended Protective Order agree to cooperate in any request to seal or redact Confidential or Highly Confidential-Attorneys' Eyes Only Information that contains PHI, asylum or refugee information, or other information described in 8 U.S.C. § 1367, 8 U.S.C. § 1186a(c)(4)(C), 8 U.S.C. § 1254a(c)(6) and 8 C.F.R. § 244.16, or 8 U.S.C. § 1255a(c)(5) and 8 C.F.R. § 210.2(e) as described in the Good Cause Statement in part B above.

12.2    This Order does not govern the treatment of Protected Material at trial, which shall be raised by the Parties but separately addressed by the Court.

**13.    SECURITY AND DATA BREACH**

a)    Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity, including complying with all applicable laws and regulations governing such Protected Material.

b)    Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction. Such measures shall include:

    1) Reasonably preventing unauthorized persons from gaining access to Protected Material (physical access control);

    2) Reasonably preventing Protected Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

    3) Reasonably ensuring that persons entitled to use Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, modified or deleted without authorization (data access control);

    4) Reasonably ensuring that Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material by means of data transmission facilities can be established and verified (data transfer control); and

    5) Reasonably ensuring that Protected Material is processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

    c)     If the Receiving Party discovers a breach of security relating to the Protected Material of another Party, the Receiving Party shall: (1) provide written notice to Designating Party of such breach no later than twenty-four (24) hours of Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach.

    If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give

- 27 -
AMENDED PROTECTIVE ORDER

the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to provide reasonable cooperation to the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

**14.    MISCELLANEOUS**

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by stipulation of the Parties or by the Court in the future.

14.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Amended Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Right to Appropriately Withhold or Redact. Notwithstanding the provisions of this Order, Parties may redact from any document, whether designated Protected Material or not, any information containing privileged material, or any other data protected from disclosure by State or Federal law or otherwise, but will log any redacted or withheld information on a log with information sufficient for the Receiving Party to identify the basis for the redaction or withholding and challenge it as necessary. For information subject to 8 U.S.C. § 1367, 8 U.S.C. § 1186a(c)(4)(C), 8 U.S.C. § 1254a(c)(6) and 8 C.F.R. § 244.16, 8 U.S.C. § 1255a(c)(5) and 8 C.F.R. § 210.2(e),  8 C.F.R § 208.6, or 8 C.F.R. § 208.30, as described in the Good Cause Statement in part B above, a Party or Non-Party may indicate—by citing to specific laws, statutes, or regulations—the redactions were made pursuant to "Federal confidentiality statutes and/or regulations prohibiting disclosure" or may refer to these statutes and regulations collectively so as not to disclose the actual basis for

- 28 -
AMENDED PROTECTIVE ORDER

withholding the information, which itself is subject of protection. The Parties agree that productions of PHI may require additional safeguards pursuant to federal or state regulations or privacy obligations and will meet and confer to implement these safeguards if and when needed.

The Designating Party may redact any portions of Adelanto Schematics that feature the schematics of secure areas at Adelanto where detainees are not permitted or allowed to be. However, the Designating Party may not redact any portions of the ventilation system, windows, doors, or any other feature through which air flows to, from, or between areas where detainees are permitted or allowed to be. The Designating Party will also log any such redacted information on a log with information sufficient for the Receiving Party to identify the basis for the redaction and challenge it as necessary.

## 15.    FINAL DISPOSITION

15.1    Return or Destroy Protected Materials. After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must use commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

15.2    Certification of Return or Destruction. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

15.3.    Use of Archival or Backup Data. Notwithstanding this provision,

- 29 -
AMENDED PROTECTIVE ORDER

Counsels are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Counsel also shall not be required to delete Protected Material that may reside on their respective Parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or Protected Material that may reside in electronic files which are not reasonably accessible. However, Parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

**16.    VIOLATIONS**

16.    Any violation of this Order may be punished by any and all appropriate Measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated: January 17, 2025                SOCIAL JUSTICE LEGAL FOUNDATION

By: _____
Ashley Artmann
Sara Haji

*Attorneys for Plaintiffs*

Dated: January 17, 2025                HUESTON HENNIGAN LLP

By: _____
John C. Hueston
Emily Michael Munson

*Attorneys for Plaintiffs*

- 30 -
AMENDED PROTECTIVE ORDER

Dated: _____

EDGCOMB LAW GROUP, LLP

By: _____

Tiffany R. Hedgpeth
Gabriel J. Padilla

*Attorneys for Defendant and Third-Party Plaintiff The GEO Group, Inc.*

Dated: _____

EDLIN GALLAGHER HUIE + BLUM

By: _____

Fred M. Blum
Michael E. Gallagher
Daniel Trowbridge
*Attorneys for Defendant and Third-Party Plaintiff The GEO Group, Inc.*

Dated: _____

PIERSON FERDINAND LLP

By: _____

David D. Mesa

*Attorneys for Defendant and Third-Party Defendant Spartan Chemical Company, Inc.*

- 31 -
AMENDED PROTECTIVE ORDER

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  01/17/2025

Shashi H. Kewalramani
United States Magistrate Judge

AMENDED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address and telephone number], declare under penalty of perjury that I have read in its entirety and understand the Amended Protective Order issued by the Honorable Shashi K. Kewalramani in the case of *Ronduen et al. v. The GEO Group*, Case No. 23-cv-00481-JGB(SHKx). I agree to comply with and to be bound by all the terms of this Amended Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Protective Order to any person or entity except in strict compliance with the provisions of the Amended Protective Order.

I further agree to submit to the sole jurisdiction of the federal district court for the Central District of California for the purpose of enforcing the terms of this Amended Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Amended Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, at _____.

Signature: _____

- 33 -
AMENDED PROTECTIVE ORDER