DAVID D. MESA (SBN 257488)
**PIERSON FERDINAND LLP**
2100 Geng Road, Suite 210
Palo Alto, CA 94303
Telephone:  415.915.4415
Facsimile:  415.890.4845
*david.mesa@pierferd.com*

Attorneys for Defendant and Third-Party Defendant
SPARTAN CHEMICAL COMPANY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN, et al., | Case No.:  5:23-cv-00481 JGB-SHK |
| Plaintiffs, | [CLASS ACTION] |
| v. | **SPARTAN CHEMICAL COMPANY, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio corporation. | |
| Defendants. | |
| | **Trial Date:** August 5, 2025 |
| THE GEO GROUP, INC., a Florida corporation, | **Complaint Filed:** March 20, 2023 |
| Third-Party Plaintiff, | **FAC Filed:** January 6, 2025 |
| v. | |
| SPARTAN CHEMICAL COMPANY, INC. and ROES 1-10; | |
| Third-Party Defendants. | |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant and Third Party Defendant Spartan Chemical Company, Inc. ("Spartan" or

"Defendant") hereby answers the First Amended Class Action Complaint for Damages of Plaintiffs Ligaya Ronduen, Carlos Castillo, Miriam Jeannette Scheetz, Wilfredo Gonzalez Mena, Somboon Phaymany, and Yolanda Mendoza ("First Amended Complaint") as follows:

**ANSWER TO THE FIRST AMENDED CLASS ACTION COMPLAINT**

## I.    INTRODUCTION

1.    Paragraph 1 states legal conclusions to which no response is required. To the extent any response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies same.

2.    Paragraph 2 states legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in Paragraph 2.

3.    In response to Paragraph 3, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies same.

4.    In response to Paragraph 4, Spartan admits that in early 2020, the United States Department of Health and Human Services declared COVID-19 a public health crisis. The remainder of the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required as to the remainder of these allegations, Spartan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore denies same.

5.    In response to Paragraph 5, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies same.

6.     In response to Paragraph 6, Spartan admits that GEO limited Spartan from visiting the Adelanto Facility for a period of time in 2020.  The remainder of the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required as to the remainder of these allegations, Spartan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore denies same.

7.     In response to Paragraph 7, Spartan admits that HDQ Neutral is red/light red in color and on information and belief, was used as a cleaning disinfectant at the Adelanto Facility prior to and during 2020.  The remainder of the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required as to the remainder of these allegations, Spartan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore denies same.

8.     In response to Paragraph 8, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies same.

9.     In response to Paragraph 9, Spartan admits that on or about January 7, 2020, it executed a Statement of Work Agreement with GEO ("SOW").  The SOW speaks for itself.  Spartan denies the allegations in Paragraph 9 to the extent they are inconsistent with the referenced SOW. Spartan denies the remaining allegations directed at Spartan in Paragraph 9, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies same.

10.     In response to Paragraph 10, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies same.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

11.     In response to Paragraph 11, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies same.

12.     In response to Paragraph 12, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies same.

13.     In response to Paragraph 13, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies same.

14.     In response to Paragraph 14, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies same.

15.     Spartan denies each and every allegation in Paragraph 15 to the extent they pertain to Spartan. The remainder of the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required as to the remainder of these allegations, Spartan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore denies same.

16.     In response to Paragraph 16, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies same.

17.     In response to Paragraph 17, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies same.

18. In response to Paragraph 18, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies same.

19. Spartan denies each and every allegation in Paragraph 19 to the extent they pertain to Spartan. Paragraph 19 also states legal conclusions to which no response is required. To the extent any response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies same.

20. Paragraph 20 states legal conclusions to which no response is required. To the extent any response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies same.

21. Paragraph 20 states legal conclusions to which no response is required. To the extent any response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies same.

## II. JURISDICTION AND VENUE

22. Spartan admits that Plaintiffs have brought this action pursuant to 28 U.S.C. § 1332(d). Spartan also admits its headquarters are located in Ohio, and on information and belief, GEO's headquarters are located in Florida. Spartan is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 22, and therefore denies same.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in Paragraph 23 because the proper venue for a dispute relating to Spartan's

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Conditions of Purchase Order is in the Courts of Toledo, Ohio.

## III.    PARTIES

24.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies same.

25.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies same.

26.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies same.

27.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies same.

28.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies same.

29.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies same.

30.    In response to Paragraph 30, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies same.

31.    Spartan admits it is a privately owned company with headquarters in Maumee, Ohio, and has one wholly owned subsidiary.  Spartan admits that in 2020 it invoiced certain goods to GEO, including HDQ Neutral, and provided GEO with HDQ Neutral Product Labels; HDQ Neutral Safety Data Sheet (SDS); HDQ Neutral User Prepared Safety Summary Sheets (SSS); HDQ Neutral Product Specification Sheet; and HDQ Neutral Efficacy Bulletin.  Spartan admits Spartan and/or its authorized distributor representatives provided certain services to GEO. Spartan denies it maintained signage at the Adelanto Facility and denies it provided warnings for HDQ Neutral other than those warnings that are set by EPA. Spartan denies the remainder of the allegations in Paragraph 31.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## IV. FACTUAL ALLEGATIONS

**A.** **The allegations in Section IV, Heading A are not directed at Spartan, and therefore, no response is required. To the extent any response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

32. In response to Paragraph 32, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies same.

33. In response to Paragraph 33, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies same.

34. In response to Paragraph 34, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies same.

35. In response to Paragraph 35, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies same.

36. In response to Paragraph 36, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies same.

37. In response to Paragraph 37, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies same.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**B.    The allegations in Section IV, Heading B are not directed at Spartan, and therefore, no response is required. To the extent any response is required, Spartan admits it has sold disinfectant and cleaning products to GEO for use at the Adelanto Facility prior to and in 2020.  Spartan is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this Heading, and therefore denies same.**

38.    In response to Paragraph 38, Spartan admits it has invoiced GEO for the purchase of disinfecting and cleaning products since at least 2017. On information and belief, GEO previously purchased certain Spartan products directly from authorized distributors.

