UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN, et al., | Case No. 23-cv-00481-JGB (SHK) |
| Plaintiffs, | [CLASS ACTION] |
| vs. | Judge: Hon. Jesus G. Bernal<br>Magistrate Judge: Shashi H. Kewalramani |
| THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio corporation, | **[PROPOSED] ORDER DENYING DEFENDANT THE GEO GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT** |
| Defendants. | |
| THE GEO GROUP, INC., a Florida corporation, | [*Opposition; Declaration to Ashley Artmann filed concurrently herewith*] |
| Third-Party Plaintiff, | Complaint Filed: March 20, 2023<br>FAC Filed:       January 6, 2025<br>Trial Date:       September 30, 2025 |
| vs. | |
| SPARTAN CHEMICAL COMPANY, INC. and ROES 1-10, | |
| Third-Party Defendants. | |

# [PROPOSED] ORDER

Currently before the Court is the Defendant The Geo Group, Inc.'s ("GEO") Motion for Summary Judgment, or in the Alternative for Partial Summary Judgment, Dkt. 251, ("Motion") against all individual claims asserted by Plaintiffs Ligaya Ronduen, Carlos Castillo, Miriam Scheetz, Wilfredo Gonzalez Mena, Somboon Phaymany, and Yolanda Mendoza ("Plaintiffs"). This Court, having considered GEO's Motion, all papers in support and opposition, the argument of counsel, and good cause appearing therefore, hereby **DENIES** GEO's Motion.

Summary judgment is only appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). As the moving party, GEO must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When deciding a motion for summary judgment, "a court must view the evidence in the light most favorable to the opposing party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quotation omitted); *Anderson*, 477 U.S. at 255 ("all justifiable inferences are to be drawn in [the non-movant's] favor").

As it is moving for summary judgment as to its own defenses, GEO "must establish beyond controversy every essential element" of its defense. *California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation omitted)). Only if GEO comes forward with this evidence does the burden shift to Plaintiffs to "com[e] forward with evidence to defeat the motion for summary judgment," e.g., to show that there is a genuine issue of material fact that must be resolved at trial. *Houghton v. South*, 965 F.2d 1532, 1537 (9th Cir. 1992); *see California Gas Co.*, 336 F.3d at 889. And as it is also moving for summary judgment on Plaintiffs' claims, GEO "must either produce evidence negating an essential element of the nonmoving party's claim [] or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If GEO has sustained this

burden, only then must Plaintiffs show that there is a genuine issue of material fact that must be resolved at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**Statute of Limitations Defense.** GEO claims that the Court should grant summary judgment on its statute of limitations defense because Plaintiffs were aware that their alleged injuries were caused by the disinfectant HDQ Neutral in 2020. But GEO must also show that Plaintiffs knew that GEO was engaged in wrongdoing through its excessive spraying of HDQ Neutral to have been put on inquiry notice under California's delayed discovery rule. *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1408 (9th Cir. 1994) ("As the California cases make clear, the statute of limitations does not begin to run until 'the plaintiff suspects or should suspect that her injury *was caused by wrongdoing, that someone has done something wrong to her*.'") (emphasis in original) (quoting California law). GEO has failed to meet its obligation "[a]s the party moving for summary judgment [] to identify undisputed facts" establishing inquiry notice on or before March 20, 2021, the date when the statute of limitations began to run. *Id.* Summary judgment on GEO's statute of limitations defense is thus inappropriate.

**PREP Act Defense.** GEO claims that the PREP Act immunizes it for all claims relating to the use of HDQ Neutral in connection with COVID-19. But GEO has not explained, much less established, how its use of HDQ Neutral is a "covered countermeasure" entitling it to "immunity from suit and liability." *Hampton v. California*, 83 F.4th 754, 762 (9th Cir. 2023) (quoting 42 U.S.C. § 247d-6d(a)(1)). The plain language of the PREP Act makes clear that HDQ Neutral is not a "covered countermeasure" as a "qualified pandemic or epidemic product." HDQ Neutral is one of the many components that made up GEO's infection control policy, which are not "covered countermeasures." *See Garcia v. Welltower OpCo Group LLC*, 2023 WL 8047821 (C.D. Cal. Nov. 15, 2023) (collecting cases). Summary judgment based on GEO's PREP Act defense is thus inappropriate.

