# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN, et al., | Case No. 23-cv-00481-JGB (SHK) |
| Plaintiffs, | [CLASS ACTION] |
| vs. | Judge: Hon. Jesus G. Bernal<br>Magistrate Judge: Shashi H. Kewalramani |
| THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio corporation, | **[PROPOSED] ORDER DENYING DEFENDANT SPARTAN CHEMICAL COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| Defendants. | |
| THE GEO GROUP, INC., a Florida corporation, | [*Opposition; Declaration to Ashley Artmann filed concurrently herewith*] |
| Third-Party Plaintiff, | Complaint Filed: March 20, 2023 |
| vs. | FAC Filed:        January 6, 2025 |
| SPARTAN CHEMICAL COMPANY, INC. and ROES 1-10, | Trial Date:        January 20, 2026 |
| Third-Party Defendants. | |

[PROPOSED] ORDER DENYING SPARTAN'S MOTION FOR SUMMARY JUDGMENT

## [PROPOSED] ORDER

Currently before the Court is the Defendant Spartan Chemical Company's ("Spartan") Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment, Dkt. 217, ("Motion") against Plaintiffs Ligaya Ronduen, Carlos Castillo, Miriam Scheetz, Wilfredo Gonzalez Mena, Somboon Phaymany, and Yolanda Mendoza ("Plaintiffs").  This Court, having considered Spartan's Motion, all papers in support and opposition, the argument of counsel, and good cause appearing therefore, hereby **DENIES** Spartan's Motion.

Summary judgment is only appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  As the moving party, Spartan must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  When deciding a motion for summary judgment, "a court must view the evidence in the light most favorable to the opposing party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quotation omitted); *Anderson*, 477 U.S. at 255 ("all justifiable inferences are to be drawn in [the non-movant's] favor").

As it is moving for summary judgment as to its own defenses, Spartan "must establish beyond controversy every essential element" of its defenses. *California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation omitted)).  Only if Spartan comes forward with this evidence does the burden shift to Plaintiffs to "com[e] forward with evidence to defeat the motion for summary judgment," e.g., to show that there is a genuine issue of material fact that must be resolved at trial. *Houghton v. South*, 965 F.2d 1532, 1537 (9th Cir. 1992); *see California Gas Co.*, 336 F.3d at 889.  And as it is moving for summary judgment on Plaintiffs' claims, Spartan "must either produce evidence negating an essential element of the nonmoving party's claim [] or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir.

- 1 -

[PROPOSED] ORDER DENYING SPARTAN'S MOTION FOR SUMMARY JUDGMENT

2000).  If Spartan has sustained this burden, only then must Plaintiffs show that there is a genuine issue of material fact that must be resolved at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**PREP Act Defense.**  Spartan claims that the PREP Act immunizes it for all claims relating to the use of HDQ Neutral.  But Spartan has not explained how HDQ Neutral is a "covered countermeasure" as a "qualified pandemic or epidemic product," such that Spartan is entitled to immunity under the PREP Act.  42 U.S.C.A. § 247d-6d(i)(1)(A).  To be a "covered countermeasure," HDQ Neutral must be a drug, biological product, or device.  42 U.S.C. § 247d-6d(i)(7).  HDQ Neutral is neither, and Spartan does not claim, much less prove, otherwise.  To be a "qualified pandemic or epidemic product," HDQ Neutral must have either been "manufactured, used, designed, developed, modified, licensed, or procured … to diagnose, mitigate, prevent, treat, or cure a pandemic or epidemic."  *Id.* at § 247d-6d(i)(7)(A)(i)(I).  Or, HDQ Neutral must have been "approved or cleared under chapter V of the Federal Food, Drug, and Cosmetic Act [citation omitted] or licensed under section 262 of this title," is "the object of research for possible use as" a qualifying product "and . . .the subject of an exemption under section 505(i) or 520(g) of the Federal Food, Drug, and Cosmetic Act," or is "authorized for emergency use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act."  *Id.* § 247d-6d(i)(7)(B).  HDQ Neutral does not satisfiy either requirement—it was manufactured *years* before COVID-19 does not claim that HDQ Neutral satisfies either requirement, because it clearly does not.  *C.f. Avicolli v. BJ's Wholesale Club, Inc.*, 2021 1293397, at *4 (E.D. Pa. Apr. 7, 2021) (holding that the purveyor of a "hand sanitizer" did not qualify for PREP Act immunity on a motion to dismiss because the defendant "obtained and sold this hand sanitizer before COVID-19").  Spartan's only claim to the contrary—i.e., HDQ Neutral "was used by GEO at Adelanto as a disinfectant to mitigate SARS-CoV-2," fails as a matter of law, as courts "[Ninth Circuit] courts have found that the plain language of the PREP Act does not provide immunity for the administration of covered

- 2 -

countermeasures *generally*." *Garcia v. Welltower OpCo Grp.*, 2023 WL 8047821, at *5 (C.D. Cal. Nov. 15, 2023) (emphasis in original).

