Sara Haji (SBN 330834)
shaji@socialjusticelaw.org
Amy Xu (SBN 330707)
axu@socialjusticelaw.org
SOCIAL JUSTICE LEGAL FOUNDATION
523 West 6th Street, Suite 450
Los Angeles, CA 90014
Telephone:  (213) 542-5241

John C. Hueston (SBN 164921)
jhueston@hueston.com
Robert N. Klieger (SBN 192962)
rklieger@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN, et al.,<br><br>              Plaintiffs,<br><br>       vs.<br><br>THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio corporation,<br><br>              Defendants.<br><br>THE GEO GROUP, INC., a Florida corporation,<br><br>              Third-Party Plaintiff,<br><br>       vs.<br><br>SPARTAN CHEMICAL COMPANY, INC. and ROES 1-10,<br><br>              Third-Party Defendants. | Case No. 5:23-cv-00481-JGB-SHK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE ISSUE CLASS NOTICE PLAN AND FORM OF NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declarations and Proposed Order filed concurrently*]<br><br>Date:          December 8, 2025<br>Time:          9:00 am<br>Courtroom:   1<br>Judge:          Hon. Jesus G. Bernal<br><br>FAC Filed:   January 6, 2025<br>Trial Date:   January 20, 2026 |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on December 8, 2025, at 9:00 AM, or as soon thereafter as this matter may be heard, in Courtroom 1 of the United States District Court, Central District of California, 3470 Twelfth Street, Riverside, CA 92501, Plaintiffs will and hereby do move the Court for an order to approve Plaintiffs' notice plan and form of notice pursuant to Federal Rule of Civil Procedure 23(b)(3).

Plaintiffs' Motion to Approve Issue Class Notice Plan and Form of Notice is based on the attached Memorandum of Points and Authorities in Support of Plaintiffs' Motion, the Declarations of Amy Xu and Jacob Kamenir filed concurrently herewith, and any other evidence or argument that may be presented to the Court before the Motion is submitted for decision.

This Motion is made following the conference of counsel for the parties pursuant to L.R. 7-3, which took place on October 30, 2025.

Dated: November 10, 2025

SOCIAL JUSTICE LEGAL FOUNDATION

By: /s/ *Amy Xu*
Amy Xu

*Attorneys for Plaintiffs*

HUESTON HENNIGAN LLP

By: /s/ *Robert N. Klieger*
Robert N. Klieger

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................1

II.   BACKGROUND ................................................................................................1

III.  LEGAL STANDARD ........................................................................................2

IV.   ARGUMENT .....................................................................................................4

        A.    The form and content of Plaintiffs' proposed form of notice satisfies Rule 23(c)(2)(B) ..............................................................................4

        B.    Plaintiffs' proposed Notice Plan is reasonable and represents the best notice practicable under the circumstances .........................................................................................8

        C.    The Court should order GEO to provide contact information for the certified issue class .................................................10

        D.    The Court should promptly order notice so that trial may begin without delay on January 20, 2026 ............................................11

V.    CONCLUSION .................................................................................................12

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bakov v. Consol. World Travel, Inc.*,
68 F.4th 1053 (7th Cir. 2023) .................................................................................4

*Charron v. Pinnacle Group N.Y. LLC*,
269 F.R.D. 221 (S.D.N.Y. 2010) .............................................................................3

*Coppel v. SeaWorld Parks & Ent., Inc.*,
347 F.R.D. 338 (S.D. Cal. 2024) .............................................................................1

*Dodge v. County of Orange*,
226 F.R.D. 177 (S.D.N.Y. 2005) .............................................................................3

*Doe v. MindGeek USA Inc.*,
No. SACV 21-00338-CJC, 2024 WL 4405132 (C.D. Cal. Jan. 26, 2024) .............................................................................................................................9

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974) .................................................................................................3

*In re Facebook Internet Tracking Litig.*,
2022 WL 16902426 (N.D. Cal. Nov. 10, 2022) .....................................................8

*Hunt v. Imperial Merch. Servs., Inc.*,
560 F.3d 1137 (9th Cir. 2009) .................................................................................4

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
339 U.S. 306 (1950) .................................................................................................8

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) .................................................................................................3

*Roes, 1-2 v. SFBSC Mgmt., LLC*,
944 F.3d 1035 (9th Cir. 2019) .................................................................................3

*Romero v. Producers Dairy Foods, Inc.*,
235 F.R.D. 474 (E.D. Cal. 2006) ........................................................................8, 9

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE

TABLE OF AUTHORITIES (cont.)

