UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN, et al., | Case No. 5:23-cv-00481 JGB(SHKx) |
| Plaintiffs, | [CLASS ACTION] |
| vs. | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT RE PLAINTIFFS' CRIMINAL CONVICTIONS** |
| THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio corporation, | |
| Defendants. | *[Motion filed concurrently herewith]* |
| THE GEO GROUP, INC., a Florida corporation, | Date: December 22, 2025<br>Time: 11:00 AM<br>Courtroom: 1<br>Judge: Hon. Jesus G. Bernal |
| Third-Party Plaintiff, | FAC Filed: January 6, 2025<br>Trial Date: January 20, 2026 |
| vs. | |
| SPARTAN CHEMICAL COMPANY, INC., and ROES 1-10, | |
| Third-Party Defendants. | |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE NO. 1 TO
EXCLUDE EVIDENCE AND ARGUMENT RE PLAINTIFFS' CRIMINAL CONVICTIONS

# [PROPOSED] ORDER

Having considered Plaintiffs Ligaya Ronduen, Carlos Castillo, Miriam Scheetz, Wilfredo Gonzalez Mena, Somboon Phaymany, and Yolanda Mendoza's ("Plaintiffs") Motion In Limine No. 1 To Exclude Evidence And Argument Re Plaintiffs' Criminal Convictions ("Motion"), all evidence in support, and any oral argument and other evidence submitted, the Court hereby orders as follows:

1.      Under Federal Rule of Evidence 609, evidence of a prior criminal conviction that is within the last ten years of a crime, punishable by more than one year, is admissible subject to Rule 403's balancing test.  *See* Fed. R. Evid. 609(a)(1). Evidence of a criminal conviction "regardless of the punishment" is admitted only if the elements of the crime require proving a "dishonest act or false statement."  Fed. R. Evid. 609(a)(2).  The party seeking to introduce conviction evidence has the burden of showing that Rule 609's requirements are satisfied.  *See United States v. Hendershot*, 614 F.2d 648, 652–53 (9th Cir.1980).

2.      Plaintiffs Gonzalez and Mendoza's only convictions are misdemeanors for driving under the influence that were not punishable by imprisonment of more than one year and are therefore inadmissible under Federal Rule of Evidence 609. *See United States v. Edwards*, 156 F. App'x 954, 956 (9th Cir. 2005).

3.      Plaintiff Castillo's 2017 conviction and Plaintiff Ronduen's 2015 conviction are for sex offenses involving minors.  Plaintiff Phaymany was convicted 28 years ago of attempted murder and assault.  Their convictions do not bear directly on the likelihood that they will testify truthfully.  *See, e.g.*, *U.S. v. Robinson*, 2023 WL 6147569, at *1–2 (W.D. Wash. Sept. 20, 2023) (felony conviction for rape of a child does not directly bear on character for truthfulness); *Cordoba v. Pulido*, 2018 WL 500172, at *2 (N.D. Cal. Jan. 20, 2018) ("a murder conviction is not probative of veracity"); *U.S. v. Ramos*, 2014 WL 8817652, at *7 n.5 (C.D. Cal. Sept. 17, 2014) ("courts generally find crimes of violence to be less probative of veracity than other crimes").

4.      Convictions for sexual assault or gang violence are also "among the most prejudicial types of information the jury could learn" about the witness. *Scott v. Lawrence*, 36 F.3d 871, 874 (9th Cir. 1994); *see Goods v. Los Angeles Cnty. Sheriff*, 2015 WL 13916520, at *3 (C.D. Cal. Dec. 1, 2015) (noting "extraordinarily high" danger of undue prejudice from prior "convictions for rape, forcible oral copulation, and kidnapping").

5.      The Court finds that, on balance, the minimal probative value of Plaintiffs Castillo, Ronduen, and Phaymany's criminal convictions is far outweighed by the risk of unfair prejudice, such that exclusion of their convictions is required under Rule 403. *See Brooks v. Haggett*, 2010 WL 4226693, at *8 (N.D. Cal. Oct. 21, 2010) ("conviction for lewd acts on a child under fifteen" excluded because of unfair prejudice); *Ellis v. Navarro*, 2012 WL 3580284, at *2 (N.D. Cal. Aug. 17, 2012) (attempted murder conviction excluded because of undue prejudice); *United States v. Ramos*, 2014 WL 8817652, at *7 (C.D. Cal. Sept. 17, 2014), *aff'd*, 717 F. App'x 693 (9th Cir. 2017) (felony conviction for assault with a firearm and gang allegations' probative value not outweighed by its prejudicial effect).

6.      Additionally, evidence of their criminal convictions is likely to confuse the issues and waste time at trial. *See Diallo v. Ruan Transp. Corp.*, 2021 WL 3222733, at *4 (S.D.N.Y. July 29, 2021) (finding the probative value of criminal conviction "substantially outweighed by the danger that evidence of the conviction w[ould] likely confuse the jurors and distract them from their principal responsibility: determining whether the plaintiff c[ould] establish" his negligence claim).

7.      Plaintiff Scheetz's conviction for filing a false document required evidence of a dishonest act or false statement and is therefore admissible under Rule 609(a)(2).

8.      Plaintiff Scheetz's remaining convictions were for crimes that did not require evidence of a dishonest act or false statement and are therefore properly

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT RE PLAINTIFFS' CRIMINAL CONVICTIONS

analyzed under Rule 609(a)(1).  Like the convictions of Plaintiffs Castillo, Ronduen, and Phaymany, the minimal probative value of Plaintiff Scheetz's remaining convictions is far outweighed by the risk of unfair prejudice, confusing the issues, and wasting time, and evidence of those other convictions should therefore be excluded under Rule 403.

9.    Plaintiff's Motion in Limine No. 1 is **GRANTED**.  Evidence and argument regarding the criminal convictions of Plaintiffs Ronduen, Castillo, Gonzalez, Phaymany, and Mendoza are excluded.

10.    Evidence or argument regarding Plaintiff Scheetz's criminal convictions is limited to the fact that Plaintiff Scheetz was convicted 14 years ago for filing a false document unless Plaintiff Scheetz opens the door to something more.  *See U.S. v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (evidence of prior conviction admitted for impeachment purposes may not include collateral details and circumstances).

Plaintiffs' Motion is **GRANTED**.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Jesus G. Bernal

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT RE PLAINTIFFS' CRIMINAL CONVICTIONS