SOCIAL JUSTICE LEGAL FOUNDATION
Marjorie J. Menza (SBN 321512)
mmenza@socialjusticelaw.org
Sara Haji (SBN 330834)
shaji@socialjusticelaw.org
Ashley Artmann (SBN 319374)
aartmann@socialjusticelaw.org
523 West 6th Street, Suite 450
Los Angeles, California 90014
Telephone:  (213) 542-5241

HUESTON HENNIGAN LLP
John C. Hueston (SBN 164921)
jhueston@hueston.com
Robert N. Klieger (SBN 192962)
rklieger@hueston.com
Emily Michael Munson (SBN 338433)
emunson@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340
Facsimile:  (888) 866-4825

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN, et al.,<br><br>                Plaintiffs,<br><br>        vs.<br><br>THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio Corporation,<br><br>                Defendants. | Case No. 5:23-cv-00481 JGB(SHK)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR A WRITTEN JUROR QUESTIONNAIRE**<br><br>[*Proposed Order filed concurrently herewith*]<br><br>Date:        December 22, 2025<br>Time:        11:00 a.m.<br>Courtroom:  1<br>Judge:        Hon. Jesus G. Bernal |
| THE GEO GROUP, INC., a Florida corporation,<br><br>                Third-Party Plaintiff,<br><br>        vs.<br><br>SPARTAN CHEMICAL COMPANY, INC., and ROES 1-10,<br><br>                Third-Party Defendants. | |

PLAINTIFFS' MOTION FOR A WRITTEN JUROR QUESTIONNAIRE

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 22, 2025, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jesus G. Bernal, United States District Judge, in Courtroom 1 of the United States District Court, Central District of California, 3470 Twelfth Street, Riverside, California 92501, Plaintiffs Ligaya Ronduen; Carlos Castillo; Miriam Scheetz; Wilfredo Gonzalez Mena; Somboon Phaymany; and Yolanda Mendoza, ("Plaintiffs") will and hereby do move this Court for an order authorizing a written juror questionnaire as part of voir dire.

This motion is based on this notice of motion, the memorandum of points and authorities served and filed herewith, the proposed questionnaire attached as **Exhibit A**, the pleadings and records on file herein, and upon such other and further argument as may be presented to the Court at the hearing of this matter.

Dated: November 24, 2025      SOCIAL JUSTICE LEGAL FOUNDATION

By: */s/ Sara Haji*
       Sara Haji

*Attorneys for Plaintiffs*

Dated: November 24, 2025      HUESTON HENNIGAN LLP

By: */s/ Emily Michael Munson*
       Emily Michael Munson

*Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully request that the Court authorize the use of a written juror questionnaire, in addition to Court and attorney questions, to ensure effective voir dire in this case. Given the subject matter of this dispute and the identities of the parties, jurors' views on certain controversial or sensitive topics are relevant. Specifically, jurors' opinions and experiences about immigration—including undocumented immigrants, immigration enforcement, and immigration detention—will all need to be explored through voir dire. Jurors may be unwilling to give candid answers about these topics in open court. A written questionnaire is the most effective, least intrusive means to ensure honest and complete responses while respecting jurors' privacy and maintaining the integrity of the jury pool. Plaintiffs' proposed questionnaire is attached as Exhibit A.

### I.    LEGAL STANDARD

"The trial court is given wide discretion in directing a voir dire examination that will result in selection of an impartial and qualified panel." *United States v. Gonzales-Benitez*, 537 F.2d 1051, 1053 (9th Cir. 1976). As part of voir dire, the trial court must "ensur[e] that jurors have 'no bias or prejudice that would prevent them from returning a verdict according to the law and evidence.'" *United States v. Tsarnaev*, 595 U.S. 302, 312 (2022) (quoting *Connors v. United States*, 158 U.S. 408, 413 (1895)).

In the Ninth Circuit, courts have an "abundance of tools" to control for bias, "including the use of jury questionnaires and/or individual voir dire." *United States v. U.S. Dist. Court for E. Dist. of Cal.*, 464 F.3d 1065, 1071 (9th Cir. 2006); *see also Skilling v. United States*, 561 U.S. 358, 391 (2010) (approving the trial court's use of a written questionnaire in voir dire proceedings to screen jurors in a high-profile securities fraud case).

### II.    ARGUMENT

"[P]art of the guarantee of a defendant's right to an impartial jury is an adequate voir dire to identify unqualified jurors" and to provide attorneys with sufficient

information to properly exercise peremptory challenges. *Morgan v. Illinois*, 504 U.S. 719, 729 (1992). A written juror questionnaire is the most effective and practical way to facilitate adequate voir dire in this case for several reasons:

