TRIAL IMPACT PROJECT
Joshua Z. Behrens (SBN 359126)
jbehrens@trialimpact.org
Marjorie J. Menza (SBN 321512)
mmenza@trialimpact.org
Sara Haji (SBN 330834)
shaji@trialimpact.org
523 West 6th Street, Suite 450
Los Angeles, California 90014
Telephone: (213) 542-5241

HUESTON HENNIGAN LLP
Robert N. Klieger (SBN 192962)
rklieger@hueston.com
Ashley Artmann (SBN 319374)
aartmann@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio corporation,<br><br>Defendants. | Case No. 23-cv-00481-JGB (ACCVx)<br><br>[CLASS ACTION]<br><br>**PLAINTIFFS' NOTICE OF NON-OPPOSITION TO INTERVENOR'S MOTION TO UNSEAL [ECF 544]**<br><br>Date: December 7, 2026<br>Time: 9:00 a.m.<br>Dept.: Courtroom 1<br><br>Complaint Filed: March 20, 2023<br>FAC Filed: January 6, 2025<br>Final Approval Hearing: January 4, 2027 |
| THE GEO GROUP, INC., a Florida corporation,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>SPARTAN CHEMICAL COMPANY, INC. and ROES 1-10,<br><br>Third-Party Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Now come Plaintiffs with the foregoing Notice of Non-Opposition to Intervenor Inland Coalition for Immigrant Justice's Motion to Unseal. Plaintiffs do not oppose Intervenor Inland Coalition for Immigrant Justice's Motion to Unseal, ECF 544, but for the specific personal identifiable information (PII) of a nonparty detained person contained in one document as described in Plaintiffs' previously-filed declaration in support of sealing. *See* ECF 336 ¶ 15. As was detailed in the previously-filed declaration, tailored redactions to that one document will sufficiently protect the nonparty while permitting the document to be public record. *Id.*

Respectfully Submitted,

<u>*/s/ Joshua Z. Behrens*</u>

Joshua Z. Behrens
Marjorie J. Menza
Sara Haji

TRIAL IMPACT PROJECT
*Attorneys for Plaintiffs*

# I. INTRODUCTION

Plaintiffs do not oppose Intervenor Inland Coalition for Immigrant Justice's ("ICIJ" or "Intervenor") Motion to Unseal.[1] Plaintiffs recognize the robust interest in the public's access to court records, particularly where news reports abound with respect to the historic and ongoing conditions of the Adelanto Detention Center. But for the single portion of a document which Plaintiffs filed provisionally under seal, ECF 336-62, and supported such sealing by declaration, ECF 336 ¶¶ 15–16, Plaintiffs do not believe there is good cause nor compelling reasons to continue to keep the remainder of Defendants' materials under seal given that Defendants chose not to protect their documents by following proper sealing procedure.

# II. BACKGROUND

On June 27, 2025, Plaintiffs and Defendants agreed to a streamlined procedure to file documents, designated by another party as confidential under the operative protective order, in support of anticipated briefing. *See* ECF 336 ¶¶ 3–4; 336-1. Rather than meeting and conferring about every confidential document each party sought to file, the parties agreed to file all documents designated as confidential provisionally under seal. *Id.* Then, the designating party would have four (4) days to file a declaration establishing the operative standard (good cause or compelling reasons) to keep the document under seal per LR 79-5.2.2(b). *Id.* To that end, when Defendants filed Plaintiffs' confidential documents provisionally under seal, Plaintiffs submitted the requisite declarations to keep their sensitive information under seal. *See, e.g.*, ECF 356, 380, 451. Accordingly, Plaintiffs communicated their opposition to any unsealing of those documents, which Plaintiffs understand are not part of Intervenor's instant motion. *See* ECF 544-1 ¶¶ 5–6. On the other hand, when Plaintiffs filed documents provisionally under seal that Defendants had marked as confidential under the protective order, Defendants failed to file any declaration within four (4) days—or

[1] Plaintiffs also do not oppose Intervenor's Motion to Intervene. *See* ECF 543.

ever—justifying their confidentiality designations. *Compare* ECF 315, 336, 445 (Plaintiffs filing Defendants' documents provisionally under seal) *with* ECF 315–454 (no declarations from either Defendant seeking to maintain their purportedly confidential documents under seal). This Court sealed two out of the three tranches[2] of documents at issue in this Motion without specific findings as to whether the documents met the compelling reasons standard and without noting that Defendants failed to substantiate their confidentiality designations. *See* ECF 365 at 1; 491 at 3.

## III. ARGUMENT

### *A. Plaintiffs Reiterate Their Request for Tailored Redactions to One Document to Protect the Privacy of a Noncitizen Nonparty*

There is only one document that Intervenor seeks to unseal that Plaintiffs do not consent to complete unsealing: ECF 336-62. As Plaintiffs explained at the time of the document's filing in a sealing declaration, the document contains the PII of a nonparty detained person who filed a grievance regarding GEO's use of HDQ Neutral. *See* ECF 336 ¶ 15. Plaintiffs now, as then, request tailored redactions of the individual's first and last name to protect their identity because this PII meets the good cause standard. *Id.* at ¶¶ 15–16 (explaining information only "tangentially related" to the case has a lower good cause standard to seal) (citing *Kidd v. Wolf*, 2023 WL 11884586, at *1 (C.D. Cal. July 5, 2023)). To be clear, these redactions should not prevent the unsealing of the document as the redactions will sufficiently protect the privacy of the individual while still allowing the document to be public record. Plaintiffs would welcome an opportunity to redact that document and refile it with the proposed redactions on the public record, should the Court so order.

### *B. Plaintiffs Consent to the Vast Majority of the Requested Unsealing*

Plaintiffs agree with Intervenor that the vast majority of the documents it seeks to unseal should be unsealed.[3] Intervenor notes sealed documents that contain named

---

[2] The Court has yet to rule on the documents contained in ECF 445.
[3] The sole exception to this is the requested redactions for ECF 336-62 detailed *supra*.

Plaintiffs' sensitive information are not included in its unsealing request, as requested by Plaintiffs during the meet and confer process. *See* ECF 544-2 at 6, 8–9 (identifying ECF 336-49, 445-3–445-7 as not covered by the unsealing motion as per meet-and-confer discussions with Plaintiffs). The documents covered under Intervenor's unsealing motion were designated by Defendants as Confidential or Highly Confidential under the parties' protective order and were filed provisionally under seal by Plaintiffs solely per the party's agreement, but Defendants failed to ever justify these designations as required under LR 79-5.2.2(b).

Plaintiffs filed these documents because they were relevant—if not germane—to the litigation and they were filed in support of substantive motions such as opposition to summary judgment, motion for class certification, and motions to exclude experts. Intervenor, along with the public at large, has a First Amendment right to this information, to which there is a strong presumption of public access to court records. *See* ECF 544 at 12–19.

## IV. CONCLUSION

Except for Plaintiffs' request to redact PII in a single document as detailed above, Plaintiffs do not oppose Intervenor's Motion to Unseal.

Respectfully Submitted,

/s/ Joshua Z. Behrens

Joshua Z. Behrens
Marjorie J. Menza
Sara Haji

TRIAL IMPACT PROJECT
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that: I am over the age of eighteen (18) and not a party to the within action. I am employed in the law firm of Trial Impact Project, 523 West 6th Street, Suite 450, Los Angeles, CA 90014. On November 16, 2026, I filed a copy of the foregoing Motion for a Preliminary Injunction and its supporting documents electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all participants by operation of the court's electronic filing system.

/s/ *Joshua Z. Behrens*
Joshua Z. Behrens