**PIERSON FERDINAND LLP**
DAVID D. MESA, State Bar No. 257488
MATTHEW H. WEINER, State Bar No. 236394
2100 Geng Road, Suite 210
Palo Alto, CA 94303
Telephone: 415.915.4415
*david.mesa@pierferd.com*
*matthew.weiner@pierferd.com*

Attorneys for Defendant and Third-Party Defendant
SPARTAN CHEMICAL COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LIGAYA RONDUEN, et al.,<br>Plaintiffs,<br>v.<br><br>THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio corporation,<br>Defendants. | Case No.: 5:23-cv-00481-JGB-ACCV<br><br>[CLASS ACTION]<br><br>Judge: Hon. Jesus G. Bernal<br><br>**DECLARATION OF JUSTIN BLACK IN SUPPORT OF SPARTAN CHEMICAL COMPANY, INC.'S OPPOSITION IN PART TO MOTION TO UNSEAL COURT RECORDS (ECF NO. 544)** |
| THE GEO GROUP, INC., a Florida corporation,<br>Third-Party Plaintiff,<br><br>v.<br><br>SPARTAN CHEMICAL COMPANY, INC. and ROES 1-10,<br>Third-Party Defendants. | Hearing Date: December 7, 2026<br>Time: 9:00 a.m.<br>Place: Courtroom 1, Riverside<br><br>Complaint Filed: March 20, 2023<br>FAC Filed: January 6, 2025<br>Trial Date: None set (class settlement preliminarily approved September 25, 2026, Dkt. 541) |
| INLAND COALITION FOR IMMIGRANT JUSTICE,<br>Proposed Intervenor. | |

I, Justin Black, declare as follows:

1. I am the Chief Financial Officer of Spartan Chemical Company, Inc. ("Spartan"). I have held that position since 2018. As Chief Financial Officer, I am responsible for Spartan's financial operations, including its pricing, margin, and cost analysis. I have personal knowledge of the facts stated in this declaration through my responsibilities as Chief Financial Officer and my review of the business records described below, which Spartan makes and keeps in the ordinary course of its business. Facts concerning the preparation and administration of national-account pricing and the reporting package are also based on information provided by Doug Peterson, Spartan's Vice President Corporate Accounts, whose team prepares national-account pricing. If called as a witness, I could and would testify competently to these facts.

2. I submit this declaration in support of Spartan's Opposition in Part to the Motion to Unseal Court Records filed by Inland Coalition for Immigrant Justice ("ICIJ") (ECF No. 544). This declaration is submitted in addition to, and does not replace, the Declaration of Amy Swinford submitted with Spartan's Opposition (the "Swinford Declaration"). It addresses only Spartan's pricing, price-hold commitments, and account practices, and the competitive significance of the price-hold term, the equipment term on SPARTAN_000047, the fulfillment, freight, and payment terms on SPARTAN_000045 (the delivery commitment, the invoicing process, the freight-prepaid threshold, and the payment term), the reporting metrics, and invoice price fields (including the corresponding pricing information on SPARTAN_001965 and on the GEO-Adelanto order confirmations SPARTAN_002143 and SPARTAN_002145) that Spartan asks the Court to redact (Swinford Decl. ¶¶ 4–5, 8, 10, 12–25). I do not address the employee contact information or the 2020 communications described in the Swinford Declaration. I have reviewed paragraphs 4, 5, 8, 10, and 12 through 25 of the Swinford Declaration,

and the facts stated in them concerning those subjects are true and correct to the best of my knowledge.

3. **Spartan's competitive position.** Spartan sells commercial cleaning, sanitation, and disinfectant chemicals to institutional customers through national-account agreements and through a network of authorized distributors. Spartan competes for those programs against several national manufacturers of institutional sanitation chemicals, including Ecolab and Diversey, which bid against Spartan for multi-site institutional accounts.

4. Spartan does not publish customer-specific pricing, price-hold commitments, or account-reporting packages. Spartan maintains two levels of pricing, each with restricted access. Distributor cost, the price an authorized distributor pays when purchasing from Spartan, is available only to authorized distributors through a password-protected log-in to their distributor accounts on Spartan's website. National-account pricing, the pricing referenced in the Statement of Work, is prepared account by account by Spartan's corporate accounts team; national-account customers have no remote or online access to it and receive only the pricing that Spartan physically provides to them. To my knowledge, none of the information Spartan asks the Court to redact has been publicly disclosed.

