MICHAEL E. GALLAGHER, ESQ. (SBN 195592)
mgallagher@teamghb.com
FRED M. BLUM, ESQ. (SBN 101586)
fblum@teamghb.com
DANIEL E. TROWBRIDGE, ESQ. (SBN 301301)
dtrowbridge@teamghb.com
GALLAGHER HUIE + BLUM
601 Montgomery Street, Suite 1100
San Francisco, CA 94111
Telephone: (415) 397-9006
Facsimile: (415) 397-1339

Attorneys for Defendant
THE GEO GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN; CARLOS CASTILLO; MIRIAM SCHEETZ; CESAR HERNANDEZ CARRILLO; WILFREDO GONZALEZ MENA; SOMBOON PHAYMANY; and YOLANDA MENDOZA, individually and on behalf of all others similarly situated ,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GEO GROUP, INC and SPARTAN CHEMICAL COMPANY, INC,<br><br>Defendants. | Case No. 5:23-cv-00481-JGB-ACCV<br><br>**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO INLAND COALITION FOR IMMIGRANT JUSTICE'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS [DKT. 543]**<br><br>[Filed concurrently with Declaration of Fred M. Blum]<br><br>Date: December 7, 2026<br>Time: 9:00 a.m.<br>Courtroom: 1 (Riverside)<br>Judge: Hon. Jesus G. Bernal |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendant THE GEO GROUP, INC. ("GEO")] hereby opposes the Motion to Intervene for the Limited Purpose of Unsealing Court Records (Dkt. 543) filed by proposed intervenor Inland Coalition for Immigrant Justice ("ICIJ"). This Opposition is based on the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Fred M. Blum, the pleadings and records on file in this action, and such further argument as the Court may permit.

Date: November 16, 2026 GALLAGHER HUIE & BLUM

By: ______________________________
FRED BLUM
DANIEL TROWBRIDGE
Attorneys for Defendant
THE GEO GROUP, INC.

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 2

A. The Litigation and the Court's Sealing Orders ..... 2

B. The Class Settlement ..... 3

C. ICIJ's Advocacy Concerning Adelanto ..... 3

D. ICIJ's Undisclosed Role as Plaintiffs' Retained Expert ..... 4

E. The Timing of ICIJ's Motion ..... 4

III. LEGAL STANDARD ..... 4

IV. ARGUMENT ..... 5

A. ICIJ Is Plaintiffs' Retained Expert, Not a Disinterested Member of the Public ..... 5

1. ICIJ's own privilege assertion places it inside Plaintiffs' litigation team. ..... 5

2. ICIJ cannot use its status as a shield against discovery and then disclaim it to obtain intervention. ..... 6

3. ICIJ's failure to disclose its role bears on the Court's discretion. ..... 6

4. ICIJ's privileged status prevents Defendant and the Court from testing what it received and how it will be used. ..... 7

5. Intervention would let Plaintiffs, through their own expert, accomplish after settlement what they never sought before it. ..... 7

B. ICIJ Unduly Delayed and Offers No Justification for Its Delay ..... 8

1. ICIJ waited years after it knew of this case and its sealed record. ..... 8

2. ICIJ offers no reason for its delay, and its timing speaks for itself. ....9
3. ICIJ's authorities do not read timeliness out of Rule 24. ....9

C. **INTERVENTION WOULD UNDULY DELAY AND PREJUDICE THE ADJUDICATION OF THE PARTIES' RIGHTS** ....10
1. Intervention would inject satellite litigation into the Rule 23(e) approval process. ....10
2. Intervention would reopen sealing orders on which the parties relied in resolving this case. ....11
3. Intervention would revive a dormant sealing dispute over motions the Court never decided. ....12
4. The burden of renewed sealing litigation is real and properly considered now. ....12

D. **THE COURT SHOULD NOT PERMIT ITS FILES TO BE USED FOR ICIJ'S STATED PURPOSE** ....12

E. **ALTERNATIVELY, THE COURT SHOULD STRICTLY LIMIT ANY INTERVENTION** ....14

V. **CONCLUSION** ....15

**CERTIFICATE OF COMPLIANCE** ....157

# TABLE OF AUTHORITY

**Page(s)**

**Cases**

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992)........................................................ 5, 10, 11

