MICHAEL E. GALLAGHER, ESQ. (SBN 195592)
mgallagher@teamghb.com
FRED M. BLUM, ESQ. (SBN 101586)
fblum@teamghb.com
DANIEL E. TROWBRIDGE, ESQ. (SBN 301301)
dtrowbridge@teamghb.com
GALLAGHER HUIE + BLUM
601 Montgomery Street, Suite 1100
San Francisco, CA 94111
Telephone: (415) 397-9006
Facsimile: (415) 397-1339

Attorneys for Defendant
THE GEO GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN; CARLOS CASTILLO; MIRIAM SCHEETZ; CESAR HERNANDEZ CARRILLO; WILFREDO GONZALEZ MENA; SOMBOON PHAYMANY; and YOLANDA MENDOZA, individually and on behalf of all others similarly situated ,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GEO GROUP, INC and SPARTAN CHEMICAL COMPANY, INC,<br><br>Defendants. | Case No. 5:23-cv-00481-JGB-ACCV<br><br>**DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO INLAND COALITION FOR IMMIGRANT JUSTICE'S MOTION TO UNSEAL RECORDS**<br><br>Date: December 7, 2026<br>Time: 9:00 a.m.<br>Courtroom: 1 (Riverside)<br>Judge: Hon. Jesus G. Bernal |

# TABLE OF CONTENTS


I. INTRODUCTION ....... 1
II. BACKGROUND ....... 1
A. THE PROTECTIVE ORDER AND THE SEALING APPLICATIONS ....... 1
B. THE STAY AND THE CLASS SETTLEMENT ....... 2
C. ICIJ'S MOTION ....... 2
III. ARGUMENT ....... 3
A. THE MOTION SHOULD NOT BE REACHED UNLESS ICIJ IS PERMITTED TO INTERVENE. ....... 3
B. DEFENDANT DID NOT FORFEIT, AND COULD NOT FORFEIT, THE INTERESTS THAT SUPPORT CONTINUED PROTECTION. ....... 3
1. The Local Rule makes denial discretionary, and the Court exercised that discretion by granting the applications. ....... 3
2. Local Rule 7-12 and the cases ICIJ cites concern failures to oppose motions, not this situation. ....... 4
3. The privacy and safety interests of nonparties cannot be forfeited by a party. ....... 5
C. THE RIGHT OF ACCESS IS QUALIFIED, AND THE FEDERAL AND LOCAL RULES AUTHORIZE TARGETED REDACTION. ....... 5
D. CONTACT INFORMATION CONTRIBUTES NOTHING TO THE PUBLIC'S UNDERSTANDING OF THIS CASE. ....... 6
E. COURTS ROUTINELY PROTECT INDIVIDUALS' CONTACT INFORMATION, PARTICULARLY THAT OF NON-PARTIES. ....... 7
F. EACH CATEGORY OF INFORMATION WARRANTS REDACTION. ....... 9
1. Cellular telephone numbers. ....... 9
2. Business extensions and direct-dial numbers. ....... 9
3. Email addresses. ....... 9

G. THE REQUESTED REDACTIONS ARE NARROWLY TAILORED. .......... 10
IV. CONCLUSION .......... 10
CERTIFICATE OF COMPLIANCE .......... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

To the extent the Court orders any sealed record in this action filed publicly, Defendant respectfully requests leave to redact three narrow categories of identifying information of none parties before of the public version is filed: (1) cellular telephone numbers; (2) business telephone extensions and direct-dial numbers; and (3) email addresses. Nothing else would be redacted. The names and titles of the individuals, the dates of their communications, and every word of substance in the records would remain public. The request removes only the means of contacting particular people, most of whom are non-parties. That information is irrelevant to any issue in this case, and courts in this Circuit routinely permit its redaction.

## II. BACKGROUND

### A. The Protective Order and the Sealing Applications

Plaintiffs filed this action in March 2023, asserting tort claims arising from the use of HDQ Neutral, a disinfectant, at the Adelanto ICE Processing Center during the COVID-19 pandemic. Dkt. 1. Spartan was named as a direct defendant in January 2025. Dkt. 152. The Court entered a Stipulated Protective Order governing the exchange of confidential discovery materials. Dkt. 166.

