MICHAEL E. GALLAGHER, ESQ. (SBN 195592)
mgallagher@teamghb.com
FRED M. BLUM, ESQ. (SBN 101586)
fblum@teamghb.com
DANIEL E. TROWBRIDGE, ESQ. (SBN 301301)
dtrowbridge@teamghb.com
GALLAGHER HUIE + BLUM
601 Montgomery Street, Suite 1100
San Francisco, CA 94111
Telephone: (415) 397-9006
Facsimile: (415) 397-1339

Attorneys for Defendant
THE GEO GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGAYA RONDUEN; CARLOS CASTILLO; MIRIAM SCHEETZ; CESAR HERNANDEZ CARRILLO; WILFREDO GONZALEZ MENA; SOMBOON PHAYMANY; and YOLANDA MENDOZA, individually and on behalf of all others similarly situated ,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GEO GROUP, INC and SPARTAN CHEMICAL COMPANY, INC,<br><br>Defendants. | Case No. 5:23-cv-00481-JGB-ACCV<br><br>**DECLARATION OF FRED M. BLUM IN SUPPORT OF DEFENDANT THE GEO GROUP, INC.'S OPPOSITION TO INLAND COALITION FOR IMMIGRANT JUSTICE'S MOTION TO UNSEAL RECORDS**<br><br>Date: December 7, 2026<br>Time: 9:00 a.m.<br>Courtroom: 1 (Riverside)<br>Judge: Hon. Jesus G. Bernal |

I, FRED M. BLUM, declare that:

1. I am an attorney duly admitted to practice before this Court and am an attorney of record for Defendant THE GEO GROUP, INC. ("GEO").

2. The following is within my personal knowledge and, if called on, I could and would testify thereto.

3. It is my understanding that notice to class members is underway. The parties negotiated the settlement prior to the stay in this proceeding. At the time GEO was relying on the previous Court sealing orders in place and in reliance on them.

4. On October 19, 2023, Defendant served ICIJ with a subpoena for documents concerning the litigation and its connection with the Plaintiffs. ICIJ objected and declined to produce, asserting in part that it had been retained by Plaintiffs as a non-testifying expert and that its communications were protected by the attorney-client privilege. Exhibit A is the letter asserting the privilege.

5. The Protective Order issued in this matter only allows designated material to go to an expert and only under specified conditions and limits its use to this litigation.

6. Defendant produced the documents at issue under a Stipulated Protective Order that provides an agreed procedure for challenging confidentiality designations. Plaintiffs never used that procedure for these materials.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 16, 2026 in Corte Madera, California.

FRED M. BLUM

# EXHIBIT A

December 9, 2023

EDGCOMB LAW GROUP, LLP
Tiffany R. Hedgpeth (SBN 175134)
thedgpeth@edgcomb-law.com
355 S. Grand Ave., Ste. 2450, #2049
Los Angeles, CA 90071-9500

Gabriel J. Padilla (SBN 227591)
gpadilla@edgcomb-law.com
2102 Business Center Dr., Ste. 130, #651
Irvine, CA 92612-1001

Subject: ICIJ's Objections to The GEO Group, Inc.'s Subpoena to Produce Documents, Information, or Objects in the matter of *Ligaya Ronduen et al. v. The GEO Group, Inc.*, Case No. 5:23-cv-00481-JGB (SHK)

Counsel,

We have received The GEO Group., Inc.'s ("GEO") subpoena dated October 19, 2023. On December 9th, 2023, we requested an extension of our deadline to respond through January 8, 2024, because we are working to retain counsel for this matter. However, despite multiple attempts to reach you regarding this request, we have not received a response.

As detailed below, because the subpoena requests are overbroad, unduly burdensome, and implicate privileged materials, ICIJ need not comply with it. We are willing to meet and confer regarding these objections and hope that you will be persuaded to withdraw these requests to avoid litigation on these issues.