39.    In response to Paragraph 38, Spartan admits that on or about January 7, 2020, it executed a Statement of Work Agreement with GEO ("SOW").  The SOW speaks for itself.  Spartan denies the allegations in Paragraph 39 to the extent they are inconsistent with the referenced SOW.

40.    The SOW speaks for itself.  Spartan denies the allegations in Paragraph 40 to the extent they are inconsistent with the referenced SOW.

41.    In response to Paragraph 41, Spartan admits certain employees earned commissions on orders of products that GEO placed under the SOW.

**C.    The allegations in Section IV, Heading C are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

**1.    The allegations in Section IV, Heading C1 state legal conclusions to which no response is required. To the extent any response is required, Spartan admits HDQ Neutral is registered by the Environmental Protection Agency ("EPA") EPA), holding EPA registration number 10324-155-5741.**

42.    Spartan admits the allegations in Paragraph 42.

43.    In response to Paragraph 43, Spartan admits that HDQ Neutral is approved for use as a diluted disinfectant in industrial and institutional settings. Spartan admits that HDQ Neutral sub-registrant, EPA registration number 10324-155-5741, is not available directly to consumers at retail stores.  On information

and belief, the same master EPA formulation for HDQ Neutral is marketed under different brand names direct to household consumers through various websites, including Amazon and Walmart. Spartan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and therefore denies same.

44. In response to Paragraph 44, Spartan admits HDQ Neutral does contain DDAC and ADBAC. Spartan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and therefore denies same.

45. In response to Paragraph 45, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies same.

46. In response to Paragraph 46, Spartan admits all HDQ Neutral products have EPA-approved product labels (direct from master label of primary registrant) in compliance with all federal requirements under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The master label of primary registrant and HDQ Neutral Label identify hazards and speak for themselves. Spartan denies the allegations in Paragraph 46 to the extent they are inconsistent with the master label of primary registrant and HDQ Neutral Label.

47. In response to Paragraph 47, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies same.

48. In response to Paragraph 48, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies same.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

49. In response to Paragraph 49, Spartan admits it provided GEO Group with: HDQ Neutral Product Labels; HDQ Neutral Safety Data Sheet (SDS); HDQ Neutral User Prepared Safety Summary Sheets (SSS); HDQ Neutral Product Specification Sheet; and HDQ Neutral Efficacy Bulletin.  Spartan denies the remainder of the allegations in Paragraph 49.

**2.      The allegations in Section IV, Heading C2 state legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations directed at Spartan in this Heading, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Heading, and therefore denies same.**

50.      In response to Paragraph 50, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is informed and believes GEO used HDQ Neutral at the Adelanto Facility prior to and in 2020.  Spartan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, and therefore denies same.

51.      In response to Paragraph 51, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies same.

52.      In response to Paragraph 52, Spartan admits it provided GEO with HDQ Neutral Product Labels; HDQ Neutral Safety Data Sheet (SDS); HDQ Neutral User Prepared Safety Summary Sheets (SSS); HDQ Neutral Product Specification Sheet; and HDQ Neutral Efficacy Bulletin.  Spartan denies the remaining allegations directed at Spartan in Paragraph 52, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and therefore denies same.

53.      In response to Paragraph 53, the HDQ Neutral Product Label and HDQ Neutral Safety Data Sheet (SDS) speak for themselves.  Spartan denies the

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

allegations in Paragraph 53 to the extent they are inconsistent with the referenced Product Label and SDS.  Spartan is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 53 in light of their generality and vagueness, and therefore denies same.

**3.     The allegations in Section IV, Heading C3 are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

54.     In response to Paragraph 54, Spartan admits that in early 2020, a public health crisis and national emergency concerning COVID-19 in the United States was declared.  Spartan is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 54, and therefore denies same.

55.     Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies same.

56.     In response to Paragraph 56, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies same.

57.     In response to Paragraph 57, Spartan admits that in 2020, GEO restricted access to the Adelanto Facility and Spartan was not allowed inside during a period of time in 2020.  Spartan is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 57, and therefore denies same.

58.     Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies same.

59.     Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies same.

60.     In response to Paragraph 60, Spartan is aware of the EPA July 2020

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Final Inspection Report ("EPA Report"), which speaks for itself. Spartan denies that HDQ Neutral dispensers at Adelanto Facility were set to dispense or actually dispensed at 2 ounces per gallon and admits that quat strip testing conducted by Spartan and Spartan's authorized distributor during June 2020 and July 2020 reflected proper dilution. The remainder of the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required as to the remainder of these allegations, Spartan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, and therefore denies same.

61. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies same.

62. In response to Paragraph 62, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore denies same.

63. In response to Paragraph 63, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore denies same.

**4. The allegations in Section IV, Heading C4 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

64. In response to Paragraph 64, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and therefore denies same.

65. In response to Paragraph 65, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required,

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore denies same.

66.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and therefore denies same.

67.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies same.

68.    In response to Paragraph 68, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies same.

69.    In response to Paragraph 69, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies same.

70.    In response to Paragraph 70, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies same.

**5.    The allegations in Section IV, Heading C5 are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

71.    In response to Paragraph 71, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies same.

72.    In response to Paragraph 72, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the

13

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

truth of the allegations in Paragraph 72, and therefore denies same.

73.    In response to Paragraph 73, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies same.

74.    In response to Paragraph 74, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies same.

75.    In response to Paragraph 75, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore denies same.

76.    In response to Paragraph 76, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore denies same.

77.    In response to Paragraph 77, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore denies same.

**6.    The allegations in Section IV, Heading C6 are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

78.    In response to Paragraph 78, the HDQ Neutral SDS speaks for itself.  Spartan denies the allegations in Paragraph 78 to the extent they are inconsistent with the referenced SDS.

79.    In response to Paragraph 79, the allegations are not directed at Spartan,

and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore denies same.