- 2 -
[PROPOSED] ORDER DENYING GEO'S MOTION FOR SUMMARY JUDGMENT

**Fraud Claim.** GEO claims that summary judgment should be granted because evidence establishes it did not know that its statements about HDQ Neutral were false and because Plaintiffs have "no evidence" of GEO's intent to defraud. But undisputed facts establish both that GEO knew it did not need to use HDQ Neutral to combat COVID-19 and that GEO intended to induce Plaintiffs' reliance when telling them its use of HDQ Neutral was necessary. And GEO's assertion that Plaintiffs have "no evidence" of scienter does not meet GEO's burden on summary judgment. *See Nissan Fire*, 210 F.3d at 1105 (a party moving for summary judgment does not meet its burden "simply by saying that the nonmoving party has no such evidence") (citation omitted). Moreover, whether GEO had the requisite scienter and intent are questions of fact for a jury to decide, not the Court on summary judgment. *See Banks v. R.C. Bigelow, Inc.*, 2024 WL 3330554, at *8 (C.D. Cal. July 8, 2024) (denying summary judgment on scienter and intent to induce reliance); *id.* ("Generally, whether one made a false statement with knowledge of its falsity or without reasonable grounds to believe it was true and if it was made with the intent to defraud or induce reliance are questions of fact for a jury to decide.") (citations omitted).  GEO's failure to meet its burden precludes summary judgment on Plaintiffs' fraud claim.

**Negligent Misrepresentation Claim.** GEO's argument that Plaintiffs "cannot establish" one element of this claim—that GEO's statements were made without reasonable grounds for believing they were true—fails for the same reasons as GEO's arguments about scienter. Plaintiffs have identified specific evidence from which a jury could reasonably conclude that GEO's statements were made without reasonable grounds for believing them to be true. And even if GEO disagrees, GEO's knowledge is an issue of fact for a jury to resolve. *See Quality Wash Grp. V, Ltd. v. Hallak*, 50 Cal.App.4th 1687, 1696 (1996) ("Whether a defendant had reasonable ground for believing his or her false statement to be true is ordinarily a question of fact").

**Concealment Claim.** GEO claims that there is "no evidence" of two elements—intent and reliance—for Plaintiffs' concealment claim. But Plaintiffs have

identified evidence from which a jury could reasonably conclude GEO had the requisite intent, e.g., that GEO intended to induce Plaintiffs' reliance by concealing all the reasons its use of HDQ Neutral was wrongful and dangerous. *See Guardian Life Ins. Co. of Am., Inc. v. Andraos*, 2009 WL 10672290, at \*5 (C.D. Cal. July 27, 2009) (denying summary judgment on the issue of intent to induce reliance and noting that "the analysis concerning fraudulent intent is the same for concealment as it is for misrepresentation"). As to reliance, GEO's assertion that there is "no evidence" of actual reliance or causation does not meet GEO's burden on summary judgment as a matter of law. *See, e.g., Nissan Fire*, 210 F.3d at 1105. Plaintiffs have also identified specific facts creating genuine issues of material fact as to whether there is a complete causal relationship between GEO's alleged misrepresentations or omissions and the harms that resulted from those misrepresentations or omissions, including evidence that Plaintiffs would have behaved differently had they known that exposure to HDQ. *OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts Corp.*, 157 Cal. App. 4th 835, 864 (2007). Summary judgment is thus inappropriate.

Because GEO has not met its burden to prove its statute of limitations affirmative defense, PREP Act affirmative defense, or the absence of genuine issues of material fact as to their fraud, negligent misrepresentation, and concealment claims —and because Plaintiffs have, nonetheless, produced evidence showing that there are genuine issues of material fact for the fraud claims—GEO's Motion for summary judgment, or in the alternative for summary adjudication, is **DENIED**.

**IT IS SO ORDERED.**

Dated: _____          _____
                                                       Hon. Jesus G. Bernal