Even if HDQ Neutral was a "covered countermeasure," Spartan is still not entitled to PREP Act immunity because it has not established that the injuries underlying Plaintiffs' claims against Spartan "relat[e] to … the administration to or the use by an individual of a covered countermeasure," which is an additional element under the PREP Act. 42 U.S.C. § 247d-6d(a)(1). To satisfy this element of its affirmative defense, Spartan must establish that Plaintiffs' claims—and in fact their injuries—result from or relate to Spartan's administration or use of the covered countermeasure. *See* 42 U.S.C. § 247d-6d(a)(1); *Hampton v. California*, 83 F.4th 754, 764 (9th Cir. 2023) (defining "relate to" narrowly under the PREP Act). Spartan's argument rests on GEO's spraying and wiping of HDQ Neutral. To the contrary, Plaintiffs allege that Spartan caused their injuries by selecting a dispensing system that overconcentrated HDQ Neutral, mislabeling HDQ Neutral, failing to warn GEO and Plaintiffs of the dangers of HDQ Neutral, and failing to prevent GEO's misuse of HDQ Neutral. These injuries do not "relat[e] to" Spartan's "administration" or "use" of HDQ Neutral under the PREP Act; they relate to Spartan's inaction and failures of the kind courts have refused to immunize under the PREP Act. *See Lyons v. Cucumber Holdings, LLC*, 520 F. Supp. 3d 1277, 1285–86 (C.D. Cal. 2021) (holding that the PREP Act does not immunize inaction); *Garcia*, 2023 WL 8047821, at *4–7 (applying same rule). At most, Spartan admits that it manufactured and distributed HDQ Neutral, Spartan Revised MSJ at 8, without realizing that Plaintiffs' claims and injuries do not relate to the manufacture and general distribution of HDQ Neutral but its misuse. *See* FAC at ¶¶ 259–64, 326–44. Summary judgment based on Spartan's PREP Act defense is thus inappropriate.

**Statute of Limitations Defense.** Spartan claims that the Court should grant summary judgment on its statute of limitations defense because Plaintiffs' injuries occurred in 2020, and each Plaintiff "knew that they had suffered ill health effects as

a result of an exposure to a disinfectant that was HDQ Neutral." But, as the Ninth Circuit held, when Plaintiffs' injuries occurred or when they knew that GEO used HDQ Neutral is irrelevant to whether they have been put on inquiry notice under California's delayed discovery rule. *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1408 (9th Cir. 1994) ("As the California cases make clear, the statute of limitations does not begin to run until 'the plaintiff suspects or should suspect that her injury *was caused by wrongdoing, that someone has done something wrong to her*.'") (emphasis in original) (quoting California law). Spartan cannot just rely on when Plaintiffs became aware of GEO's wrongdoing; it must show when Plaintiffs became aware of Spartan's wrongdoing. *Fox v. Ethicon Endo-Surgery*, 35 Cal.4th 797, 814 (2005) (reversing dismissal because "a diligent plaintiff's investigation may only disclose an action for one type of tort (e.g., medical malpractice) and facts supporting an entirely different type of tort action (e.g., products liability) may, through no fault of the plaintiff, only come to light at a later date" and thus the statute of limitations for *each* wrongdoing "should be treated separately"). Spartan has not met this burden "[a]s the party moving for summary judgment [] to identify undisputed facts" establishing inquiry notice on or before June 2024, the date when Plaintiffs received discovery from Spartan in this lawsuit. *Ward*, 32 F.3d at 1408. Summary judgment on Spartan's statute of limitations defense is thus inappropriate.

**Design Defect Claim.** Spartan claims that summary judgment is appropriate for Plaintiffs' design defect claim because none of Plaintiffs' experts opined on the "design of HDQ Neutral," which it maintains is required for Plaintiffs to sustain their burden of proof under the risk-benefit theory of design defect, and separately because Spartan neither manufactured nor designed the dispensing equipment and metering tips used at Adelanto. Those arguments fault Plaintiffs for alleged shortcomings in their arguments, but that approach flips the governing legal standard on its head. Instead, it is Spartan's burden to prove that the dispensing apparatus and metering tips used at Adelanto were *not* defective pursuant to the multi-factor risk-benefit test

- 4 -

established in *Barker v. Lull Engineering Co.*, 20 Cal. 3d 413 (1978). *See Demara v. The Raymond Corp.*, 13 Cal. App. 5th 545, 563 (2017) ("As applicable in summary judgment proceedings, where (as here) the issue is the existence of a defect in the product's design under the risk-benefit test, the burden lies with *the moving defendant* to show prima facie, "'in light of the relevant factors, that the product is not defective.""'"). Spartan has failed to meet its burden on summary judgment and presented no evidence that the dispensing apparatus and metering tips used at Adelanto were *not* defective. *See McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1127 (2002) ("On summary judgment, it was Honda's burden to negate McCabe's claim of design defect. Honda's failure to provide any evidence negating design defect under the alternative risk-benefit theory also mandates reversal of the order granting summary judgment.").