Page(s)

*Silber v. Mabon*,
18 F.3d 1449 (9th Cir. 1994) ...............................................................................9

*Six (6) Mexican Workers v. Arizona Citrus Growers*,
904 F.2d 1301 (9th Cir. 1990) .............................................................................9

*Valentino v. Carter-Wallace, Inc.*,
97 F.3d 1227 (9th Cir. 1996) ...............................................................................3

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................................................8, 9

Fed. R. Civ. P. 23(a) ...............................................................................................3

Fed. R. Civ. P. 23(b) ...............................................................................................3

Fed. R. Civ. P. 23(b)(3) .......................................................................................2, 3

Fed. R. Civ. P. 23(c)(2)(B) ......................................................................1, 2, 3, 4, 10

Fed. R. Civ. P. 23(c)(3).............................................................................................3

Fed. R. Civ. P. 23(c)(4).............................................................................................3

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE

## I.      INTRODUCTION

In the few weeks since the Court issued its order on class certification, Plaintiffs have worked diligently to develop a notice plan and engage an experienced notice administrator.  The notice plan meets due process requirements.  It is anchored by a proposal to reach class members through direct mail and supplemented by additional forms of notice, including a website, virtual town hall meetings, coordination with networks of immigration advocates who are likely in touch with class members, notices at Adelanto Detention Center, social media advertisements, and a press release.  The Summary and Long-Form Notices provide all the information required by Rule 23(c)(2)(B) in language that is plain and easy to understand.  Given the impending trial date in this case, Plaintiffs respectfully request that the Court act quickly to approve the notice plan and order GEO to produce contact information for class members.  This contact information has already been compiled for a largely overlapping class in *Hernandez-Roman et al.,* Case No. 5:20-cv-00768 (C.D. Cal.), and was recently used to effectuate notice of settlement in that case.

## II.     BACKGROUND

In their Motion for Class Certification, Plaintiffs sought to certify the following class against Defendants GEO and Spartan on all nine causes of action:

> All persons who were detained at the Adelanto Detention Center for any amount of time between March 11, 2020 and September 29, 2020 and were exposed to HDQ Neutral.[1]

---

[1]  The class excludes GEO and Spartan, their respective officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assignees, and any other individual whose interests are antagonistic to other class members.  ECF 318 at 29.  Plaintiffs moved to certify a lesser-included class definition than alleged in the FAC.  *See Coppel v. SeaWorld Parks & Ent., Inc.*, 347 F.R.D. 338, 350 (S.D. Cal. 2024) (allowing motion to certify class for a narrower period than alleged in the complaint).

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE

ECF 318 at 29.² The Court issued its order on Plaintiffs' Motion for Class Certification on September 26, 2025 and certified a General Causation Issue Class to resolve the question of whether HDQ Neutral can cause certain specific injuries at some exposure levels. ECF 365 at 11–12. On October 30, the Court granted the parties' joint stipulation to appoint the Social Justice Legal Foundation and Hueston Hennigan LLP as class counsel. ECF 367.

Following the class certification decision, Plaintiffs worked quickly to understand the notice requirements for the issue class, engage a notice administrator, and develop notice materials and a notice plan. Plaintiffs initiated meet-and-confer efforts with Defendants about the proposed notice plan on October 24 and conferred with counsel in a videoconference on October 30. Declaration of Amy Xu in support of Motion to Approve Class Notice Plan ("Xu Decl.") at ¶¶ 2-3; **Exhibit A** to the Xu Declaration. Plaintiffs shared draft Summary and Long-Form Notice documents with Defendants on November 3 and asked for proposed edits by November 5, in advance of a November 10 filing. Xu. Decl. at ¶ 8. Defendants did not provide feedback on the notice documents until the evening of November 9, the day before the filing date. *Id.* at 9. In communications after the October 30 meet and confer, counsel for GEO indicated that they would only consent to providing contact information for the class if that information is provided exclusively to the notice administrator, and Class Counsel cannot access it. *Id.* at 10.