*First*, a written questionnaire will promote candid responses on the topic of immigration thereby improving the reliability of voir dire. The effectiveness of voir dire depends on frank answers from prospective jurors. But jurors may be reasonably reluctant to openly share their views on politically and socially sensitive topics like undocumented immigration, immigration enforcement, and immigration detention, all of which could impact a juror's ability to be impartial in this case. It is essential to explore these topics during voir dire and to encourage honest answers and thorough explanations in order to uncover and root out relevant biases. *See Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Cir. 1981) ("If an inquiry requested by counsel is directed toward an important aspect of the litigation about which members of the public may be expected to have strong feelings or prejudices, the court should adequately inquire into the subject on voir dire."); *Green v. White*, 232 F.3d 671, 676 (9th Cir. 2000) ("Actual bias against a defendant on a juror's part is sufficient to taint an entire trial."). A written questionnaire will more effectively do so than oral voir dire alone. Written questionnaires avoid social inhibitions, allow time for reflection, and encourage more detailed responses. *See, e.g.*, *United States v. Pirk*, 284 F. Supp. 3d 445, 454 (W.D.N.Y. 2018) ("Prospective jurors have been candid about these sensitive topics in their written responses to the questionnaire and during individual voir dire . . . . That candor benefitted all parties in the case as they engaged in the process of selecting an unbiased jury that will consider the trial evidence and instructions on the law without prejudice, sympathy, or bias."); *State v. Carr*, 331 P.3d 544, 610 (Kan. 2014) (jury questionnaires and individual voir dire have a "natural tendency to encourage candor from prospective jurors asked about sensitive subjects").

*Second*, and relatedly, a written questionnaire is necessary to protect juror privacy. Plaintiffs' proposed questionnaire asks a juror's immigration history and

PLAINTIFFS' MOTION FOR A WRITTEN JUROR QUESTIONNAIRE

interactions with immigration authorities, as well as those of people close to them. These areas could be embarrassing, could implicate the safety of jurors or their families, and could trigger fears about job consequences, deportation, detention, or social judgment. Requiring disclosure of such matters in front of government officials and dozens of strangers not only discourages candor but places unnecessary burdens on prospective jurors. *See Press-Enter. Co. v. Superior Ct. of Cal., Cnty. Of Riverside*, 464 U.S. 501, 515 (1984) (Blackmun, J. concurring) (acknowledging that parties have "an interest in protecting juror privacy in order to encourage honest answers to the *voir dire* questions" and that "[t]he State has a similar interest in protecting juror privacy, even after the trial—to encourage juror honesty in the future").

*Third*, a written questionnaire will prevent tainting the jury pool by avoiding public discussion of potentially prejudicial opinions or case-related knowledge. Open-court questions about the hot button topic of immigration invite jurors to volunteer personal anecdotes, inflammatory opinions, or media narratives that could bias other jurors who overhear them. A written questionnaire substantially reduces this risk by redirecting such responses to a private, written format and gives the Court more control over which statements are aired in open court. *See, e.g.*, *Coleman v. Kemp,* 778 F.2d 1487, 1542 (11th Cir. 1985), *cert. denied,* 476 U.S. 1164 (1986) ("If there is a substantial possibility that individual jurors will be ineligible to serve because of exposure to potentially prejudicial material, the examination of each juror with respect to exposure shall take place outside the presence of other chosen and prospective jurors." (citations omitted)); *United States v. Koubriti*, 252 F. Supp. 2d 424, 427 (E.D. Mich. 2003) (noting that voir dire "out of the presence of the other jurors" was needed "to avoid the possibility of contaminating the venire with the views of individual jurors").

*Fourth*, in addition to guarding against prejudice by gathering more candid information, a written juror questionnaire will likely decrease the time necessary to complete the jury selection process. Because they will be aided with the questionnaire

PLAINTIFFS' MOTION FOR A WRITTEN JUROR QUESTIONNAIRE

responses, the attorneys can ask fewer, more specific, and targeted questions during voir dire, as well as speed up the exercise of peremptory challenges. This will substantially expedite the jury selection process. Indeed, courts recognize that the use of a questionnaire in conjunction with oral questioning can be more expeditious than using oral questioning alone. *See Keomanivong v. Jacquez,* No. 2:07-CV-02409-JWS, 2010 WL 843755, at *24 (E.D. Cal. Mar. 9, 2010) ("a juror questionnaire will not obviate the need for oral voir dire, but instead merely will shorten the time necessary to be spent on oral voir dire") (citation and quotation omitted); *United States v. Kuykendall*, No. 1:18-cr-02945-WJ, 2022 WL 788365, at *7 (D.N.M. Mar. 15, 2022) ("Questionnaires may also enhance judicial economy by providing needed information to the parties prior to voir dire, which allows more time for questioning on other substantive matters during the in-court proceedings.")

*Finally*, a written juror questionnaire will not prejudice Defendants. To the contrary, the questionnaire will benefit Defendants for all the same reasons discussed above. Plaintiffs met and conferred with Defendants about this motion and understand that Defendants have no objection to a written questionnaire in principle.

### III.   CONCLUSION

A written juror questionnaire—in addition to oral Court and attorney voir dire—is the most practical and least intrusive means to ensure adequate and thorough voir dire by eliciting candid answers while protecting jurors' privacy. Plaintiffs therefore respectfully request that the Court authorize the use of Plaintiffs' proposed written juror questionnaire.

Dated: November 24, 2025                    SOCIAL JUSTICE LEGAL FOUNDATION


                                            By: */s/ Sara Haji*
                                                 Sara Haji

                                            *Attorneys for Plaintiffs*

- 4 -
PLAINTIFFS' MOTION FOR A WRITTEN JUROR QUESTIONNAIRE

Dated: November 24, 2025   HUESTON HENNIGAN LLP


By: */s/ Emily Michael Munson*
   Emily Michael Munson

   *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR A WRITTEN JUROR QUESTIONNAIRE