5. Spartan no longer supplies HDQ Neutral to GEO, but it continues to supply GEO with other disinfectant products. The Statement of Work produced as SPARTAN_000044 through SPARTAN_000049 covered GEO facilities in the United States and was not specific to the Adelanto facility or to facilities operated for U.S. Immigration and Customs Enforcement. Spartan has a current Statement of Work in place with GEO, and it includes a price-hold commitment.

6. **Customer-specific pricing, fulfillment, freight and payment terms (SPARTAN_000045–47).** A price-hold commitment is one of the principal economic terms Spartan negotiates in multi-year national-account programs. Spartan negotiates

the price-hold term account by account, based on its own cost and business considerations, and does not disclose one customer's price-hold terms to other customers or to competitors. The same is true of the equipment term on SPARTAN_000047. From my role overseeing Spartan's pricing, margin, and cost analysis, I know that equipment Spartan provides is a cost component of the overall economics of an account, and that whether and on what terms Spartan provides it is negotiated account by account. If that term were public, competitors and Spartan's other customers and prospects could infer Spartan's approach to equipment costs and use that information in competing bids and in their own negotiations with Spartan. The same is also true of the fulfillment, freight, and payment terms on SPARTAN_000045. The freight-prepaid threshold and the payment term are negotiated economic concessions, and each carries a direct cost to Spartan: the freight expense Spartan absorbs, and the carrying cost of the receivables Spartan finances during the payment period. As Chief Financial Officer, I analyze those costs as part of the margin on each national account. Spartan sets those terms account by account and does not publish them. The delivery commitment and invoicing process described on SPARTAN_000045 reflect Spartan's cost-to-serve structure for national accounts. If those terms were public, competitors could see the full economic package Spartan offered for this account, including the freight and payment concessions alongside the price-hold and equipment terms, and could structure their bids to undercut it. Spartan's other customers and prospects could also demand the same freight and payment terms in their own negotiations, regardless of differences in order size, delivery locations, or credit profile.

7. Spartan continues to offer price-hold commitments, structured the same way, in its current national-account and institutional proposals. Spartan currently has a substantial number of national-account and institutional agreements in place, many of which include a price-hold commitment. If the price-hold term Spartan agreed to

for GEO were public, (a) competing manufacturers bidding against Spartan for multi-site institutional accounts could offer a price-hold term calibrated to beat Spartan's known position, and (b) Spartan's other national-account customers and prospects could demand at least the same price-hold term, regardless of differences in volume, product mix, or service level. Either result would reduce Spartan's margins or cost it business in competitive bids.

8. **The reporting metrics (SPARTAN_000047).** The bulleted list in the "REPORTING" paragraph of the Statement of Work identifies the metrics in a Spartan-developed reporting package. Spartan continues to offer the same metric structure to current institutional customers and does not publish it. If the list were public, competitors could replicate Spartan's reporting offering without the investment Spartan made to develop it.

9. **The invoices (SPARTAN_000009) and product lookup report (SPARTAN_001965).** The price fields on the invoices produced as SPARTAN_000009 reflect Spartan's customer-specific net pricing for the account. Together with the related fields from which net pricing can be derived, they reveal Spartan's net pricing for a national institutional account. Spartan provides invoices only to the customer billed and, where applicable, to the servicing distributor, and does not publish its customer-specific net prices. The same customer-specific net pricing (unit price, extended value, tax, and total) appears on two GEO-Adelanto order confirmations produced as SPARTAN_002143 and SPARTAN_002145 (Plaintiffs' Exhibits 103 and 104), and their disclosure would cause the same competitive harm described below for the invoices. SPARTAN_001965 is an internal Spartan "Product Lookup" report for the GEO-Adelanto accounts. The pricing information on that report would allow a reader to derive Spartan's net pricing and credit terms for the account, which are part of its program pricing and margin structure. Spartan does not provide such reports to the public.

10. Spartan's competitors in institutional sanitation chemicals could use Spartan's customer-specific net prices to undercut Spartan in competitive bids for institutional accounts. Spartan's other institutional customers and prospects could also use the invoices to demand the same net prices in their own negotiations, regardless of differences in volume, delivery requirements, or service obligations. Either use would cause Spartan to lose bids or accept lower margins.

11. The fact that the invoices and order confirmations date from 2020 does not eliminate that harm. Spartan's current pricing is still built on the same cost structure and pricing approach reflected in these documents, so a competitor could use the historical pricing to estimate Spartan's current pricing. The same is true of the pricing information on SPARTAN_001965 and on the order confirmations produced as SPARTAN_002143 and SPARTAN_002145.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16, 2026, at Maumee, Ohio.

Justin Black