*Binh Hoa Le v. Exeter Fin. Corp.*,
990 F.3d 410 (5th Cir. 2021)........................................................ 6

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*,
712 F.3d 1349 (9th Cir. 2013)........................................................ 11

*Chevron Corp. v. Pennzoil Co.*,
974 F.2d 1156 (9th Cir. 1992)........................................................ 6

*Cnty. of Orange v. Air Cal.*,
799 F.2d 535 (9th Cir. 1986)........................................................ 9, 11

*Cosgrove*,
770 F. App'x ........................................................ 8, 10, 11, 12

*Donnelly v. Glickman*,
159 F.3d 405 (9th Cir. 1998)........................................................ 4

*F.T.C. v. AMG Servs., Inc.*,
2014 WL 6069821 (D. Nev. Nov. 13, 2014) ........................................................ 9

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003)........................................................ 11

*Kamakana v. City & Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006)........................................................ 13

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997)........................................................ 5

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978)........................................................ 2, 13, 14

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.*,
187 F.3d 1096 (9th Cir. 1999)........................................ 4, 5, 9, 10, 11, 12

*Smith v. L.A. Unified Sch. Dist.*,
830 F.3d 843 (9th Cir. 2016)........................................................ 5, 8

*United States ex rel. Brunson v. Bechtel Nat'l, Inc.*,
757 F. App'x 563 (9th Cir. 2018) ................................................ 8, 10, 11

*United States v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004)........................................................ 4, 9

*United States v. Richey*,
632 F.3d 559 (9th Cir. 2011)........................................................ 5

*United States v. Washington*,
86 F.3d 1499 (9th Cir. 1996)........................................................ 5, 9

**Rules**

Fed. R. Civ. P. 24(b)(1)........................................................ 4

Fed. R. Civ. P. 24(b)(3)........................................................ 4, 10, 11, 12

Fed. R. Civ. P. 26(b)(4)(D) ........................................................ 7

Rule 24(b)........................................................................ 5, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Proposed intervenor Inland Coalition for Immigrant Justice ("ICIJ") seeks to present themselves as disinterested party seeking to obtain GEO's confidential documents. What ICIJ fails to tell the Court that is was far from disinterested as it was retained by Plaintiff's in this matter as a none testifying expert. Declaration of Fred M. Blum ("Blum Decl."), Ex. A.

ICIJ asks the Court to let it into this case now: more than three and a half years after the case in which it was an expert was filed, more than a year after the Court entered the sealing orders ICIJ attacks, and one day after the parties submitted their class settlement for approval. By its own account, ICIJ has been closely involved with the events underlying this lawsuit since the spring of 2020. Yet its Motion offers no explanation, not a single sentence, for why it waited until the litigation was over and the settlement was before the Court to act.

Nor does the Motion disclose that ICIJ is no stranger to this case. When Defendant served ICIJ with a subpoena in this action, ICIJ refused to comply on the ground that Plaintiffs had retained it as a non-testifying expert and that its communications were privileged. ICIJ cannot be a member of Plaintiffs' litigation team when Defendant seeks discovery and a disinterested member of the public when it seeks Defendant's confidential documents.

That omission goes to the heart of the Motion. Intervention to unseal rests on the premise that a nonparty steps forward to vindicate the public's interest in access. ICIJ is not such a nonparty. By its own written assertion, it is Plaintiffs' retained consultant, working under the protection of Plaintiffs' counsel's privilege. Plaintiffs, having applied to seal these very materials, having never challenged their designation, and having now settled, do not oppose their own expert's effort to unseal them. In substance, the Motion asks the Court to let Plaintiffs' side reopen sealing orders after the case is over, through a proxy that is shielded from

discovery and that did not disclose its role.