To limit the burden of repeated document-by-document sealing disputes, the parties agreed that a filing party would provisionally lodge under seal all materials another party had designated confidential, and that the designating party would then file any proposed redactions and a supporting declaration. Dkt. 253; Dkt. 253-1 ¶¶ 3–4; Dkt. 253-2 at 2–4.

Plaintiffs filed three sealing applications under that procedure. The first concerned materials submitted with Plaintiffs' motion for class certification. Dkt. 314. The second concerned materials submitted with Plaintiffs' oppositions to Defendants' motions for summary judgment. Dkt. 335. Each identified the

governing standard, and each was accompanied by a proposed order. Dkts. 314, 314-4, 335, 335-8. The Court granted both applications in full, in the same orders that resolved the underlying motions: in September 2025 (Dkt. 365, granting Dkt. 314) and in December 2025 (Dkt. 491, granting Dkt. 335). The public versions of those orders and the redacted public versions of the briefing have been on the docket since then.

Defendant did not file a separate declaration in support of Plaintiffs' applications. Declaration of Fred M. Blum ("Blum Decl."), ¶4. Pursuant to the agreement of the Parties Defendant believed that there was no need to do so as long as it did not dispute the reasons raised by Plaintiffs. *Id.*

Plaintiffs later filed a third application (Dkt. 444) for materials submitted with their oppositions to certain of Defendants' motions in limine (Dkts. 436, 437). The Court has not ruled on that application, and it has not decided the motions in limine.

### B. <u>THE STAY AND THE CLASS SETTLEMENT</u>

On February 13, 2026, the Court stayed all deadlines and the trial pending settlement negotiations. Dkt. 524. On August 31, 2026, Plaintiffs filed an unopposed motion for preliminary approval of a class settlement. Dkt. 537. The Court granted preliminary approval on September 25, 2026. Dkt. 541.

### C. <u>ICIJ'S MOTION</u>

On October 5, 2026, ICIJ moved to intervene (Dkt. 543) and, in this Motion, to unseal Dkts. 315 and 336 and their attachments (except Dkt. 336-49) and to deny Dkt. 444 in part so that most of Dkt. 445 would be filed publicly. Mot. at i. ICIJ does not seek to unseal six documents that Plaintiffs identified as containing their own personal or health information. *Id.* at i, 6 n.8. Plaintiffs do not oppose the Motion. *Id.* at i. Spartan does not oppose unsealing twelve of its documents. *Id.* at i–ii; Arkush Decl. ¶ 15.

ICIJ's Motion and supporting declarations do not disclose that Plaintiffs

retained ICIJ as an expert in this litigation. Declaration of Fred Blum filed in Opposition to Motion to Intervene, ¶¶4-5.

## III. ARGUMENT

### A. THE MOTION SHOULD NOT BE REACHED UNLESS ICIJ IS PERMITTED TO INTERVENE.

ICIJ is a proposed intervenor. Its standing to seek unsealing depends on the Court granting its Motion to Intervene (Dkt. 543). *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999) (intervention is the proper procedure for a nonparty seeking access). For the reasons stated in Defendant's Opposition to that motion, which Defendant incorporates by reference, intervention should be denied or limited. If intervention is denied, this Motion should be denied as moot. The remainder of this Opposition addresses the Motion in the alternative.

### B. DEFENDANT DID NOT FORFEIT, AND COULD NOT FORFEIT, THE INTERESTS THAT SUPPORT CONTINUED PROTECTION.

#### 1. The Local Rule makes denial discretionary, and the Court exercised that discretion by granting the applications.

ICIJ's forfeiture argument rests on Local Rule 79-5.2.2(b)(i), which provides that a designating party's failure to file a supporting declaration "may be deemed sufficient grounds for denying the Application." Mot. at 8–9 (emphasis added). The rule is permissive. It authorizes a court to deny a sealing application when the designating party does not support it. It does not provide that the designating party permanently loses the right to protect the information, and it does not convert a court's order granting the application into a nullity.