*First*, GEO's subpoena is overbroad. *See Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("[N]on-parties should not be burdened in discovery to the same extent as the litigants themselves. Requests to non-parties should be narrowly drawn to meet specific needs for information."). Each of the five subpoena requests is plainly overbroad for multiple reasons, including, but not limited to, that the requests are unbounded by time, use an exhaustive definition of "DOCUMENTS," and are not limited to documents in ICIJ's possession. Indeed, the fact that GEO is seeking "All DOCUMENTS relating to the use of HDQ Neutral at the ADELANTO FACILITY" and "All DOCUMENTS relating to the use or availability of personal protective equipment ('PPE') when handling HDQ Neutral at the ADELANTO" without *any* meaningful limitation makes plain that GEO is engaged in an improper "fishing trip" for anything to support its defenses. *Sykes v. Bayer Corp.*, 2008 WL 2559419, at *2 (D.N.H. June 23, 2008) (holding that a party "ha[d] no right [under Rule 45] to serve a grossly overly broad subpoena intended to harass" that amounted to no more than a "fishing trip"). Such discovery on a non-party such as ICIJ is plainly improper. Nor is clear why GEO has any specific need to obtain the requested documents from ICIJ, when ICIJ expects that parties to the litigation (and the government) possess the relevant information. This is particularly true for Request No. 4, which expressly seeks documents that would be in the government's possession.

*Second*, GEO's subpoena imposes an undue burden on ICIJ. *See Convolve*, 2011 WL 1766486, at *2. The amount of labor required to locate and identify the requested materials would be unduly

burdensome to ICIJ. ICIJ, like many nonprofit and community groups, lacks the resources by well-funded parties such as GEO (and the government). ICIJ largely depends on the efforts of volunteers, and lacks the personnel and resources necessary to conduct the far-ranging searches that GEO requests. Indeed, responding to GEO's overbroad subpoena requests would bring ICIJ's mission and critical work to a grinding halt.

*Third*, the subpoena seeks sensitive, confidential information—communications and complaints by detainees at Adelanto. Such communications could reveal the identities of individuals (and potentially their immigration status) who communicate with ICIJ and others, which would have a chilling effect on ICIJ's work and individuals' willingness to work with ICIJ. Rule 26 prohibits such discovery. *See* Fed. R. Civ. P. 26(g)(1)(B)(ii) (prohibiting discovery on any topic "for any improper purpose, such as to harass or needlessly increase the cost of litigation"); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) (recognizing that disclosure of information concerning immigration status has a chilling effect that "unacceptably burdens the public interest").

*Fourth*, documents and information sought by the subpoena include privileged communications. ICIJ has been retained as an expert by The Social Justice Legal Foundation for this matter, and many documents sought by the subpoena are privileged. *See* Fed. R. Civ. P. 26(b)(4). For example, ICIJ possess communications and documents prepared for The Social Justice Legal Foundation in the scope of its services as an expert that "relat[e] to the use of HDQ Neutral at the ADELANTO FACILITY." Subpoena Request No. 2. GEO has no basis to request those documents, or any other documents protected by privilege or subject to protection as trial-preparation material.

*Lastly*, the subpoena threatens core First Amendment interests. Civic organizations such as ICIJ enjoy the freedom of association. The subpoena offends that freedom because persons who communicate and associate with ICIJ risk disclosure of their information to GEO, thereby permitting GEO (and by extension its government partners) to harass and retaliate against them. *See United States v. Garde*, 673 F. Supp. 604, 606 (D.D.C. 1987) (concluding associational defense applied to subpoena where nonprofit advocacy organization alleged client list would chill First Amendment rights).

ICIJ reserves all rights, including the right to assert additional objections to the subpoena requests. We hope, however, that litigation regarding this subpoena will be unnecessary. ICIJ respectfully requests that GEO withdraw its subpoena. If GEO fails to do so, ICIJ intends to move to quash for the above-stated reasons and on such additional grounds as ICIJ sees fit.

Sincerely,

Javier Hernandez
Executive Director
Inland Coalition for Immigrant Justice