80.    In response to Paragraph 80, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore denies same.

81.    In response to Paragraph 81, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore denies same.

82.    In response to Paragraph 82, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore denies same.

83.    In response to Paragraph 83, the EPA Report and Notice of Warning speaks for itself.  Spartan denies the allegations in Paragraph 83 to the extent they are inconsistent with the referenced EPA Report and Notice of Warning.

84.    In response to Paragraph 84, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies same.

85.    In response to Paragraph 85, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore denies same.

86.    In response to Paragraph 86, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and therefore denies same.

87.   In response to Paragraph 87, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore denies same.

88.   In response to Paragraph 88, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore denies same.

**7.   The allegations in Section IV, Heading C3 are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

89.   The SDS, Product Label, and efficacy bulletin for HDQ Neutral speak for themselves.  Spartan denies the allegations in Paragraph 89 to the extent they are inconsistent with the referenced SDS, Product Label, and efficacy bulletin for HDQ Neutral, including to the extent the Product Label also states general deodorization for use at 1-2 ounces per gallon.

90.   In response to Paragraph 90, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore denies same.

91.   In response to Paragraph 91, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore denies same.

92.   In response to Paragraph 92, Spartan admits HDQ Neutral Product Labels; HDQ Neutral Safety Data Sheet (SDS); HDQ Neutral User Prepared Safety

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Summary Sheets (SSS); HDQ Neutral Product Specification Sheet; and HDQ Neutral Efficacy Bulletin were available to GEO at all relevant times. Spartan denies that HDQ Neutral was dispensed from dispensing equipment at 2 ounces per gallon. Spartan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92, and therefore denies same.

93.    Spartan denies the first sentence of Paragraph 93. Spartan admits certain employees of Spartan and Spartan's authorized distributor conducted periodic visits to the Adelanto Facility from 2017 to 2020, accompanied by GEO staff. Spartan is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 93, and therefore denies same.

94.    In response to Paragraph 94, Spartan admits certain employees of Spartan and Spartan's authorized distributor conducted periodic visits to the Adelanto Facility prior to and in 2020. Spartan denies the remaining allegations in Paragraph 94.

95.    Spartan denies the allegations in Paragraph 95.

96.    Spartan denies each and every allegation directed at Spartan in Paragraph 96, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96, and therefore denies same.

97.    In response to Paragraph 97, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and therefore denies same.

98.    The EPA Report and Notice of Warning speak for themselves. Spartan denies the allegations in Paragraph 98 to the extent they are inconsistent with the referenced EPA Report and Notice of Warning. Spartan denies each and every allegation directed at Spartan in Paragraph 98, and is without knowledge or

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98, and therefore denies same.

**D.    The allegations in Section IV, Heading D are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

**1.    The allegations in Section IV, Heading D1 are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

99.    In response to Paragraph 99, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore denies same.

100.    In response to Paragraph 100, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and therefore denies same.

101.    In response to Paragraph 101, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and therefore denies same.

102.    In response to Paragraph 102, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore denies same.

103.    In response to Paragraph 103, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

truth of the allegations in Paragraph 103, and therefore denies same.

> 2. **The allegations in Section IV, Heading D2 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

104. In response to Paragraph 104, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore denies same.

105. In response to Paragraph 105, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore denies same.

106. In response to Paragraph 106, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore denies same.

107. In response to Paragraph 107, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and therefore denies same.

108. In response to Paragraph 108, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and therefore denies same.

109. In response to Paragraph 109, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and therefore denies same.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**3. The allegations in Section IV, Heading D3 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

110. In response to Paragraph 110, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and therefore denies same.

111. In response to Paragraph 111, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and therefore denies same.

112. In response to Paragraph 112, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and therefore denies same.

113. In response to Paragraph 113, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore denies same.

114. In response to Paragraph 114, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore denies same.

**4. The allegations in Section IV, Heading D4 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Heading, and therefore denies same.**

115. In response to Paragraph 115, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required,

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and therefore denies same.

116. In response to Paragraph 116, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and therefore denies same.

117. In response to Paragraph 117, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore denies same.

118. In response to Paragraph 118, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and therefore denies same.

119. In response to Paragraph 119, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies same.

120. In response to Paragraph 120, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore denies same.

121. In response to Paragraph 121, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies same.

122. In response to Paragraph 122, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required,

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and therefore denies same.

123.   In response to Paragraph 123, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and therefore denies same.

5.   **The allegations in Section IV, Heading D5 state legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in this Heading.**

124.   Spartan admits Spartan or Spartan's authorized distributor may have installed, adjusted, and/or maintained certain chemical dispensers located at the Adelanto Facility.  Spartan denies the remaining allegations directed at Spartan in Paragraph 124, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124, and therefore denies same.

125.   Spartan denies each and every allegation directed at Spartan in Paragraph 125, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125, and therefore denies same.

6.   **The allegations in Section IV, Heading D6 state legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in this Heading Spartan denies the allegations in this Heading.**

126.   Spartan admits all HDQ Neutral products have EPA-approved product labels (direct from master label of primary registrant) in compliance with all federal requirements under FIFRA.  In addition to EPA-approved HDQ Neutral labels on every HDQ Neutral product, Spartan admits it provided GEO with HDQ Neutral Safety Data Sheet (SDS); HDQ Neutral User Prepared Safety Summary Sheets (SSS); HDQ Neutral Product Specification Sheet; and HDQ Neutral Efficacy Bulletin.  Spartan denies the remaining allegations directed at Spartan in Paragraph

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

126, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126, and therefore denies same.

127. Spartan denies the allegations in Paragraph 127.

**a) The allegations in Section IV, Heading D6a state legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in this Heading.**

128. In response to Paragraph 128, Spartan admits it has provided GEO with certain containment cages. In response to the second sentence, Spartan admits that the Product Label speaks for itself, and denies the second sentence to the extent it is inconsistent with the referenced Product Label. Spartan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128, and therefore denies same.