Spartan's arguments to the contrary do not change that outcome. First, Spartan faults Plaintiffs for not presenting expert opinion establishing a defect in the design of HDQ Neutral. But Plaintiffs did not claim a defect in the design of HDQ Neutral; they claim a design defect in Spartan's selection of inaccurate metering tips when more appropriate and effective metering tips were available. *See* FAC at ¶¶ 326–30. Next, Spartan argues that it cannot be liable for a design defect in the dispensing systems and metering tips used at Adelanto because it did not manufacture or design those items. That argument fails as a matter of law. More than a decade ago, the California Supreme Court in *O'Neil v. Crane Co.*, 53 Cal. 4th 335, 348 (2012), held that "[r]egardless of a defendant's position in the chain of distribution, the basis for his liability remains that he has marketed or distributed a defective product, and that product caused the plaintiff's injury." Spartan does not dispute that it marketed, offered, distributed, and installed the dispensing system with metering tips used at Adelanto. Thus, under *O'Neil* and its progeny, it makes no difference whether Spartan manufactured the dispensing system and tips used at Adelanto. Spartan is nonetheless liable for any design defect because it provided to GEO and installed at Adelanto the

Spartan-branded chemical dispensers that were made for Spartan, rebranded as a Spartan product, and delivered in Spartan-branded packaging that contained the dispensing system and metering tips at issue.  Summary judgment on Plaintiffs' design defect claim is therefore inappropriate.

**Failure to Warn Claims.** Spartan moves for summary judgment on Plaintiffs' negligent and strict liability failure to warn claims, specifically on three elements: (1) actual or constructive knowledge of the relevant risks at the time of manufacture, distribution, or sale, (2) inadequate warning; and (3) proximate cause.  *See Carlin v. Superior Ct.*, 13 Cal. 4th 1104, 1110–11 (1996).  Plaintiffs have identified evidence from which a jury could reasonably conclude that Spartan failed to adequately warn of a particular risk that was known or knowable based on prevailing scientific and medical knowledge, including that Spartan knew GEO was spraying HDQ Neutral at Adelanto every 30 minutes and that Spartan knew such frequent exposure had serious health hazards (elements 1 and 2).  *See Fisher v. Abbott Lab'ys*, 2023 WL 2627753, at *4 (C.D. Cal. Feb. 25, 2023) (quoting *Carlin*, 13 Cal. 4th at 1112). Spartan's arguments that Plaintiffs' claims "are not products liability in nature" and that none of Plaintiffs' experts opined on the adequacy of the HDQ Neutral warnings are irrelevant and unsupported by the applicable case law.  *Jackson v. Deft, Inc.*, 223 Cal. App. 3d 1305, 1319 (1990) ("We are aware that in *some* products liability cases, courts have *permitted* expert testimony as to the adequacy of a warning provided to the user of a product." (emphasis added)).  As to causation (element 3), Plaintiffs have identified evidence from which a jury could reasonably conclude that Spartan's failure to warn that the use of overconcentrated HDQ Neutral every thirty minutes created unavoidable health and safety hazards was "'more than a negligible or theoretical' factor that contributed to" Plaintiffs' exposure to overconcentrated HDQ Neutral every 30 minutes.  *Bunch v. Hoffinger Indus., Inc.*, 123 Cal. App. 4th 1278, 1302 (2004).

Plaintiffs have also shown that their failure-to-warn claims neither challenge the adequacy of HDQ Neutral's "labeling or packaging" under 7 U.S.C. § 136v nor seek

changes to that label as a remedy, and are thus not barred by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA). Even if Plaintiffs' failure to warn claims touched on the EPA-approved label for HDQ Neutral, recent Ninth Circuit precedent makes clear that negligent and strict liability failure to warn claims under California law are not expressly preempted by FIFRA. *See Hardeman v. Monsanto*, 997 F.3d 941, 954–60 (9th Cir. 2021). These arguments and evidence, in addition to other evidence offered by Plaintiffs in their papers, preclude summary judgment as to Plaintiffs' failure to warn claims.

Because Spartan has not met its burden to prove its PREP Act affirmative defense, statute of limitations affirmative defense, or the absence of genuine issues of material fact for Plaintiffs' design defect and failure-to-warn claims—and because Plaintiffs have, nonetheless, produced evidence showing that there are genuine issues of material fact for trial as to their design defect and failure to warn claims—Spartan's Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Jesus G. Bernal