## III.  LEGAL STANDARD

In any class action certified under Rule 23(b)(3), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). As required by Rule 23(c)(2)(B), the notice must concisely state in plain, easily understood language: (i) the nature of the action; (ii)

---

² All page number citations are to the ECF pagination.

the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Class notice is also required to comply with constitutional due process because class members are bound by the results of a certified Rule 23(b)(3) class action unless they affirmatively opt out. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–74 (1974).  To satisfy constitutional due process, "notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1045 (9th Cir. 2019) (quoting *Eisen*, 417 U.S. at 174 (internal quotation marks omitted)).

Notice may be required when the Court certifies an issue class.  This is because issue certification under Rule 23(c)(4) is understood as a case management tool rather than a type of class action separate from the three categories in Rule 23(b).  *See* McLaughlin on Class Actions § 4:43 (21st ed.) (Rule 23(c)(4) is a "tool for the management of a class action, not a different kind of class action shorn of the Rule 23(a) and (b) requirements").  Accordingly, the notice and opt-out requirements of Rule 23(c)(2)(B) likely apply to issue classes certified under Rule 23(c)(4) in monetary damages cases.  *See* Newberg and Rubenstein on Class Actions § 4:92 (6th ed.) (discussing notice and opt out requirements for issue classes).  Courts in other circuits have expressly ordered notice when certifying an issue class.  *See, e.g., Charron v. Pinnacle Group N.Y. LLC*, 269 F.R.D. 221, 244 (S.D.N.Y. 2010); *Dodge v. Cnty. of Orange*, 226 F.R.D. 177, 185–86 (S.D.N.Y. 2005).  And courts in the Ninth Circuit have tacitly acknowledged the requirement to provide notice and opportunities to opt out.  *See, e.g., Valentino v. Carter-Wallace, Inc.*, 97

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE

F.3d 1227, 1234 (9th Cir. 1996) (holding that district court abused its discretion in certifying an issue class under Rule 23(c)(4) and discussing how notice would have been problematic in that case, suggesting that it may be required for a 23(c)(4) class).

Though Plaintiffs initially bear the cost of the notice plan, costs may be shifted to Defendants. *See Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009) ("[M]any district courts have placed notice costs on the class action defendant once the defendant's liability has been established."); *Bakov v. Consol. World Travel, Inc.*, 68 F.4th 1053, 1059 (7th Cir. 2023) ("We thus agree with the courts that have said that the district court may elect to shift the cost of class notice (with or without a security bond) to the defendant after the plaintiff's success on the merits has been established.").

## IV.   ARGUMENT

Out of an abundance of caution, Plaintiffs seek to provide notice to the class, even in the absence of explicit Ninth Circuit authority requiring notice to an issue class. Plaintiffs propose the following notice plan, which will provide "the best notice practicable under the circumstances," as required by Federal Rule of Civil Procedure 23(c)(2)(B).

### A.   The form and content of Plaintiffs' proposed form of notice satisfies Rule 23(c)(2)(B).

Plaintiffs propose multiple forms of notice, including a Summary Notice mailed or emailed directly to class members, a Long-Form Notice that will be available on a dedicated website, virtual town hall meetings, coordination through networks of immigration attorneys and advocates, notices posted at Adelanto, social media, and a press release distributed in California. To carry out the notice plan, Plaintiffs plan to engage the services of Simpluris, a notice administrator with extensive experience and expertise.

#### 1.   Summary Notice

Plaintiffs propose to mail the Summary Notice, which is attached as **Exhibit B**

to the Xu Declaration, to class members.  Plaintiffs will also email the Summary Notice or send it to class members' counsel, if GEO makes such information available.  *See infra* § IV(C).  The Summary Notice provides a concise description of the defined class and a description of the nature of the action and issue class.  Among other information, the Summary Notice concisely informs each class member about: (1) the general nature of the claims in the case; (2) the definition of the issue class; (3) the binding effect of an issue class judgment on class members; (4) that the Court will exclude any class member who requests exclusion from the issue class; and (5) contact information for how to opt out.  The Summary Notice also provides a toll-free telephone number and a website address through which individuals can obtain more information about the case and the certified class.  The Summary Notice will be mailed to all class members in English, Spanish, Mandarin, French, and Hindi. Kamenir Decl. ¶ 7.