The timing is not incidental, and neither is the cost. Granting intervention would reopen sealing orders the Court entered after reviewing the parties' applications, orders on which the parties relied in evaluating the case and negotiating a class-wide resolution. It would inject a new party and satellite litigation into the Rule 23(e) approval process. And it would revive a sealing application tied to motions in limine that the Court never decided and that the stay rendered moot.

ICIJ's memorandum also shows why it wants the records. Much of its "Background" has nothing to do with this case. It concerns tuberculosis outbreaks in Colorado, deaths and a state investigation in New Jersey, new federal detention contracts, and a separate preliminary injunction proceeding, none of which is before this Court. ICIJ says plainly that it wants the records because they are "relevant to ICIJ's mission," a mission ICIJ describes in terms of community organizing, petitions, and protests aimed at the Adelanto facility. Courts do not permit their files to "serve as reservoirs" for public campaigns of that kind. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Defendant does not dispute the public's general right of access to judicial records, or that a nonparty may in an appropriate case intervene for the limited purpose of seeking access. The question here is narrower: whether this movant, at this late stage, for this stated purpose, should be permitted to intervene. Permissive intervention is discretionary, and Rule 24(b)(3) requires the Court to weigh undue delay and prejudice to the original parties. Those considerations weigh decisively against intervention. The Motion should be denied or, at minimum, sharply limited.

## II. <u>STATEMENT OF FACTS</u>

### A. <u>THE LITIGATION AND THE COURT'S SEALING ORDERS</u>

Plaintiffs filed this action in March 2023, asserting tort claims arising from the use of HDQ Neutral, a disinfectant, at the Adelanto ICE Processing Center

during the COVID-19 pandemic. Dkt. 1. Spartan was brought in by third-party complaint in July 2023 and named as a direct defendant in January 2025. Dkts. 35, 152.

In connection with class certification and summary judgment briefing, Plaintiffs filed applications to seal materials the parties had designated confidential or highly confidential during discovery. Dkts. 314, 335. The Court granted those applications in full, in the same orders that resolved the underlying motions: in September 2025 (Dkt. 365, granting Dkt. 314) and December 2025 (Dkt. 491, granting Dkt. 335). The public versions of both orders, and the redacted public versions of the briefing, have been on the docket since then.

Plaintiffs later filed a third application (Dkt. 444) for materials referenced in the parties' motions in limine. The Court has not ruled on that application, and it never decided the motions in limine. On February 13, 2026, the Court stayed all deadlines and the trial pending settlement negotiations. Dkt. 524.

### B. THE CLASS SETTLEMENT

On August 31, 2026, Plaintiffs filed an unopposed motion for preliminary approval of the General Causation Issue Class settlement. Dkt. 537. The Court granted preliminary approval on September 25, 2026. Dkt. 541. Notice to class members is underway. Blum Decl., ¶3. The parties negotiated the settlement prior to the stay, with the Court's sealing orders in place and in reliance on them. *Id.*

### C. ICIJ'S ADVOCACY CONCERNING ADELANTO

ICIJ describes itself as a coalition of over thirty-five organizations engaged in "policy advocacy, community organizing," and "community responses to ICE and border patrol operations" in the Inland Empire. Mot. at 1; Hernandez Decl. ¶¶ 2, 4. ICIJ has been involved with the specific events at issue since at least May 21, 2020, when it co-signed a complaint to ICE and DHS concerning HDQ Neutral at Adelanto. Mot. at 2 n.3, 4 n.10. ICIJ and its allies petitioned, lobbied, and organized protests at the facility. Hernandez Decl. ¶¶ 7–8; Mot. at 2.

### D. ICIJ's Undisclosed Role as Plaintiffs' Retained Expert

ICIJ's Motion and supporting declarations omit a material fact: by ICIJ's own account, Plaintiffs retained it as a non-testifying expert in this litigation. On October 19, 2023, Defendant served ICIJ with a subpoena for documents concerning the litigation and its connection with the Plaintiffs. Blum Decl. ¶4. ICIJ objected and declined to produce, asserting in part that it had been retained by Plaintiffs as a non-testifying expert and that its communications were protected by the attorney-client privilege. *Id.*, Ex. A (letter dated December 9, 2023). Not surprisingly, Plaintiffs, who retained ICIJ, do not oppose its intervention. Mot. at i; Arkush Decl. ¶ 6.