Here the Court did not deny Plaintiffs' applications. It granted them, in full, in orders that also resolved the underlying motions. Dkts. 365, 491. ICIJ's cases involve courts that denied applications when they were made. *Vrugtman v. It's Just Lunch Int'l LLC*, No. EDCV 20-2352 JGB (SPx), 2023 WL 6369765, at *5 (C.D.

Cal. Aug. 25, 2023); *Gutierrez v. Converse Inc.*, No. CV 23-6547-KK-MARx, 2024 WL 3075256, at *3 (C.D. Cal. June 6, 2024). Neither holds that a sealing order already entered must be vacated years later because a declaration was not filed at the time.

Defendant recognizes that in *Gonzalez v. The GEO Group, Inc.*, No. 2:22-cv-04014-JGB-ACCV, Dkt. 154 (C.D. Cal. June 26, 2026), this Court unsealed certain materials previously sealed where the designating party had not filed the declaration required by Local Rule 79-5.2.2(b)(i). Defendant has done the opposite here. It has explained the omission, reviewed each document, conceded unsealing where no protection is warranted, and supported each remaining request with a sworn, document-specific statement of reasons and proposed redactions. The Court's discretion under the Local Rule is best exercised by deciding the Motion on that record.

2. Local Rule 7-12 and the cases ICIJ cites concern failures to oppose motions, not this situation.

ICIJ's reliance on Local Rule 7-12 and on cases treating a failure to oppose a motion as consent is misplaced. Mot. at 10–11 (citing *Gwaduri v. INS*, 362 F.3d 1144, 1146–47 (9th Cir. 2004); *United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979); *Zapon v. Costco Wholesale Corp.*, 2021 WL 3511202 (C.D. Cal. Aug. 10, 2021)). Defendant did not fail to oppose a motion. Plaintiffs' applications sought to seal Defendant's materials. There was nothing for Defendant to oppose, and the Court granted the relief sought. Nor does Defendant's silence then amount to "consent" to public filing now: the proposed orders on which ICIJ relies (Dkts. 314-4, 335-8) were not entered. The Court entered orders sealing the materials instead.

///

///

///

3. <u>The privacy and safety interests of nonparties cannot be forfeited by a party.</u>

Forfeiture is particularly inapt for the interests of people who are not parties to this action. Many of the sealed exhibits contain the names, identifying numbers, housing assignments and medical information of detainees who are not named plaintiffs, and the personal information of employees. ICIJ's carve-out reaches only Plaintiffs' own information. Mot. at i, 6 n.8. Those nonparties had no notice of the sealing applications or of this Motion, and no opportunity to file anything. Federal Rule of Civil Procedure 5.2 and Local Rule 5.2-1 require redaction of certain personal identifiers regardless of any party's position, and a court's supervisory power over its records exists precisely to prevent its files from being used to harm third parties. *Nixon*, 435 U.S. at 598. Whatever the consequences of Defendant's omission for Defendant's own interests, it cannot be a reason to publish the personal and medical information of nonparties.

**C. <u>THE RIGHT OF ACCESS IS QUALIFIED, AND THE FEDERAL AND LOCAL RULES AUTHORIZE TARGETED REDACTION.</u>**

The common-law right to inspect judicial records "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A party seeking to seal material attached to a dispositive motion must articulate "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Compelling reasons exist where "court files might have become a vehicle for improper purposes." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). Records that are not more than tangentially related to the merits require only good cause. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097–1101 (9th Cir. 2016). The redactions requested here satisfy either standard.

The Federal Rules expressly contemplate redactions beyond the identifiers listed in Rule 5.2(a). "For good cause, the court may by order in a case . . . require

redaction of additional information." Fed. R. Civ. P. 5.2(e)(1). The Advisory Committee explained that it "may also be necessary to protect information not covered by the redaction requirement," citing driver's license and alien registration numbers as examples. Fed. R. Civ. P. 5.2 advisory committee's note to 2007 adoption. Personal and business contact information is of the same character.