129. In response to Paragraph 129, Spartan is without knowledge or information sufficient to form a belief as to the truth of the first sentence, and therefore denies same. In response to the second sentence, Spartan admits that the HDQ Neutral Product Label speaks for itself, and denies the second sentence to the extent it is inconsistent with the referenced HDQ Neutral Product Label. Spartan denies the remaining allegations directed at Spartan in Paragraph 129, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129, and therefore denies same.

**b) The allegations in Section IV, Heading D6b state legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in this Heading.**

130. Spartan denies the allegations in Paragraph 130.

131. The HDQ Neutral and hdqC2 Product Labels speak for themselves. Spartan denies the allegations in Paragraph 131 to the extent they are inconsistent with the referenced Product Labels.

132. Spartan denies each and every allegation directed at Spartan in

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Paragraph 132, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132, and therefore denies same.

**7.      The allegations in Section IV, Heading 7 state legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in this Heading.**

133.   Spartan denies that HDQ Neutral dispensers at Adelanto Facility were set to dispense at 2 ounces per gallon and admits that quat strip testing conducted by Spartan and Spartan's authorized distributor during June 2020 and July 2020 reflected proper dilution.  Spartan denies the remaining allegations directed at Spartan in Paragraph 133, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133, and therefore denies same.

**8.      The allegations in Section IV, Heading 8 state legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in this Heading.**

134.   Paragraph 134 states legal conclusions to which no response is required.  To the extent any response is required, Spartan denies each and every allegation directed at Spartan in Paragraph 134, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134, and therefore denies same.

**a)   The allegations in Section IV, Heading 8a state legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in this Heading.**

135.   Paragraph 135 states legal conclusions to which no response is required.  To the extent any response is required, Spartan denies each and every allegation directed at Spartan in Paragraph 135, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135, and therefore denies same.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**b) The allegations in Section IV, Heading 8b state legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in this Heading.**

136.    Paragraph 136 states legal conclusions to which no response is required.  To the extent any response is required, Spartan denies each and every allegation directed at Spartan in Paragraph 136, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136, and therefore denies same.

137.    Paragraph 137 states legal conclusions to which no response is required.  To the extent any response is required, Spartan denies each and every allegation directed at Spartan in Paragraph 137, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137, and therefore denies same.

138.    Paragraph 138 states legal conclusions to which no response is required.  To the extent any response is required, Spartan denies each and every allegation directed at Spartan in Paragraph 138, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137, and therefore denies same.

139.    Paragraph 139 states legal conclusions to which no response is required.  To the extent any response is required, Spartan admits all HDQ Neutral products have EPA-approved product labels (direct from master label of primary registrant) in compliance with all federal requirements under FIFRA).  Spartan denies the remaining allegations directed at Spartan in Paragraph 139, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139, and therefore denies same.

140.    Paragraph 140 states legal conclusions to which no response is required.  To the extent any response is required, Spartan admits all HDQ Neutral products have EPA-approved product labels (direct from master label of primary registrant) in compliance with all federal requirements under FIFRA.  Spartan

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

denies the remaining allegations directed at Spartan in Paragraph 140, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140, and therefore denies same.

141. Paragraph 141 states legal conclusions to which no response is required. To the extent any response is required, Spartan denies each and every allegation directed at Spartan in Paragraph 141, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141, and therefore denies same.

142. Paragraph 142 states legal conclusions to which no response is required. To the extent any response is required, Spartan admits that on or about January 7, 2020, it executed a SOW with GEO, which speaks for itself. Spartan denies each and every remaining allegation directed at Spartan in Paragraph 142, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142, and therefore denies same.

**c) The allegations in Section IV, Heading 8c state legal conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in this Heading.**

143. In response to Paragraph 143, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, and therefore denies same.

144. Spartan denies each and every allegation directed at Spartan in Paragraph 144, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144, and therefore denies same.

145. Spartan denies each and every allegation directed at Spartan in Paragraph 145, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145, and therefore denies same.

**9. The allegations in Section IV, Heading 9 state legal**

26

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**conclusions to which no response is required. To the extent any response is required, Spartan denies the allegations in this Heading.**

146.    Spartan admits it produced sales information, which speak for themselves.  Spartan denies the allegations in Paragraph 146 to the extent they are inconsistent with Spartan's documents produced containing sales information. Spartan denies each and every remaining allegation directed at Spartan in Paragraph 146, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146, and therefore denies same.

### V.    NAMED PLAINTIFFS' FACTUAL ALLEGATIONS

147.    In response to Paragraph 147, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and therefore denies same.

148.    In response to Paragraph 148, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and therefore denies same.

149.    In response to Paragraph 149, the allegations are not directed at Spartan, and therefore, no response is required.  To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and therefore denies same.

**Plaintiff Ligaya Ronduen**

150.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, and therefore denies same.

151.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, and therefore denies same.

152.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, and therefore denies same.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

153. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and therefore denies same.

154. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, and therefore denies same.

155. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, and therefore denies same.

156. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and therefore denies same.

157. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157, and therefore denies same.

158. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158, and therefore denies same.

159. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159, and therefore denies same.

160. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160, and therefore denies same.

161. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161, and therefore denies same.

162. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, and therefore denies same.

163. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163, and therefore denies same.

164. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, and therefore denies same.

165. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165, and therefore denies same.

166. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, and therefore denies same.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

167.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167, and therefore denies same.

168.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, and therefore denies same.

169.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169, and therefore denies same.

**Plaintiff Carlos Castillo**

170.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, and therefore denies same.

171.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171, and therefore denies same.

172.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172, and therefore denies same.

173.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173, and therefore denies same.

174.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174, and therefore denies same.

175.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and therefore denies same.

176.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176, and therefore denies same.

177.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and therefore denies same.

178.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, and therefore denies same.

179.    Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179, and therefore denies same.

180.    Spartan is without knowledge or information sufficient to form a belief

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

as to the truth of the allegations in Paragraph 180, and therefore denies same.

181. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, and therefore denies same.

182. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, and therefore denies same.

183. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183, and therefore denies same.

184. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184, and therefore denies same.

185. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185, and therefore denies same.

**Plaintiff Miriam Scheetz**

186. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186, and therefore denies same.

187. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187, and therefore denies same.

188. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188, and therefore denies same.

189. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, and therefore denies same.

190. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190, and therefore denies same.

191. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191, and therefore denies same.

192. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, and therefore denies same.

193. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and therefore denies same.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

194.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194, and therefore denies same.

195.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195, and therefore denies same.

196.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196, and therefore denies same.

197.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197, and therefore denies same.

198.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198, and therefore denies same.

199.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199, and therefore denies same.

200.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200, and therefore denies same.

201.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and therefore denies same.

202.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, and therefore denies same.

203.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203, and therefore denies same.

204.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, and therefore denies same.

205.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, and therefore denies same.

206.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and therefore denies same.

207.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207, and therefore denies same.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

208.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208, and therefore denies same.

209.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209, and therefore denies same.

210.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210, and therefore denies same.

211.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211, and therefore denies same.

212.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and therefore denies same.

213.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and therefore denies same.

**Plaintiff Wilfredo Gonzalez Mena**

214.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214, and therefore denies same.

215.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215, and therefore denies same.

216.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216, and therefore denies same.

217.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217, and therefore denies same.

218.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218, and therefore denies same.

219.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219, and therefore denies same.

220.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220, and therefore denies same.

221.   Spartan is without knowledge or information sufficient to form a belief

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

as to the truth of the allegations in Paragraph 221, and therefore denies same.

222.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222, and therefore denies same.

223.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223, and therefore denies same.

**Plaintiff Somboon Phaymany**

224.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224, and therefore denies same.

225.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225, and therefore denies same.

226.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226, and therefore denies same.

227.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227, and therefore denies same.

228.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228, and therefore denies same.

229.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229, and therefore denies same.

230.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230, and therefore denies same.

231.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231, and therefore denies same.

232.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232, and therefore denies same.

233.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233, and therefore denies same.

234.   Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234, and therefore denies same.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**Plaintiff Yolanda Mendoza**

235. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235, and therefore denies same.

236. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236, and therefore denies same.

237. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, and therefore denies same.

238. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238, and therefore denies same.

239. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239, and therefore denies same.

240. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, and therefore denies same.

241. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241, and therefore denies same.

242. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and therefore denies same.

243. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243, and therefore denies same.

244. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244, and therefore denies same.

245. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245, and therefore denies same.

246. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246, and therefore denies same.

247. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247, and therefore denies same.

**CLASS ALLEGATIONS**

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

248. The allegations in Paragraph 248 are a statement of the nature of the action with legal conclusions to which no response is required. To the extent an answer is required, Spartan denies each and every allegation in Paragraph 248.

249. The allegations in Paragraph 249 are a statement of the nature of the action with legal conclusions to which no response is required. To the extent an answer is required, Spartan denies each and every allegation in Paragraph 249.

250. Spartan denies the allegations in Paragraph 250.

251. Spartan denies the allegations in Paragraph 251.

252. Spartan denies the allegations in Paragraph 252.

253. Spartan denies the allegations in Paragraph 253.

254. Spartan denies the allegations in Paragraph 254.

255. Spartan denies the allegations in Paragraph 255.

256. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256, and therefore denies same.

257. In response to Paragraph 257, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257, and therefore denies same.

258. The allegations in Paragraph 258 are a statement of the nature of the action with legal conclusions to which no response is required. To the extent an answer is required, Spartan denies each and every allegation in Paragraph 258.

## **CAUSES OF ACTION**

### FIRST CAUSE OF ACTION

Cal. Civ. Code § 1714(a)

NEGLIGENCE

(Against All Defendants on behalf of Plaintiffs and the Detained Class)

259. Spartan restates and incorporates by reference herein its responses to Paragraphs 1 through 258.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

260.    The allegations in Paragraph 260 are a statement of the nature of the action with legal conclusions to which no response is required.  To the extent an answer is required, Spartan denies each and every allegation directed at Spartan in Paragraph 260, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 260, and therefore denies same.

261.    Spartan denies each and every allegation directed at Spartan in Paragraph 261, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 261, and therefore denies same.

262.    Spartan denies each and every allegation directed at Spartan in Paragraph 262, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 262, and therefore denies same.

263.    Spartan denies each and every allegation directed at Spartan in Paragraph 263, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 263, and therefore denies same.

264.    Spartan denies each and every allegation directed at Spartan in Paragraph 264, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 264, and therefore denies same.

265.    Spartan denies each and every allegation directed at Spartan in Paragraph 265, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 265, and therefore denies same.

266.    Spartan denies each and every allegation directed at Spartan in Paragraph 266, and is without knowledge or information sufficient to form a belief

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

as to the truth of the remaining allegations in Paragraph 266, and therefore denies same.

267. The allegations in Paragraph 267 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267, and therefore denies same.

268. The allegations in Paragraph 268 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268, and therefore denies same.

269. The allegations in Paragraph 269 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269, and therefore denies same.

270. Spartan denies the allegations in Paragraph 270.

271. Spartan denies the allegations in Paragraph 271.

272. Spartan denies the allegations in Paragraph 272.

273. Spartan denies the allegations in Paragraph 273.

274. The allegations in Paragraph 274 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274, and therefore denies same.

SECOND CAUSE OF ACTION

BATTERY

(Against GEO on Behalf of Plaintiffs and the Detained Class)

275. Spartan restates and incorporates by reference herein its responses to Paragraphs 1 through 274.

276. The allegations in Paragraph 276 are not directed at Spartan, and

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276, and therefore denies same.

277. The allegations in Paragraph 277 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277, and therefore denies same.

278. The allegations in Paragraph 278 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278, and therefore denies same.

279. The allegations in Paragraph 279 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279, and therefore denies same.

280. The allegations in Paragraph 280 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280, and therefore denies same.

281. The allegations in Paragraph 281 are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281, and therefore denies same.