### 2.  Long-Form Notice

Plaintiffs also propose a Long-Form Notice, attached as **Exhibit C** to the Xu Declaration.  The Long-Form Notice uses easy-to-understand language to provide additional information about the lawsuit beyond what is provided in the Summary Notice.  The first section of the Long-Form Notice provides a basic description of the nature of the action.  The Long-Form Notice describes the options that class members have at this point in the litigation and explains in plain language the implications of those choices.  This information is further explained in the Answers to Questions 1-5, which describe the posture of the action; the class claims; the issues, allegations, and Defendants' response; and the relief sought in the action. The Answer to Question 6 provides a description of the defined issue class and informs class members that more information is available by visiting the dedicated website.  The Answer to Question 7 provides information regarding Class Counsel and whether class members can hire their own attorneys.  The Answers to Questions 8-11 explain the rights of class members, the binding effect of a class judgment, and

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE

the right to opt out of the class to avoid a binding judgment on the certified issue. The Answer to Question 12 communicates to class members that they cannot be subject to retaliation if they participate in or exclude themselves from this class action. The Answer to Question 13 provides a toll-free telephone number and a website address through which individuals can obtain more information about the case and the certified class. The Long-Form Notice will be available on the website in English, Spanish, Mandarin, French, and Hindi. Kamenir Decl. ¶ 14.

### 3. Website

Plaintiffs will work with the notice administrator to develop an informational website, where the Summary and Long-Form Notices will be available in English, Spanish, Mandarin, French, and Hindi. Kamenir Decl. ¶¶ 11-15. The website will also include an email contact form and other important court documents. *Id.*

### 4. Virtual Town Hall Meetings

Plaintiffs plan to hold virtual town hall meetings in December 2025 as a form of notice. Plaintiffs anticipate that they will publicize the virtual town hall meetings in partnership with immigrants' rights organizations, such as the California Collaborative for Immigrant Justice, Inland Coalition for Immigrant Justice, and the class members for whom Class Counsel has contact information. During these virtual town hall meetings, Class Counsel will share updates from the case, including the meaning of the class certification order and the rights of the class members, as communicated in the Summary and Long-Form Notice documents.

### 5. Communication Channels for Immigration Advocates

Plaintiffs also plan to research and disseminate the notice documents through various communication channels used by immigration advocates and attorneys. These communication channels include email listservs that will reach immigration attorneys and advocates working in Southern California and throughout the country. Immigration attorneys and advocates in these communication channels likely have clients who are class members or people in touch with class members. Some

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE

examples may include communication channels maintained by the American Immigration Lawyers Association, the ACLU of Southern California, the California Collaborative for Immigrant Justice, and Democracy Forward. Plaintiffs will also coordinate with immigrant rights' organizations, such as the ones they will work with to publicize the virtual town hall meetings, to distribute the notice documents to their constituents.

### 6. Posting Summary Notice at Adelanto

Plaintiffs also propose that GEO post the Summary Notice throughout the Adelanto Detention Center to reach individuals who are currently detained there. This means of notice will reach individuals who were detained at Adelanto Detention Center during the class period and are again detained there today.

### 7. Social Media

If provided access to class member names and email addresses, Plaintiffs propose supplementing the direct mailing with social media ads to direct traffic to the website. The social media ads will inform people that the Court has certified an issue class and direct them to find more information about the definition and implications of the certified issue class on the website. Kamenir Decl. ¶ 16.

### 8. California Press Release

Plaintiffs plan to issue a press release in California with information from the Summary Notice to be distributed over PR Newswire, which will further extend reach. The press release will be sent directly to hundreds of California newspapers, radio stations, television stations, and online and digital news sites, helping to achieve broad public notice. Kamenir Decl. ¶¶ 17-18.

### 9. Notice Administrator

Plaintiffs plan to engage the services of Simpluris, an experienced notice administrator, that will manage several aspects of the proposed notice plan, including mailing the Summary Notices. *Id.* at ¶¶ 2, 4-7. The notice administrator will also manage the website, the social media posts, and the press release. *Id.* at ¶¶ 5, 11-18.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE

The notice administrator will establish and maintain a 24-hour, toll-free telephone line where callers may obtain information about the case. *Id.* at ¶¶ 5, 11. Finally, the notice administrator will manage and report to the parties about any opt-outs from class members. *Id.* at ¶ 19.