### E. The Timing of ICIJ's Motion

Despite its history with these events and its role in this case, ICIJ did not seek to intervene for three and a half years. Its counsel first contacted the parties about intervention on September 1, 2026, the day after Plaintiffs filed the motion for preliminary approval of the settlement. Mot. at i; Arkush Decl. ¶ 4. ICIJ filed this Motion on October 5, 2026, together with a separate motion to unseal (Dkt. 544). Dkt. 543. That was ten days after the Court granted preliminary approval.

## III. LEGAL STANDARD

ICIJ, as the movant, bears the burden of establishing that intervention is warranted. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Under Rule 24(b), the Court "may permit" intervention. Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Even where an applicant satisfies the threshold requirements, "the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

A nonparty seeking to intervene to obtain access to court records must still file a timely motion. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096,

1100–01 (9th Cir. 1999). Timeliness turns on "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* at 1101; *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Timeliness is analyzed "more stringently" for permissive intervention than for intervention as of right. *Wilson*, 131 F.3d at 1308. "[A]ny substantial lapse of time weighs heavily against intervention." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). Prejudice to the existing parties is "the most important consideration." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016).

## IV. ARGUMENT

### A. ICIJ IS PLAINTIFFS' RETAINED EXPERT, NOT A DISINTERESTED MEMBER OF THE PUBLIC

The relaxed standard for access-based intervention exists so that members of the public and the press, who otherwise would have no voice, can assert the public's interest in open courts. *San Jose Mercury News*, 187 F.3d at 1100–01 (newspaper); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473–74 (9th Cir. 1992) (collateral litigants). That rationale assumes a nonparty who is a stranger to the litigation. ICIJ is not. Its relationship to Plaintiffs, which it asserted when that served its interests and omitted when it did not, should weigh heavily in the Court's exercise of discretion under Rule 24(b).

#### 1. ICIJ's own privilege assertion places it inside Plaintiffs' litigation team.

When Defendant subpoenaed ICIJ, ICIJ did not respond as a member of the public. It responded as Plaintiffs' retained, non-testifying expert, and it refused to produce on that basis. Blum Decl. ¶4, Ex. A. ICIJ did not merely invoke the protection Rule 26(b)(4)(D) gives non-testifying experts. It claimed the attorney-client privilege. That privilege extends to a third party only when the third party is acting as the lawyer's agent to assist in rendering legal advice. *United States v.*

*Richey*, 632 F.3d 559, 566 (9th Cir. 2011). By invoking it, ICIJ represented that it was functioning as part of Plaintiffs' counsel's legal team in this very case.

That representation cannot be squared with the Motion's premise. ICIJ opens its memorandum by warning of cases in which the parties agree to sealing and "nobody is left in the courtroom to question" it. Mot. at 1 (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021)). But ICIJ was in the courtroom, on Plaintiffs' side. Plaintiffs, the party ICIJ was retained to assist, themselves applied to seal these materials. Dkts. 314, 335, 444. If Plaintiffs' own team believed the sealing was unwarranted, the time to say so was when Plaintiffs filed those applications or when the Court ruled on them, not after Plaintiffs have settled.

2. <u>ICIJ cannot use its status as a shield against discovery and then disclaim it to obtain intervention.</u>

When Defendant sought discovery from ICIJ, ICIJ invoked its status as Plaintiffs' retained expert and claimed privilege to avoid producing anything. Now that it seeks Defendant's confidential documents, ICIJ presents itself only as a coalition of community organizations asserting the public's right of access, without mentioning that role. A litigant may not use its relationship to a case "both as a sword and a shield." *Cf. Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). ICIJ should not be permitted to claim the protections of Plaintiffs' litigation team when discovery is sought from it, and then the standing of a stranger to the case when it seeks to intervene.