This District's Local Rules likewise require that any sealing request be narrowly tailored to the sealable material. C.D. Cal. L.R. 79-5.2.2(a). A redaction limited to a telephone number, extension, or email address is as narrow as a request can be. The Ninth Circuit has endorsed this approach.

In *Foltz v. State Farm Mutual Automobile Insurance Co.*, the court explained that redacting third parties' identifying information—including "names, addresses, telephone numbers, and social security numbers"—and disclosing the remainder of the records would protect those individuals without impairing public access. 331 F.3d 1122, 1137 (9th Cir. 2003). Defendant asks for less than *Foltz* contemplated: names would remain public.

### D. CONTACT INFORMATION CONTRIBUTES NOTHING TO THE PUBLIC'S UNDERSTANDING OF THIS CASE.

The public's interest in judicial records is an interest in understanding the judicial process and the merits of the dispute. A cell phone number, an extension, or an email address sheds no light on the use of HDQ Neutral at the Adelanto facility, on what any Defendant knew, or on how the Court has resolved the issues before it. The Supreme Court reached the same conclusion about comparable information in *U.S. Department of Defense v. Federal Labor Relations Authority*. There, the Court held that federal employees' home addresses were protected from disclosure because the public interest in them was "negligible, at best," and their release "would reveal little or nothing about the employing agencies or their activities." 510 U.S. 487, 497 (1994). The Court also held that the analysis turns on the nature of the information rather than the purposes of the person seeking it. *Id.*

at 496. Defendant therefore does not ask the Court to question the intervenor's motives. The point is simply that contact information, once placed on a public docket and republished, serves no legitimate interest in public access.

### E. Courts Routinely Protect Individuals' Contact Information, Particularly That of Non-Parties.

Courts in this Circuit regularly find compelling reasons to seal personally identifying information, including telephone numbers and email addresses. *See, e.g.*, *Stiner v. Brookdale Senior Living, Inc.*, No. 17-cv-03962-HSG, ECF No. 460, (N.D. Cal. Mar. 30, 2022) (sealing "email addresses, telephone numbers, and names" of employees and third parties, and collecting cases); *Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, No. 17-cv-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information "including names, addresses, phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, No. 13-cv-00119-BLF, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (home address, phone number, and email address); *Nursing Home Pension Fund v. Oracle Corp.*, No. C 01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (an individual's privacy interest is a compelling reason to seal).

The privacy interest is strongest where, as here, the information belongs to non-parties who did not choose to litigate. Employees of a defendant, who are not named in the action, qualify as non parties.

A corporation is a legal person separate from its employees, and the Federal Rules draw a clear line between a corporate party and the people who work for it. Only a party's "officer, director, [or] managing agent" stands in the party's shoes for discovery and evidentiary purposes. *See* Fed. R. Civ. P. 30(b)(1), (b)(6); Fed. R. Civ. P. 32(a)(3). Every other employee is treated as a non-party witness, who cannot be compelled to appear for a deposition by notice and must instead be

subpoenaed under Rule 45. *Ulin v. Lovell's Antique Gallery*, No. C-09-03160 EDL, ECF No. 39, at 3 (N.D. Cal. July 6, 2009) (holding that because the defendant's employee was "a non-party" and "not an officer, director or managing agent," his deposition could not be compelled without a subpoena); *Weingand v. Harland Fin. Sols., Inc.*, No. 11-cv-03109 EMC (NC), ECF No. 73, at 2 (N.D. Cal. July 27, 2012) (holding that the defendant's employee was "not a party to this action within the meaning of Rule 30" and had to be subpoenaed under Rule 45). None of the individuals whose cell phone numbers, extensions, or email addresses appear in the records is a named defendant in this action.