282. Spartan denies each and every allegation directed at Spartan in Paragraph 282, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 282, and therefore denies same.

## THIRD CAUSE OF ACTION

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Cal. Civ. Code § 1714(a)

PREMISES LIABILITY

(Against GEO on Behalf of Plaintiffs and the Detained Class)

283. Spartan restates and incorporates by reference herein its responses to Paragraphs 1 through 282.

284. In response to Paragraph 284, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284, and therefore denies same.

285. In response to Paragraph 285, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285, and therefore denies same.

286. In response to Paragraph 286, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286, and therefore denies same.

287. In response to Paragraph 287, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287, and therefore denies same.

288. In response to Paragraph 288, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288, and therefore denies same.

289. In response to Paragraph 289, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

allegations in Paragraph 289, and therefore denies same.

290. In response to Paragraph 290, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290, and therefore denies same.

291. In response to Paragraph 291, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291, and therefore denies same.

292. In response to Paragraph 292, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292, and therefore denies same.

293. In response to Paragraph 293, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293, and therefore denies same.

294. In response to Paragraph 294, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294, and therefore denies same.

FOURTH CAUSE OF ACTION

Cal. Civ. Code § 1710(3)

CONCEALMENT

(Against GEO on Behalf of Plaintiffs and the Detained Class)

295. Spartan restates and incorporates by reference herein its responses to Paragraphs 1 through 294.

296. In response to Paragraph 296, the allegations are not directed at Spartan,

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296, and therefore denies same.

297. In response to Paragraph 297, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297, and therefore denies same.

298. In response to Paragraph 298, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298, and therefore denies same.

299. In response to Paragraph 299, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299, and therefore denies same.

300. In response to Paragraph 300, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300, and therefore denies same.

301. In response to Paragraph 301, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301, and therefore denies same.

302. In response to Paragraph 302, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302, and therefore denies same.

303. In response to Paragraph 303, the allegations are not directed at Spartan,

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303, and therefore denies same.

304. In response to Paragraph 304, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304, and therefore denies same.

305. In response to Paragraph 305, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305, and therefore denies same.

FIFTH CAUSE OF ACTION

Cal. Civ. Code § 1710(1)

INTENTIONAL MISREPRESENTATION

(Against GEO on Behalf of Plaintiffs and the Detained Class)

306. Spartan restates and incorporates by reference herein its responses to Paragraphs 1 through 305.

307. In response to Paragraph 307, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307, and therefore denies same.

308. In response to Paragraph 308, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308, and therefore denies same.

309. In response to Paragraph 309, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 309, and therefore denies same.

310. In response to Paragraph 310, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310, and therefore denies same.

311. In response to Paragraph 311, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311, and therefore denies same.

312. In response to Paragraph 312, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312, and therefore denies same.

313. In response to Paragraph 313, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313, and therefore denies same.

314. In response to Paragraph 314, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314, and therefore denies same.

315. In response to Paragraph 315, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315, and therefore denies same.

316. In response to Paragraph 316, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

allegations in Paragraph 316, and therefore denies same.

## SIXTH CAUSE OF ACTION

### Cal. Civ. Code § 1710(2)

### NEGLIGENT MISREPRESENTATION

(Against GEO on Behalf of Plaintiffs and the Detained Class)

317. Spartan restates and incorporates by reference herein its responses to Paragraphs 1 through 316.

318. In response to Paragraph 318, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318, and therefore denies same.

319. In response to Paragraph 319, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319, and therefore denies same.

320. In response to Paragraph 320, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320, and therefore denies same.

321. In response to Paragraph 321, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321, and therefore denies same.

322. In response to Paragraph 322, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322, and therefore denies same.

323. In response to Paragraph 323, the allegations are not directed at Spartan,

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323, and therefore denies same.

324. In response to Paragraph 324, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324, and therefore denies same.

325. In response to Paragraph 325, the allegations are not directed at Spartan, and therefore, no response is required. To the extent a response is required, Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325, and therefore denies same.

## SEVENTH CAUSE OF ACTION

## DESIGN DEFECT – STRICT LIABILITY

### (Against Spartan on Behalf of Plaintiffs and the Detained Class)

326. Spartan restates and incorporates by reference herein its responses to Paragraphs 1 through 325.

327. Spartan denies the allegations in Paragraph 327.

328. Spartan denies the allegations in Paragraph 328.

329. Spartan denies the allegations in Paragraph 329.

330. Spartan denies the allegations in Paragraph 330.

## EIGHTH CAUSE OF ACTION

## FAILURE TO WARN – STRICT LIABILITY

### (Against Spartan on Behalf of Plaintiffs and the Detained Class)

331. Spartan restates and incorporates by reference herein its responses to Paragraphs 1 through 330.

332. Spartan denies the allegations in Paragraph 332.

333. Spartan denies the allegations in Paragraph 333.

334. Spartan denies the allegations in Paragraph 334.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

335. Spartan denies the allegations in Paragraph 335.

336. Spartan denies the allegations in Paragraph 336.

337. Spartan denies the allegations in Paragraph 337.

338. Spartan denies the allegations in Paragraph 338.

## NINTH CAUSE OF ACTION

## FAILURE TO WARN – NEGLIGENCE

(Against Spartan on Behalf of Plaintiffs and the Detained Class)

339. Spartan restates and incorporates by reference herein its responses to Paragraphs 1 through 338.

340. Spartan denies the allegations in Paragraph 340.

341. Spartan denies the allegations in Paragraph 341.

342. Spartan denies the allegations in Paragraph 342.

343. Spartan denies the allegations in Paragraph 343.

344. Spartan denies the allegations in Paragraph 344.

**VII.  PRAYER**

A.   Spartan denies that Plaintiffs are entitled to any of the relief they seek by means of the First Amended Complaint, under any theory alleged against Spartan.

B.   Spartan denies that Plaintiffs are entitled to any of the relief they seek by means of the First Amended Complaint, under any theory alleged against Spartan.

C.   Spartan denies that Plaintiffs are entitled to any of the relief they seek by means of the First Amended Complaint, under any theory alleged against Spartan.