### 10. Opt-Out Deadline

Plaintiffs propose an Opt-Out period of at least 30 days. *See* 1 McLaughlin on Class Actions § 5:78 (21st ed.) ("Courts ordinarily will approve objection/opt-out periods of between approximately 30 and 90 days from the time the notice is sent."). The Opt-Out period could be longer than 30 days depending on the timing of the Court's Order for this Motion. *See infra* § IV(D). Any person who wishes to opt out of the class action must do so by following the instructions for requesting exclusion from the class as set forth in the class notice documents. All requests for exclusion must be mailed, emailed, or otherwise transmitted to the notice administrator no later than January 19, 2026, which is the day before the start of trial. The notice administrator shall notify the parties of any opt-out within fourteen days of receipt of such a request. Kamenir Decl. ¶ 19.

**B.     Plaintiffs' proposed Notice Plan is reasonable and represents the best notice practicable under the circumstances.**

To meet due process requirements, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Courts have generally held that direct notice by physical and electronic mail is sufficient to notify identified class members and meets the standard of Rule 23. *See, e.g.*, *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492-93 (E.D. Cal. 2006) (citing *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992)) ("First class mail is ordinarily sufficient to notify class members who have been identified."); *In re Facebook Internet Tracking Litig.*, 2022 WL 16902426, at *3-5 (N.D. Cal. Nov. 10,

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE

2022) (approving direct email notice). Plaintiffs' proposed notice plan satisfies due process and allows for the best notice practicable under the circumstances. As described in the Declaration of Jacob Kamenir, Simpluris will mail Summary Notices in English, Spanish, Mandarin, French, and Hindi to all identified class members. The Summary Notices will be sent to the last known contact addresses for all class members as provided by GEO. *See infra* § IV(C).

Though Rule 23 requires the best notice practicable under the circumstances, it does not require that each class member actually receive notice. *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). When individual notice is not possible, courts may order alternative means to satisfy due process, such as notice through third parties, on a website, or at an appropriate physical location where class members may be located. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017). Plaintiffs propose supplemental methods of notice here, in the event that direct notice may not effectively reach all class members. To increase reach, the Plaintiffs propose providing notice to third parties who are likely in touch with class members through virtual town hall meetings and communication channels for immigration attorneys and advocates. *See Doe v. MindGeek USA Inc.*, No. SACV 21-00338-CJC (ADSX), 2024 WL 4405132, at *1 (C.D. Cal. Jan. 26, 2024) (approving notice plan involving coordination with a nonprofit "to further disseminate notice through [the organization's] established channels of communication with survivors of child sex trafficking"). Plaintiffs also propose posting the Summary Notice at Adelanto to provide notice to any class members who may currently be detained there. *See, e.g.*, *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1305 n.2 (9th Cir. 1990) (approving posting as one form of notice to supplement direct mailing); *Romero*, 235 F.R.D. at 493 (approving posting in Defendant's workplace as a form of notice and rejecting argument that posting should be barred as punitive). Finally, Plaintiffs propose publicizing the notice via social media posts and through a press release, which will further expand the number of class members reached.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE

Plaintiffs have engaged Simpluris, a qualified third-party, to effectuate aspects of its proposed Notice Plan and to process any opt-outs. Simpluris has evaluated the proposed Notice Plan and opines that these means of providing notice are the best practicable under the circumstances and that the proposed Notice Plan satisfies the requirements of Rule 23 and constitutional due process. Kamenir Decl. ¶¶ 3, 21.

**C.   The Court should order GEO to provide contact information for the certified issue class.**

To implement Plaintiffs' proposed notice plan, Plaintiffs must have access to contact information for all members of the issue class—information that GEO can obtain from its own files or from ICE. *See* Xu Decl. at ¶¶ 4-7. Plaintiffs engaged in a meet and confer process in advance of filing this motion, but GEO has not provided the requested contact information. Xu Decl. at ¶¶ 4, 6. The Court should order GEO to provide the last known contact information for the certified issue class, either through coordination with ICE or through review of its own files. It is crucial that Plaintiffs have access to this information so that they may provide the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2).