3. <u>ICIJ's failure to disclose its role bears on the Court's discretion.</u>

A party asking the Court to exercise its discretion should give the Court the facts it needs to do so. ICIJ's Motion describes ICIJ's history of advocacy concerning Adelanto in detail. Mot. at 1–2; Hernandez Decl. ¶¶ 2–8. It describes the meet-and-confer process in detail. Arkush Decl. ¶¶ 4–16. Yet it omits the single fact most relevant to whether ICIJ is the kind of nonparty that access-based

intervention is designed to admit: that ICIJ was retained by Plaintiffs in this case, was Plaintiffs' counsel agent and has claimed privilege on that basis. The Motion's statement that "Plaintiffs do not oppose intervention," Mot. at i, reads very differently once that fact is known. Plaintiffs are not a neutral party acquiescing in a stranger's request. They are consenting to a motion by their own consultant.

Defendant does not ask the Court to find that the omission was deliberate. But the Court may properly consider that ICIJ sought discretionary relief while withholding a fact that bears directly on that discretion. That alone counsels against admitting ICIJ as a party.

4. <u>ICIJ's privileged status prevents Defendant and the Court from testing what it received and how it will be used.</u>

Because ICIJ claims that its role and its communications with Plaintiffs' counsel are privileged, neither Defendant nor the Court can test what ICIJ received during this litigation, or how. *See* Fed. R. Civ. P. 26(b)(4)(D). The Protective Order allows designated material to go to an expert only under specified conditions and limits its use to this litigation. Blum Decl., ¶5.

That asymmetry is itself prejudicial. ICIJ asks the Court to make Defendant justify, document by document, the continued sealing of its confidential information, while ICIJ shields its own role, communications, and access from any inquiry. To the extent ICIJ's Motion or its advocacy draws on confidential material ICIJ received as Plaintiffs' expert, that raises additional concerns the Court should resolve before admitting ICIJ as a party, not after.

5. <u>Intervention would let Plaintiffs, through their own expert, accomplish after settlement what they never sought before it.</u>

Defendants produced the documents at issue under a Stipulated Protective Order that provides an agreed procedure for challenging confidentiality designations. Plaintiffs never used that procedure for these materials. *Id.*, ¶6. Instead, Plaintiffs themselves applied to seal them, and the Court granted those

applications. Dkts. 314, 335, 365, 491. Plaintiffs then negotiated and obtained preliminary approval of a settlement with those orders in place. Dkt. 541.

Permitting Plaintiffs' own non-testifying expert to intervene, with Plaintiffs' consent, to accomplish what Plaintiffs never sought through the agreed procedure would undermine the Protective Order on which Defendants relied when they produced the documents. It would also undermine the settlement Defendants reached in reliance on the Court's sealing orders. That prejudice to Defendants is concrete, and it arises from intervention itself, not merely from the merits of unsealing. *See United States ex rel. Brunson v. Bechtel Nat'l, Inc.*, 757 F. App'x 563, 567 (9th Cir. 2018); *Cosgrove*, 770 F. App'x at 795.

### B. ICIJ UNDULY DELAYED AND OFFERS NO JUSTIFICATION FOR ITS DELAY

#### 1. ICIJ waited years after it knew of this case and its sealed record.

Delay is measured from when the proposed intervenor knew or should have known that its interests would not be protected by the existing parties. *Smith*, 830 F.3d at 854. ICIJ's claimed interest is access to sealed portions of the record. That interest was apparent from the public docket no later than September 2025, when the Court's class certification order granted Plaintiffs' first sealing application (Dkt. 365). It was confirmed again in December 2025, when the Court granted the second application (Dkt. 491). Throughout that period, the publicly filed briefs and orders showed that the material was redacted and that Defendants had not separately briefed sealing, the very point on which ICIJ now relies. Mot. at 7–8.

ICIJ is not a stranger who happened upon this case. It has been engaged with the alleged use of HDQ Neutral at Adelanto since May 2020, nearly three years before this suit was filed. Mot. at 2 n.3; Hernandez Decl. ¶¶ 7–8. Yet it waited roughly thirteen months after the first sealing order, ten months after the second, and three and a half years after the case was filed. That is a "substantial lapse of

time" that "weighs heavily against intervention." *Washington*, 86 F.3d at 1503.