Courts weighing sealing requests treat employees of a litigant the same way and give their privacy interests the added weight owed to non-parties. In *In re Goggle RTB Consumer Privacy Litigation*, 2023 WL 12088697, *2 (N.D. CL. June 2, 2023)), the court sealed the names, email addresses, and telephone numbers of Meta's own current and former employees at Meta's request. It found that those individuals were not parties and that the public's interest in the information was outweighed by the risk of harassment. *Id.*

The employees did not choose to litigate. The privacy interest at stake is their own, and Defendant's raising it on their behalf does not turn it into a party's interest. Even for employees senior enough to speak for Defendant on the merits, the information at issue here is not anything they said or did for the company. It is a personal means of reaching them, and the public has no legitimate need for it.

The risk of misuse is also greatest where a case draws press and advocacy attention. In *Goggle*, the court accepted that media interest in the litigation exposed employees to unsolicited emails and calls from the press and the public and held that "the public's interest in access to that information is outweighed by the risk of possible harassment." *Id.*, The Supreme Court has likewise recognized that individuals have a "not insubstantial" interest in avoiding unwanted mail, telephone calls, and visits, because "[m]any people simply do not want to be

disturbed at home by work related matters." *Dep't of Def.*, 510 U.S. at 500–01. A personal cell phone number now serves the function a home address once did: it reaches the individual wherever he or she is, at any hour.

Those concerns apply with particular force here. This case concerns immigration detention and alleged chemical exposure, subjects that generate strong public feeling. Blum Decl. ¶3. There has been significant press coverage, protests at the facility and violence directed toward persons working for GEO. *Id.* Once a record is posted online, the Court loses any control over who uses it and for what purpose. Redaction ensures that the Court's files do not become the "vehicle" through which anyone who downloads them can reach non-party employees directly. *Kamakana*, 447 F.3d at 1179.

**F. EACH CATEGORY OF INFORMATION WARRANTS REDACTION.**

1. Cellular telephone numbers.

Courts protect cell phone numbers even when they decline to protect other information in the same document. *Empower Clinic Servs., L.L.C. v. LegitScript, L.L.C.*, 2025 WL 1099105,*3(D. Or. Apr. 11, 2025) (finding compelling reasons to redact an employee's work and personal telephone numbers, which "could constitute sensitive personal information").

2. Business extensions and direct-dial numbers.

Business extensions warrant the same treatment. In *Al Otro Lado*, the court permitted redaction of senior federal officials' office telephone numbers, reasoning that "the public has no comparable interest in or need for the office phone numbers" of those officials. 2019 WL 6220898, at *4. If government officials, who answer directly to the public, are entitled to that protection, the employees of private companies are entitled to at least as much.

3. Email addresses.

Courts routinely require or permit redaction of individuals' email addresses even while ordering the underlying documents filed publicly. *In re New York City*

*Policing During Summer 2020 Demonstrations, 635* F.Supp.3d 247, 257 (S.D.N.Y. 2022).

**G. <u>The Requested Redactions Are Narrowly Tailored.</u>**

Defendant seeks leave to redact only cell phone numbers, business extensions and direct-dial numbers, and email addresses, with each redaction marked by a bracketed label (e.g., "[REDACTED – EMAIL]") so that the nature of the omitted text is apparent. If the Court wishes, Defendant will lodge an unredacted reference list under seal. *See* Fed. R. Civ. P. 5.2(g). Every other word of every record the Court orders unsealed would be filed publicly. This is the least restrictive means of protecting the privacy interests at stake, and it satisfies both the compelling-reasons standard and Local Rule 79-5.2.2(a).

## IV. <u>CONCLUSION</u>

For these reasons, Defendant respectfully requests that, as to any record the Court orders unsealed, the Court grant Defendant leave to redact all cellular telephone numbers, business telephone extensions and direct-dial numbers, and email addresses from the publicly filed version.

Date: November 16, 2026

GALLAGHER HUIE & BLUM

By: ______________________________
FRED BLUM
DANIEL TROWBRIDGE
Attorneys for Defendant
THE GEO GROUP, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant THE GEO GROUP, INC. certifies that this brief contains 2,964 words, which complies with the word limit of L.R. 11-6.1.

Date: November 16, 2026

GALLAGHER HUIE & BLUM

By: ______________________________
FRED BLUM
DANIEL TROWBRIDGE
Attorneys for Defendant
THE GEO GROUP, INC.