D.   Spartan denies that Plaintiffs are entitled to any of the relief they seek by means of the First Amended Complaint, under any theory alleged against Spartan.

E.   Spartan denies that Plaintiffs are entitled to any of the relief they seek

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

by means of the First Amended Complaint, under any theory alleged against Spartan.

F.     Spartan denies that Plaintiffs are entitled to any of the relief they seek by means of the First Amended Complaint, under any theory alleged against Spartan.

G.     Spartan denies that Plaintiffs are entitled to any of the relief they seek by means of the First Amended Complaint, under any theory alleged against Spartan.

H.     Spartan denies that Plaintiffs are entitled to any of the relief they seek by means of the First Amended Complaint, under any theory alleged against Spartan.

I.     Spartan denies that Plaintiffs are entitled to any of the relief they seek by means of the First Amended Complaint, under any theory alleged against Spartan.

J.     Spartan denies that Plaintiffs are entitled to any of the relief they seek by means of the First Amended Complaint, under any theory alleged against Spartan.

K.     Spartan denies that Plaintiffs are entitled to any of the relief they seek by means of the First Amended Complaint, under any theory alleged against Spartan.

In response to the allegations in the Section entitled "PRAYER," Spartan demands that judgment be entered in its favor and against Plaintiffs, that Plaintiffs' First Amended Complaint be dismissed, with prejudice; and that Spartan be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the First Amended Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**AFFIRMATIVE DEFENSES**

47

As and for their separate, distinct, and affirmative defenses to the First Amended Complaint, and to each cause of action thereof, Spartan alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a first and separate affirmative defense, Spartan avers that the First Amended Complaint, and each separately pleaded count or claim alleged, fails to state a claim upon which relief can be granted against Spartan under any theory.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a second and separate affirmative defense, on information and belief, the First Amended Complaint is barred by the applicable statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a third and separate affirmative defense, Spartan alleges on information and belief that Plaintiffs voluntarily and knowingly assumed the alleged risks and alleged hazards in connection with the incident and/or conduct alleged in the First Amended Complaint, and Plaintiffs' said acts proximately caused and contributed to Plaintiffs' alleged injuries and damages, if there were any.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Follow Warnings)

As a fourth and separate affirmative defense, on information and belief, Spartan alleges that Plaintiffs were advised, informed, and warned of any potential hazards and/or dangers, if there were any, and Plaintiffs failed to follow such warnings.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

As a fifth and separate affirmative defense, Spartan alleges that its conduct was not the cause in fact nor the proximate cause of Plaintiffs' damages alleged, which damages Spartan denies, barring any recovery against Spartan on the First Amended Complaint, and each and every cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

As a sixth and separate affirmative defense, Spartan alleges that the damages alleged in the First Amended Complaint, and each and every cause of action alleged therein, which damages Spartan denies, were sustained as a result of an intervening or superseding cause, barring any recovery against Spartan.

## SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As a seventh and separate affirmative defense, Spartan alleges upon information and belief that:

A.      At the time and place mentioned in the First Amended Complaint, Plaintiffs were careless and negligent in and about the matters alleged in said First Amended Complaint, which carelessness and negligence caused and contributed, to the extent of one hundred percent, to any injuries and damages allegedly sustained by Plaintiffs, if there were any; and

B.      In the event of any judgment or verdict in favor of Plaintiffs herein, said judgment or verdict must be reduced to the extent that said carelessness and negligence of Plaintiffs caused or contributed to the alleged injuries and damages allegedly sustained by Plaintiffs, if there were any.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

(Conduct of Others)

As an eighth and separate affirmative defense, Spartan alleges that any loss, injury, or damage to Plaintiffs was proximately caused or contributed to by the negligent or other tortious acts, omissions, and/or fault of other persons or entities, which Spartan neither controlled nor had the right to control, and that no particular damages to Plaintiffs were caused by acts or omissions of this Spartan.

**NINTH AFFIRMATIVE DEFENSE**

(Proposition 51 / Several Liability)

As a ninth and separate affirmative defense, Spartan alleges that there are other persons, parties and/or Defendants who are at fault and proximately caused Plaintiffs' injuries, if any. If Spartan is responsible to Plaintiffs, which responsibility is expressly denied, Spartan is only liable for its proportionate share of non-economic damages, if any, as set forth in California Civil Code Section 1431.2.

**TENTH AFFIRMATIVE DEFENSE**

(Modification/Alteration of Product)

As a tenth and separate affirmative defense, Spartan alleges that the products which allegedly injured Plaintiffs were altered, changed, or otherwise modified by parties, individuals, or entities other than Spartan, and said modifications, changes or alterations were a proximate cause of the damages alleged by Plaintiffs, if there were any.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Misuse And Abuse)

As an eleventh and separate affirmative defense, prior to and at the time of the

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

alleged injuries, on information and belief, Spartan alleges that the products which allegedly injured Plaintiffs were misused and abused, and were not being used in the manner in which they were intended to be used, nor in a manner reasonably foreseeable by Spartan. Such misuse and/or abuse caused and contributed to the injuries and damages complained of by Plaintiffs, if there were any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a twelfth and separate affirmative defense, Spartan alleges that Plaintiffs have failed to mitigate Plaintiffs' losses, injuries, or damages and are barred from recovering any damages which could have been avoided by reasonable mitigation efforts.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

As a thirteenth and separate affirmative defense, Spartan alleges that Plaintiffs have unreasonably delayed in the bringing of this action, without good cause therefore.  Said delay has directly resulted in prejudice to Spartan, and, therefore, this action is barred by laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a fourteenth and separate affirmative defense, Spartan alleges that Plaintiffs is precluded from maintaining any cause of action against Spartan because Plaintiffs' actions preclude equitable relief under the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Sophisticated User)

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

As a fifteenth and separate affirmative defense to the First Amended Complaint and each cause of action thereof, Spartan alleges that the First Amended Complaint, and each cause of action thereof, is barred on the grounds that Plaintiffs, Plaintiffs' employers, and/or Plaintiffs' supervisors were sophisticated users or buyers of the products or materials referred to in the First Amended Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Uncertain, Vague, Ambiguous)