There is no question that this information exists. GEO has already identified the members of the issue class by producing a list in discovery of all detainees at Adelanto between February 1 and November 1, 2020, which encompasses the class period. Xu Decl. at ¶ 4. And GEO has access to the last known contact information for the certified issue class, either through their own records or through coordination with ICE. As part of the settlement in *Hernandez-Roman et al.,* Case No. 5:20-cv-00768 (C.D. Cal.), the parties sent notices by mail to the certified class, which included all individuals detained at Adelanto between March 23, 2020, and May 11, 2023. *See Hernandez-Roman et al.,* Case No. 5:20-cv-00768 (C.D. Cal.), ECF 2636-2 at 16 ("Plaintiffs will send the Notice to the Class and this Settlement Agreement via first class mail to all Released Class Members at the address on file with ICE.").

The *Hernandez-Roman* class encompasses nearly all class members in this action, except for class members detained at Adelanto from March 11–23, 2020—the fraction of the class period in this case that predates *Hernandez-Roman*. *See* ECF 318 at 29. Therefore, to provide a complete list here, counsel for GEO can largely rely on the list compiled through *Hernandez-Roman* and need only compile contact information for a small portion of the class. Counsel for the Plaintiffs in *Hernandez-Roman* do not object to sharing the contact information used to effectuate notice in that case pursuant to their protective order. Xu Decl. at ¶ 7. And it should not be an extensive task to compile contact information for a small segment of the class given GEO's acknowledgment that last known contact information may be available in class members' individual files. *See* Xu Decl. at ¶ 4.

The Court should reject GEO's anticipated objection that Plaintiffs should not be provided access to class member contact information, and that any such list should be produced only to the notice administrator. GEO has provided no cogent reasoning for why this measure is needed or appropriate. The Social Justice Legal Foundation and Hueston Hennigan LLP have been appointed as Class Counsel, *see* ECF 367, and therefore have a right and obligation to communicate with the class. *See* 3 Newberg and Rubenstein on Class Actions § 9:8 (6th ed.) ("Following class certification, class counsel may seek to communicate with class members either to seek helpful evidence from them or simply to inform them of the status of the litigation. These communications are unproblematic since class counsel and class members enjoy a full attorney-client relationship with one another following class certification."). Any concerns about class members' privacy can be resolved by providing the list of contact information pursuant to the protective order entered in this case, under which GEO has produced other sensitive information. *See* ECF 166 (Amended Protective Order).

/////

/////

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE

**D.    The Court should promptly order notice so that trial may begin without delay on January 20, 2026.**

Plaintiffs respectfully request that the Court promptly grant this motion so that class members have the maximum opportunity to obtain notice about the class certification decision and opt out, if they choose.  Plaintiffs are committed to and capable of moving expeditiously.  If GEO provides class member contact information without delay, execution of the notice plan will not impede the start of trial.  Plaintiffs propose the following schedule:

| Event | Timing |
| --- | --- |
| Summary Notices sent | Within 7 business days of receiving class member contact information |
| Dedicated website with Long-Form Notice goes live | Within 7 business days of entry of order approving notice plan |
| Virtual Town Hall Meetings | Approximately December 2025 |
| Communication channels for immigration attorneys and advocates | Within 7 days of entry of order approving notice plan |
| Summary Notice posted in Adelanto | Within 7 days of entry of order approving notice plan |
| Social Media | Within 7 business days of receiving class member contact information |
| Press release | Within 7 business days of entry of order approving notice plan |
| Last day to receive opt-outs | January 19, 2026 |
| Trial begins | January 20, 2026 |

## V.    CONCLUSION

Accordingly, Plaintiffs respectfully move for an order approving their plan and form of notice.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE

Dated: November 10, 2025

SOCIAL JUSTICE LEGAL FOUNDATION

By: /s/ *Amy Xu*
Amy Xu

*Attorneys for Plaintiffs*

HUESTON HENNIGAN LLP

By: /s/ *Robert N. Klieger*
Robert N. Klieger

*Attorneys for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE CLASS NOTICE PLAN AND FORM OF NOTICE