The delay is all the more inexcusable because ICIJ is not an outsider to this litigation at all. By its own account, ICIJ was retained by Plaintiffs as a non-testifying expert. It has been working with Plaintiffs' counsel in this case. ICIJ cannot claim that it only recently learned its interest in access was not being protected. It was working with the party that filed the sealing applications.

2. <u>ICIJ offers no reason for its delay, and its timing speaks for itself.</u>

The Motion does not explain why ICIJ waited. It does not claim it was unaware of the case, of the sealing applications, or of the Court's orders. Nor could it, given its involvement since 2020. The only fact the Motion offers bearing on timing is that ICIJ moved once "an issue class settlement agreement ha[d] been reached." Mot. at 10. Indeed, ICIJ first notified the parties of its intent to intervene on September 1, 2026, the day after the settlement was submitted for approval. Arkush Decl. ¶ 4.

Choosing to wait until the parties have finished litigating is not a justification for delay. *Alisal Water*, 370 F.3d at 923–24 (an applicant's "desire to save costs by waiting to intervene until a late stage in litigation is not a valid justification for delay"). And a decision to wait until after the parties have reached a settlement "weigh[s] heavily against" intervention. *Cnty. of Orange v. Air Cal.*, 799 F.2d 535, 538 (9th Cir. 1986). ICIJ, which bears the burden, has offered nothing to overcome that presumption. *Alisal Water*, 370 F.3d at 919.

3. <u>ICIJ's authorities do not read timeliness out of Rule 24.</u>

ICIJ contends that a motion to unseal is "timely as long as the documents remain under seal." Mot. at 10 (quoting *F.T.C. v. AMG Servs., Inc.*, 2014 WL 6069821, at *4 (D. Nev. Nov. 13, 2014)). That is not the law of this Circuit. If it were, the timeliness requirement, which *San Jose Mercury News* itself applied through the three-factor test, would be meaningless for every access-based

intervention. *See* 187 F.3d at 1101. *San Jose Mercury News* and *Beckman* hold only that delay is not *per se* fatal where it causes no meaningful prejudice. *See Beckman*, 966 F.2d at 471, 473. They do not excuse an unexplained, multi-year delay by a movant that waited until a class settlement was pending court approval. Where intervention would prejudice a settlement, the Ninth Circuit has affirmed its denial. *See Cosgrove*, 770 F. App'x at 795 (affirming denial of post-settlement permissive intervention under Rule 24(b)(3) where the relief sought could "unravel" the settlement); *Brunson*, 757 F. App'x at 567 (affirming denial where intervention "would cause substantial prejudice to the parties, who entered into a settlement agreement premised on confidentiality after years of litigation").

### C. INTERVENTION WOULD UNDULY DELAY AND PREJUDICE THE ADJUDICATION OF THE PARTIES' RIGHTS

Rule 24(b)(3) independently requires the Court to consider whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights." It would do both.

#### 1. Intervention would inject satellite litigation into the Rule 23(e) approval process.

ICIJ's argument rests on the premise that "the Parties agree that the underlying action should be settled," so intervention "will not delay the litigation schedule." Mot. at 10. But the settlement is not final. It has been preliminarily approved, and the Court and the parties are now in the Rule 23(e) process of class notice, objections, and final approval. That process is part of the "adjudication of the original parties' rights," and it is where the parties' and the Court's attention belongs. Fed. R. Civ. P. 24(b)(3).

Admitting a new party now, with a contested companion motion requiring document-by-document briefing, declarations, and a hearing, would divert the parties' resources from settlement administration at the moment those resources matter most. ICIJ's Motion also does not disclaim participation in the settlement

proceedings or limit what ICIJ may do once admitted as a party. This is unlike *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1354 (9th Cir. 2013), on which ICIJ relies, where the parties' dispute had been fully resolved. Here the settlement remains pending, and intervention risks the very disruption Rule 24(b)(3) guards against.

2. Intervention would reopen sealing orders on which the parties relied in resolving this case.

The materials ICIJ targets are not merely documents designated under a stipulated protective order. The Court reviewed Plaintiffs' applications and granted them in orders resolving class certification and summary judgment. Dkts. 365, 491. The Ninth Circuit's decisions rejecting reliance arguments involved blanket, stipulated protective orders entered without any particularized judicial finding that the protected material warranted confidentiality. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137–38 (9th Cir. 2003); *see Beckman*, 966 F.2d at 475–76; *San Jose Mercury News*, 187 F.3d at 1101. Reliance on an order of the Court itself stands on different footing.

Here, the parties evaluated their positions, weighed their litigation risk, and negotiated a class-wide resolution with those orders in place. Reopening them more than a year later, after the parties have committed to a settlement, would upset that reliance in precisely the way the Ninth Circuit has recognized as prejudicial. *See Brunson*, 757 F. App'x at 567; *Cosgrove*, 770 F. App'x at 795; *Cnty. of Orange*, 799 F.2d at 538 (intervention that would undo years of litigation "clearly" prejudices the parties). *Cf.* L.R. 7-18 (motions for reconsideration must be brought within 14 days of the order). ICIJ should not be permitted, as an intervenor, to obtain what amounts to reconsideration of the Court's orders long after the parties themselves could have sought it.

///

///

3. Intervention would revive a dormant sealing dispute over motions the Court never decided.

ICIJ's request extends to the materials lodged with Plaintiffs' third application (Dkt. 444), which accompanied motions in limine that the Court never decided before staying the case. Dkt. 524. Those motions will never be decided: the case is resolving by settlement. Intervention would require the parties and the Court to litigate the sealing of materials tied to motions that played no role in any adjudication. That is undue delay in the most literal sense. If any action on Dkt. 444 is required, it is the Court's to take on the existing application, not a reason to admit a new party.

4. The burden of renewed sealing litigation is real and properly considered now.

ICIJ's companion motion seeks to unseal material across three separate applications, comprising close to a 100 exhibits and redacted portions of several briefs. Responding requires the designating parties to reassemble the sealed record, prepare document-specific declarations, address the personal and medical information of detained individuals and employees, and brief the issues. That would all happen while the parties are administering a class settlement. ICIJ asserts that any prejudice should be considered only on the merits of unsealing. Mot. at 11 (citing *San Jose Mercury News*, 187 F.3d at 1101). But Rule 24(b)(3) directs the Court to consider undue delay and prejudice when deciding whether to permit intervention at all. The Ninth Circuit has affirmed denial of intervention on that basis where, as here, the case has been resolved by settlement. *Cosgrove*, 770 F. App'x at 795.

**D. THE COURT SHOULD NOT PERMIT ITS FILES TO BE USED FOR ICIJ'S STATED PURPOSE**

"Every court has supervisory power over its own records and files," and access may be denied where court files "might have become a vehicle for improper

purposes." *Nixon*, 435 U.S. at 598. Courts have thus "refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing," and have refused access sought "to gratify private spite or promote public scandal." *Id.*; *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The purpose for which access is sought therefore bears on the Court's exercise of its discretion under Rule 24(b), not merely on the merits of unsealing.

ICIJ's memorandum makes its purpose plain. ICIJ seeks the records because they are "relevant to ICIJ's mission." Mot. at 1; Hernandez Decl. ¶¶ 6–8. ICIJ's description of that mission ignores its role as an expert and instead centers on community organizing around Adelanto, including petitions and protests that were part of a campaign for the facility's closure. Hernandez Decl. ¶¶ 7–8; Mot. at 2. Much of the memorandum's Background is devoted not to this case but to conduct ICIJ attributes to GEO elsewhere: tuberculosis outbreaks and a state lawsuit in Aurora, Colorado; detainee deaths and a state attorney general investigation at Delaney Hall in New Jersey; the terms of new federal detention contracts; and a separate conditions case before another judge of this Court. Mot. at 5–6. ICIJ frames its request around what "the public deserves to know" about how GEO "and its partners, like Spartan," "may continue to treat" detained people. *Id.* at 6. Those are questions about matters outside this case, not about this Court's adjudication.

The memorandum's rhetoric confirms the point. ICIJ describes Defendants as having "essentially fumigat[ed]" the facility, creating a "literally toxic atmosphere" while acting "wantonly." Mot. at 1–2. Those characterizations are drawn from the allegations of Plaintiffs' complaint and from advocacy press releases, not from any finding of this Court. *See id.* at 2 (citing Dkt. 152 and an advocacy coalition press release). The Court in fact granted summary judgment to GEO on Plaintiffs' battery claim (Dkt. 491), and the certified class was limited to a

single general-causation question (Dkt. 365). The remaining claims are resolving by settlement, without any adjudication of liability.

ICIJ's role as Plaintiffs' retained expert, discussed in Section IV.A above, sharpens the concern. One party's consultant, pursuing its own advocacy mission, now seeks to publicize the opposing parties' confidential documents after the case has settled. That is a circumstance in which the Court should take particular care that its files not "become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598.

Defendant does not suggest that ICIJ's advocacy is illegitimate. But the public right of access exists so that the public may understand and monitor the work of the courts. ICIJ does not identify any ruling of this Court that it cannot understand from the public record. The Court's class certification and summary judgment orders are public, as are the redacted briefs. What ICIJ seeks instead is confidential discovery material to use in a public campaign about detention conditions nationwide. That is precisely the use of court files as a "reservoir" for public consumption that *Nixon* cautions against. 435 U.S. at 598.

The sealed materials include facility security and operational information, personnel information, and confidential contract terms. ICIJ's stated aim of using those materials in campaigns concerning other facilities across the country underscores why the Court should decline to make its files available for that purpose.

### E. ALTERNATIVELY, THE COURT SHOULD STRICTLY LIMIT ANY INTERVENTION

If the Court is inclined to permit intervention, Defendant respectfully requests that the Court limit it as follows:

(1) Intervention should be limited solely to the motion to unseal (Dkt. 544) as it pertains to the materials sealed by the Court's orders at Dkts. 365 and 491. ICIJ should have no right to participate in the settlement approval proceedings, to take discovery, or to seek access to discovery materials that were

never filed.

(2) The materials lodged with Dkt. 444, which relate to motions in limine that were never decided, should be excluded, or their disposition left to the Court's resolution of the pending application.

(3) Briefing and hearing on the motion to unseal should be deferred until after the final approval hearing, and the designating parties should be given at least [30] days after that to submit document-specific declarations.

(4) Any material ordered unsealed should first be subject to redaction of the personal identifying and medical information of detained individuals and employees.

(5) ICIJ should be required to file a declaration stating whether it, or anyone acting on its behalf, received any material designated under the Protective Order in its capacity as Plaintiffs' retained expert, and confirming that it has not used any such material outside this litigation, including in preparing its Motion.

(6) Because ICIJ would be intervening as a party, ICIJ should not be permitted to invoke Rule 26(b)(4)(D) or the attorney-client privilege to avoid limited discovery into whether, and under what conditions, it received or used material designated under the Protective Order.

## V. CONCLUSION

ICIJ is not a disinterested member of the public. It is Plaintiffs' retained expert, a status it invoked to avoid discovery and omitted from its Motion. It waited years, without explanation, until this case was resolved and its settlement was pending approval before seeking to intervene. Its intervention would prejudice the parties and delay the resolution of their rights, and its stated purpose is not one the Court's files should be used to serve.

///

///

///

Defendant respectfully requests that the Court deny the Motion to Intervene or, in the alternative, limit intervention as set forth above.

Date: November 16, 2026

GALLAGHER HUIE & BLUM

By: ______________________________

FRED BLUM
DANIEL TROWBRIDGE
Attorneys for Defendant
THE GEO GROUP, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant THE GEO GROUP, INC., certifies that this brief contains 4,825 words, which complies with the word limit of L.R. 11-6.1.

Date: November 16, 2026

GALLAGHER HUIE & BLUM

By: ______________________________
FRED BLUM
DANIEL TROWBRIDGE
Attorneys for Defendant
THE GEO GROUP, INC.