As a sixteenth separate affirmative defense to the First Amended Complaint, and each cause of action thereof, Spartan alleges that the allegations of the First Amended Complaint, and each cause of action thereof, are uncertain, vague and ambiguous.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Join Proper Parties)

As a seventeenth separate affirmative defense to the First Amended Complaint, and each cause of action thereof, Spartan alleges that Plaintiffs have failed to join all proper parties, or alternatively, have misjoined the parties to this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Passive/Active Conduct)

As a eighteenth separate affirmative defense, Spartan alleges that if it is determined to be liable to Plaintiffs, such liability is based on conduct which is passive and secondary to the active and primary wrongful conduct of other defendants to this action or other parties. Spartan is, therefore, entitled to total, equitable indemnity from such other defendants or parties.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Not Proper)

As a nineteenth separate affirmative defense to the First Amended Complaint, and each cause of action thereof, Spartan alleges that Plaintiffs are not entitled to an award of punitive or exemplary damages from Spartan in this action. Such an award would be unconstitutional unless Spartan is accorded the safeguards provided under the Constitution of the State of California and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Spartan's Products Not Defective)

As a twentieth separate affirmative defense to the First Amended Complaint, and each cause of action thereof, Spartan alleges that all products manufactured, designed, labeled, distributed, sold, serviced, installed, repaired, marketed, packaged, and/or which contained or lacked adequate warnings by Spartan were not defective in any manner, as said products and materials conformed with the state-of-the-art in existence at all times mentioned in the First Amended Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (State of the Art)

As a twenty-first separate affirmative defense to the First Amended Complaint, and each cause of action thereof, Spartan alleges that the state of medical and scientific knowledge and published literature and materials reflecting such state of medical and scientific knowledge, at all times pertinent hereto, was such that Spartan neither knew, nor could have known, that the products in issue presented a foreseeable risk of harm to Plaintiffs in the normal and expected use of said products.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Preemption)

As a twenty-second separate affirmative defense to the First Amended Complaint, and each cause of action thereof, Spartan alleges that Plaintiffs' claims and each cause of action are preempted and precluded by the Supremacy Clause, Article VI, of the Constitution of the United States and Federal laws, including, but not limited to, the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S. § 136 *et seq.*

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Class Action – Standing)

As a twenty-third separate affirmative defense to the First Amended Complaint, and each cause of action thereof, Spartan alleges that Plaintiffs are barred from relief to the extent that Plaintiffs lack standing to bring some or all of the alleged causes of action against Spartan, either individually or as a representative of the proposed class.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

(Class Action – Certification Prerequisites)

As a twenty-fourth separate affirmative defense to the First Amended Complaint, and each cause of action thereof, Spartan alleges that Plaintiffs cannot satisfy the prerequisites for class certification and therefore cannot represent the interests of others.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Class Action – Lack of Predominance)

As a twenty-fifth separate affirmative defense to the First Amended Complaint, and each cause of action thereof, Spartan alleges that the types of claims

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

alleged by Plaintiffs on behalf of themselves and the putative class they purport to represent are matters in which individual questions dominate and thus are not appropriate for class treatment.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Class Action – Lack of Commonality)

As a twenty-sixth separate affirmative defense to the First Amended Complaint, and each cause of action thereof, Spartan alleges that Plaintiffs are not similarly situated to other potential members of the alleged putative class they purport to represent and thus are inadequate representatives of this alleged putative class.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Class Action – Typicality)

As a twenty-seventh separate affirmative defense to the First Amended Complaint, and each cause of action thereof, Spartan alleges that certain of the interests of Plaintiffs and/or the alleged putative class are in conflict with the interests of all or certain subgroups of the members of the putative class.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Class Action – Lack of Superiority)

As a twenty-eighth separate affirmative defense to the entire complaint, and each cause of action thereof, Spartan alleges that Plaintiffs have not shown and cannot show that class treatment of the purported causes of action in their Complaint is superior to other methods of adjudicating the controversy.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Class Action – Improper Class Representatives)

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

As a twenty-ninth separate affirmative defense to the entire complaint, and each cause of action thereof, Spartan alleges that Plaintiffs are not proper or adequate class representatives.

**THIRTIETH AFFIRMATIVE DEFENSE**

(No Class Wide Injury)

As a thirtieth separate affirmative defense to the entire complaint, and each cause of action thereof, Spartan alleges that there has been no class wide injury as alleged in the First Amended Complaint. The alleged injuries for which recovery is sought by the named Plaintiffs on behalf of the putative class cannot be recovered without proof by each alleged class member as to the specific facts underlying the alleged wrongful acts by Spartan and the damages allegedly suffered as a direct and proximate result of each such alleged acts.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Ambiguous First Amended Complaint - Defenses Reserved)

Because the First Amended Complaint is framed in highly conclusionary language, and Spartan is newly named as a defendant and has not conducted any discovery as a defendant in this case, Spartan may not be able to fully anticipate all applicable affirmative defenses, and the right to assert new defenses in the future that become apparent is therefore reserved.

WHEREFORE, Spartan prays for judgment and relief as follows:

1.    That Plaintiffs take nothing by reason of the First Amended Complaint on file herein;

2.    For judgment in favor of Spartan and against Plaintiffs on each and every cause of action of the First Amended Complaint;

3.    That Spartan be awarded its cost of suit, including its attorneys' fees;

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

and

4.     That Spartan be awarded such other and further relief as the Court may deem proper and equitable.

## DEMAND FOR JURY TRIAL

Spartan demands a jury trial on all issues so triable.


Dated: February 6, 2025          **PIERSON FERDINAND LLP**


                                 By:  */s/ David D. Mesa*
                                  David D. Mesa
                                  Attorneys for Defendant and Third-Party
                                  Defendant SPARTAN CHEMICAL
                                  COMPANY, INC.

SPARTAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT