Jacqueline Arkush (SBN 365861)
jarkush@publicjustice.net
PUBLIC JUSTICE
475 14th St., Suite 610
Oakland, CA 94612
Telephone: (510) 622-8150

*Counsel for Proposed Intervenor*
*Inland Coalition for Immigrant Justice*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LIGAYA RONDUEN, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio corporation,

Defendants.

Case No.: 5:23-cv-00481-JGB-ACCV

**PROPOSED INTERVENORS' REPLY IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS**

Date: December 7, 2026
Time: 9:00 am
Courtroom: 1 (Riverside)
Judge: Hon. Jesus G. Bernal

# TABLE OF CONTENTS


INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................ 1

I. ICIJ'S INTERVENTION IS PROPER UNDER APPLICABLE LAW. 1

A. Caselaw addressing permissive intervention to unseal records is the relevant law here. ........................................................ 1

B. Intervention is timely. ........................................................ 4

C. GEO will not be unduly prejudiced. ........................................ 6

II. ICIJ IS AN APPROPRIATE INTERVENOR BECAUSE OF ITS ESTABLISHED INVOLVEMENT WITH ADELANTO. .................... 8

A. There is no impropriety in ICIJ seeking to intervene. .................. 8

B. ICIJ is exactly the type of intervenor contemplated in cases about the public's right of access. ............................................ 9

CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) .......... 2, 4, 10

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*,
712 F.3d 1349 (9th Cir. 2013) .......... 2, 4, 6

*Brunson v. Lambert Firm PLC*,
757 F. App'x 563 (9th Cir. 2018) .......... 3

*Carijano v. Occidental Petroleum Corp.*,
No. CV075068PSGPJWX, 2019 WL 6896921 (C.D. Cal. June 20, 2019) .......... 7, 11

*Cnty. of Orange v. Air Cal.*,
799 F.2d 535 (9th Cir. 1986) .......... 3

*Cosgrove v. Nat'l Fire & Marine Ins. Co.*,
770 F. App'x 793 (9th Cir. 2019) .......... 3

*Courthouse News Serv. v. Planet*,
947 F.3d 581 (9th Cir. 2020) .......... 8, 11

*Elgindy v. Aga Serv. Co.*,
No. 20-CV-06304-JST, 2024 WL 7182976 (N.D. Cal. May 13, 2024) .......... 5

*Greer v. County of San Diego*,
No. 19CV378-JO-DEB, 2023 WL 4479234 (S.D. Cal. July 10, 2023), *rev'd in-part on other grounds*, 127 F.4th 1216 (9th Cir. 2025) .......... 2, 4, 5, 7

*Kamakana v. City & Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) .......... 11

*California ex rel. Lockyer v. Safeway, Inc.*,
355 F. Supp. 2d 1111 (C.D. Cal. 2005) .......... 6, 11

*Lucy Chi v. Univ. of S. Cal.*,
No. 218CV04258SVWGJS, 2019 WL 3315282 (C.D. Cal. May 21, 2019) .......... 11

*Mendez v. City of Gardena*,
222 F. Supp. 3d 782 (C.D. Cal. 2015) .......... 4, 7

*Musk v. Altman*,
818 F. Supp. 3d 1109 (N.D. Cal. 2026) .......... 5

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978) .......... 10, 11

*Richmond Newspapers, Inc. v. Virginia*,
448 U.S. 555 (1980) (Brennan, J., concurring) .......... 11

*Roman v. Mayorkas*,
No. ED CV 20-00768 TJH (PVC), 2021 WL 6103180 (C.D. Cal. Oct. 15, 2021) .......... 2

*San Jose Mercury News, Inc. v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
187 F.3d 1096 (9th Cir. 1999) .......... *passim*

*Smith v. Marsh*,
194 F.3d 1045 (9th Cir. 1999) .......... 3

*United States v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004) .......... 3

*United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*,
658 F.3d 1188 (9th Cir. 2011) .......... 8

*United States v. Gurolla*,
333 F.3d 944 (9th Cir. 2003) .......... 6

*United States v. Washington.*,
86 F.3d 1499 (9th Cir. 1996) .......... 3

## INTRODUCTION

Defendant The GEO Group, Inc. ("GEO") bases its strawman opposition to the Inland Coalition for Immigrant Justice's ("ICIJ") proposed intervention for the limited purpose of unsealing court records on two inaccurate premises. First, GEO continually mischaracterizes the nature of ICIJ's intervention by making demonstrably false statements to justify its use of inapplicable caselaw. Second, GEO grossly overstates ICIJ's relationship with Plaintiffs to distract this Court from the fact that *anyone* may assert the public's right of access. The structural flaws in the foundation of GEO's opposition undermine every argument it raises against ICIJ's intervention.

## ARGUMENT

ICIJ's intervention is proper under the caselaw that governs permissive intervention sought for the limited purpose of unsealing court records. Here, GEO seeks to apply a more stringent standard governing other types of intervention. Under the proper standard for intervening to unseal, ICIJ's intervention should be granted. And GEO's mischaracterization of ICIJ's role in this litigation does not undo that conclusion.

### I. ICIJ'S INTERVENTION IS PROPER UNDER APPLICABLE LAW.

#### A. Caselaw addressing permissive intervention to unseal records is the relevant law here.

Despite the clearly stated intention of ICIJ's permissive intervention, GEO insists that the ICIJ's Motion to Intervene for the Limited Purpose of Unsealing Court Records "does not disclaim participation in the settlement proceedings or limit what ICIJ may do once admitted." Dkt. 549, at 10–11. This flagrant mischaracterization leads to GEO relying almost entirely on more demanding law governing intervention as a matter of right under Rule 24(a) or permissive intervention sought to litigate the substance of a dispute,

instead of the more "relaxed" standard governing motions to intervene to unseal. *See generally* Dkt. 549 (citing *Cnty. of Orange v. Air Cal.*, 799 F.2d 535, 537–38 (9th Cir. 1986); *United States v. Washington.*, 86 F.3d 1499, 1503–04 (9th Cir. 1996); *United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004); *Brunson v. Lambert Firm PLC*, 757 F. App'x 563, 567 (9th Cir. 2018)).

As is abundantly clear from the title and body of ICIJ's motion, it is moving to intervene for the limited purpose of unsealing court records. Because this type of intervention's scope is limited to a collateral issue, "the typical requirements for permissive intervention are relaxed." *Roman v. Mayorkas*, No. ED CV 20-00768 TJH (PVC), 2021 WL 6103180, at *1 (C.D. Cal. Oct. 15, 2021) (summarizing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)). It is well-established that an "independent jurisdictional basis and strong nexus of fact or law are not required where intervenor merely seeks to" assert the public's right of access. *San Jose Mercury News, Inc. v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 187 F.3d 1096, 1101 (9th Cir. 1999) (describing *Beckman*, 966 F.2d at 473–74). Thus, ICIJ "only needs to show timeliness." *Greer v. County of San Diego*, No. 19CV378-JO-DEB, 2023 WL 4479234, at *3 (S.D. Cal. July 10, 2023), *rev'd in-part on other grounds,* 127 F.4th 1216 (9th Cir. 2025). While timeliness includes a consideration of how timing might prejudice the parties, a court may also choose to consider prejudice to the parties' underlying rights as a separate inquiry. *Compare San Jose Mercury News*, 187 F.3d at 1100–01 *with Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353–54 (9th Cir. 2013).

The cases relied on by GEO do not apply this well-established standard. Instead, they deal with circumstances where parties are seeking to intervene to adjudicate the merits—and so hold no sway here. In three of these cases, the interventions exclusively

challenged portions of the disputes' resolutions. *See Cnty. of Orange,*799 F.2d at 537–38 (intervenor challenged stipulated judgment); *Washington*, 86 F.3d at 1503–04 (three intervenors sought to relitigate the "basic questions" central to the court's resolution of the merits); *Alisal Water Corp.*, 370 F.3d at 922 (intervention sought "primarily to contest a possible award of damages").

Two additional cases relied on by GEO are likewise irrelevant. In *Brunson*, the Ninth Circuit upheld the denial of an intervention on prejudice grounds because intervenors sought to challenge a confidentiality provision included in a settlement and another because the intervenor "conceded that he 'is not after the confidential information or sealed files at all.'" 757 F. App'x at 567. ICIJ's proposed intervention is distinct from *Brunson* because it genuinely seeks the unsealing of court records and only the unsealing of court records. As for *Cosgrove*, GEO ignores the far more applicable half of the opinion. Dkt. 549, at 10, 12. The intervenors in *Cosgrove* sought permissive intervention for two distinct purposes: one substantive and one collateral. *Cosgrove v. Nat'l Fire & Marine Ins. Co*., 770 F. App'x 793, 794–95 (9th Cir. 2019). The Ninth Circuit found that allowing intervention for the substantive purpose of reinstating a vacated order after a settlement had been reached would "prejudice the parties." *Id.* at 794. However, for the intervention that "sought only to unseal the original [records], different considerations appl[ied]," and the court *vacated* the denial of a motion to intervene to unseal records. *Id.* at 795 (applying *San Jose Mercury News*, 187 F.3d at 1100–01). Obviously, ICIJ's proposed intervention is akin to the latter.

This Court should find these authorities inapposite and decline GEO's invitation to "base its decision on an erroneous legal standard." *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999). To the extent standards are shared across types of intervention, such as

the timeliness factors discussed below, GEO (and this Court) may of course rely on cases applying those factors in whatever context they arise. *See, e.g.*, Dkt. 549, at 5 (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) and *San Jose Mercury News*, 187 F.3d at 1101).

**B. Intervention is timely.**

ICIJ did not delay its intervention so there can be no resulting prejudice. Timeliness is determined by evaluating "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *San Jose Mercury News,* 187 F.3d at 1101. If a court chooses to measure an alleged delay, which it is not required to do, the starting point is not, as GEO would have it, from when the intervenor is first made aware of the litigation, but rather from "when the intervenor first became aware that its interests would no longer be adequately protected by the parties." *Id.* The generosity of this evaluation does not make timeliness "meaningless for every access-based intervention." Dkt. 549, at 10. Rather, it reflects that there are few circumstances where a delay in seeking unsealing will prejudice the parties because, not only is it a collateral issue, there are few circumstances where a party can reasonably rely on sealing remaining unchanged. "[G]iven well-establish principles of open access to the court . . . [parties] should [be] aware that, even after settlement, a third party may seek to intervene to unseal litigation documents. *Greer*, 2023 WL 44779234 at *4 (referencing *Blum*, 712 F.3d at 1353–54 and *Beckman,* 966 F.2d at 470).

Here, "[g]iven Plaintiffs' consistent efforts to prevent" the records being "sealed, the earliest point at which [ICIJ] first became aware that the parties would no longer adequately protect their interests was when Plaintiffs filed their notice of settlement." *Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 790 (C.D. Cal. 2015). It was the "notice

of settlement that informed" ICIJ that no party would "pursue the unsealing of these [records]." *Greer*, 2023 WL 4479234 at *4. It was at that point that it became clear that Plaintiffs, who had previously stated that they would oppose sealing (Dkt. 314, at 5; Dkt. 335, at 1; Dkt. 444, at 5), would not be raising the issue or protecting the public's interest. And there was no lapse in time, as, "ICIJ first notified the parties of its intent to intervene on September 1, 2026, the day after the settlement was submitted for approval." Dkt. 549, at 9. It was also the point at which it became clear that no trial would occur, meaning the sealing would never be reevaluated and those materials would never be seen by members of the public. *See Musk v. Altman*, 818 F. Supp. 3d 1109, 1115 n.2 (N.D. Cal. 2026) ("Should the parties use the same documents as trial exhibits, the Court will again consider whether sealing is appropriate."). As fully addressed below, ICIJ's relationship with Plaintiffs is not what GEO claims, and if it were, that would not turn this immediate intervention into a delayed one. Even class members may timely intervene to unseal documents though they "waited months after" receiving notice of a redacted settlement and declined an offer to view unredacted versions of any document they wished. *See Elgindy v. Aga Serv. Co.*, No. 20-CV-06304-JST, 2024 WL 7182976, at *1 (N.D. Cal. May 13, 2024).

Even if it were delayed, intervention is allowed when "the parties do not demonstrate they were prejudiced by th[e] delay." *Id.* GEO has failed to show any prejudice here because it cannot reasonably have relied on the parties' protective order or on "this Court's sealing orders" to keep its documents hidden indefinitely. As discussed in ICIJ's Motion to Unseal, the parties' protective order does not extend to documents filed on the record and it would be unreasonable for GEO to expect otherwise. *See* Dkt. 544. That GEO's confidentiality designations were never challenged during discovery

does not change that. Such a challenge is "a fundamentally different question" about "a pure discovery issue" that does not "confront the problem we face here regarding the heightened standard protecting the public's right of access to documents filed in conjunction with [] dispositive motion[s]." *California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1121 (C.D. Cal. 2005). As such, GEO was required to justify "document by document, the continued sealing of its confidential information," regardless of which party filed the application to seal (Dkt. 549 at 7–8), and it cannot be prejudiced by having to carry the burden imposed by the public's right of access—not by ICIJ's intervention. *See e.g., San Jose Mercury News*, 187 F.3d at 1101. GEO attempts to distinguish its situation from "[t]he Ninth Circuit's decisions rejecting reliance arguments" on the basis that those orders lacked "particularized judicial findings." Dkt. 549, at 11. But no such findings exist here either, and even if they did, "interested third parties retain their right to intervene and request that particular documents be unsealed." *United States v. Gurolla*, 333 F.3d 944, 953 (9th Cir. 2003).

**C. GEO will not be unduly prejudiced.**

There is no support for GEO's claim that ICIJ's intervention will "prejudice the adjudication of the original parties' rights." *Blum*, 712 F.3d at 1354 (quoting Fed. R. Civ. P. 24(b)(3)). This "concern [is] not present when the existing parties have settled their dispute and intervention is for a collateral purpose." *Id.* (quoting *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir. 1990)). In an attempt to circumvent this well-establish principle, GEO argues for prejudice based on the wholly inapplicable cases concerning other types of intervention discussed above. Dkt. 549, at 10–12. When it does invoke the applicable cases, GEO first tries to claim it will be prejudiced because "the settlement remains pending," unlike in *Blum*, before later claiming it is prejudiced because

"the case has been resolved by settlement." Dkt. 549, at 11–12. These mutually exclusive arguments will be addressed in order.

First, GEO points to the notice and objection period to show that the settlement is pending and will be prejudiced. *Id.* at 10. But the notice period ended on November 13th, three days before GEO filed its opposition motions. *See* Dkt. 545 ¶ 4. No objections were filed with Court by the November 20th deadline. *Id.* ¶ 5. All that remains is final approval and GEO is the only party that asserts ICIJ's intervention jeopardizes this last step. *Cf.* Notices Non-Opp'n, Dkts. 546, 548. And, of course, ICIJ is seeking to intervene only for the limited purpose of unsealing records and in no way seeks to alter the settlement.

Second, GEO claims that "reopening" relied upon sealing orders "after the parties have committed to a settlement" will cause prejudice. Dkt. 549, at 11. There are many reasons to doubt this claim, including "[t]he apparent willingness of the parties to reveal much of the" sealed record in this case—neither GEO nor Defendant Spartan Chemical Co. argue that any record should remain fully sealed, and GEO's only continued confidentiality concern appears to be about employee contact information. *Carijano v. Occidental Petroleum Corp.*, No. CV075068PSGPJWX, 2019 WL 6896921, at *7 (C.D. Cal. June 20, 2019); Dkts. 547, 550. This undercuts GEO's contention that the settlement was premised on continued sealing. Even if that reliance occurred, GEO "should have been aware that, even after settlement, a third party may seek to intervene to unseal litigation documents." *Greer*, 2023 WL 4479234 at *4. That is because "parties cannot contractually agree to deprive the public of its [strong interest] in accessing" court records. *Mendez*, 222 F.Supp.3d at 791–92 (rejecting argument that party agreed to the settlement "specifically because they expected [both] the protective order to continue and the [filed records] to remain secret").

## II. ICIJ IS AN APPROPRIATE INTERVENOR BECAUSE OF ITS ESTABLISHED INVOLVEMENT WITH ADELANTO.

GEO contends that ICIJ should not be permitted to intervene because of its supposed relationship to this case. But those arguments are unpersuasive because they do not match the facts or the law. ICIJ has not claimed to be a disinterested party and does not need to; there is no requirement that a proposed intervenor be "a stranger to the litigation." Dkt. 549, at 5. Indeed, it is ICIJ's interest in Adelanto that makes it an ideal representative of the presumed public interest in open access to court records. *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 590 (9th Cir. 2020) (describing how the presumed benefits of openness are "especially true where, as here, the impetus for [the party's] efforts to obtain [the records] is its interest in timely reporting on their contents"); *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 n.4 (9th Cir. 2011) ("Though generally invoked by news organizations, the [right of access] to judicial records and documents 'is a general right held by all persons.'") (quoting *In re EyeCare Physicians of Am.*, 100 F.3d 514, 517 (7th Cir. 1996)).

### A. There is no impropriety in ICIJ seeking to intervene.

ICIJ has made no secret of its substantial involvement with the events giving rise to this case. Dkt. 543, at 2–4; Dkt. 543-2 ¶¶ 6–8. It was not ICIJ's intent to hide its relationship to Plaintiffs, which is irrelevant to its motions to intervene and unseal. Nevertheless, ICIJ now clarifies the scope of its involvement, which has been overstated by GEO. Plaintiffs retained ICIJ on a pro bono basis as a non-testifying expert that would play a limited role in helping with outreach in the impacted community and other external-facing work. *See* Decl. Javier Hernandez, Dkt. 551-1 ¶¶ 2–3. ICIJ did not

participate in legal advice, strategy, or decision making—or, indeed, have any role in the litigation itself. *Id.* ¶¶ 3, 5. That is the extent of the relationship that GEO spends the majority of its opposition blustering about.

GEO's multiple statements (Dkt. 549, at 4, 5; Dkt. 549-1 ¶ 4) that ICIJ relied on attorney-client privilege in resisting GEO's subpoena for documents do not accurately reflect the contents of the letter GEO submitted with its opposition. *See* Dkt. 549-1, at 4–5. As the letter from ICIJ to GEO makes clear, ICIJ first objected to GEO's subpoena because "discovery on a *non-party* such as ICIJ is plainly improper." Dkt. 549-1, at 4 (emphasis added). Then, ICIJ invoked the confidentiality of personally identifying information belonging to people detained at Adelanto—which GEO itself invokes in its opposition to unsealing. *Id.* at 5; Dkt. 550, at 5. Near the end, ICIJ objects on privilege grounds, citing the rule governing expert privilege. Dkt. 549-1, at 5 (citing Fed. R. Civ. P. 26(b)(4)). By emphasizing this short paragraph, GEO distracts this Court from the fact that it never responded to ICIJ's letter or attempted to execute its subpoena. Hernandez Decl. ¶ 4. Thus, it seems likely that ICIJ was correct in characterizing the subpoena as an improper "fishing trip" intended to harass ICIJ and chill its advocacy. Dkt. 549-1, at 4–5. In short, GEO's specious attempt to equate ICIJ with a party to this case lacks merit.

**B. ICIJ is exactly the type of intervenor contemplated in cases about the public's right of access.**

GEO correctly characterizes Ninth Circuit precedent as holding that "[t]he relaxed standard for access-based intervention exists so that members of the public and the press, who otherwise would have no voice, can assert the public's interest in open courts." Dkt. 549, at 5. Under the Ninth Circuit's seminal caselaw in this space, ICIJ is exactly the type of intervenor who should be seeking to unseal records.

To begin, in *San Jose*, the newspaper intervenor's coverage of the underlying litigation predated the entry of the protective order challenged by its intervention. *San Jose Mercury News,* 187 F.3d at 1098. Both the newspaper's preexisting coverage and its subsequent intervention focused on the defendants' withholding of a specific report. *Id.* And in *Beckman Industries v. International Insurance Company*, the intervenors were parties to "state litigation concerning exactly the same relationship in the same type of action," involving the same party, International. 966 F.2d at 476. In both cases, that the intervenors had an established track record of interest in the subject of the litigation weighed in *favor* of granting intervenors' motions. *San Jose Mercury News,* 187 F.3d at 1101; *Beckman*, 966 F.2d at 474, 476. Contrary to GEO's characterizations, neither case's "rationale assume a nonparty who is a stranger to the litigation" and GEO offers no other support for its proposition that an intervenor must be a "disinterested" stranger. Dkt. 549, at 5. Quite the opposite—it is exactly ICIJ's established interest in the use of HDQ Neutral at Adelanto that makes it an appropriate intervenor.

ICIJ seeks to intervene for the activities stated in its Motion to Intervene, specifically "policy advocacy, community organizing and education," (Dkt. 543, at 1) which are far from the libelous and scandalous activities that GEO claims. Dkt. 549, at 12–13. Rather, ICIJ's clearly stated motivations match those that *Nixon* lists as "necessary to support" the enforcement of the public's right of access: the "desire to keep a watchful eye on the workings of public agencies" and the "intention to publish information concerning the operation of government." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978). GEO conveniently ignores this portion of the decision and even claims—contrary to the case's text—that "a public campaign about detention conditions . . . is

precisely the use of court files . . . that *Nixon* cautions against." Dkt. 549, at 14 (citing *Nixon*, "435 U.S. at 598[sic].").

It is possible that this misstatement occurred because GEO misunderstands the public's right of access to court records and "the principles which animate it." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 586 (1980) (Brennan, J., concurring) ("[The right of access] has a *structural* role to play in securing and fostering our republican system of self-government."). "The public interest undergirding [the right of access] to court records does not turn on whether the details of a particular case are 'interesting,' or whether a party opposing access has deemed the available information sufficient to satisfy the public's curiosity." *California ex rel. Lockyer*, 355 F. Supp. 2d at 1124; *see also Carijano*, 2019 WL 6896921, at *6 ("The presumption of public access provides a default rule that *all* court records—interesting or not—will remain unsealed absent a particularized showing of harm or prejudice.") As such, GEO is wrong to say that ICIJ must justify unsealing by pointing to a ruling "that it cannot understand from the public record." Dkt. 549, at 14. "[Intervenors are] not required to articulate an independent reason for why the sealed documents must be produced, because the public maintains a sufficient interest in the openness of this Court's proceedings." *Lucy Chi v. Univ. of S. Cal.*, No. 218CV04258SVWGJS, 2019 WL 3315282, at *7 (C.D. Cal. May 21, 2019).

Or, perhaps GEO equates public scrutiny with public scandal and does not differentiate between genuine public concern and unwarranted scandal. All that ICIJ seeks is "to enable free and informed discussion about important issues of the day and governmental affairs." *Courthouse News Serv.*, 947 F.3d at 589. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its record." *Kamakana*

*v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Facilitating critical analysis of important government operations like immigration detention and the judicial system is not a byproduct of the right of access, but its central purpose.

**CONCLUSION**

ICIJ's intervention is timely and nonprejudicial. ICIJ is an ideal representative of the public's interest in this case. Therefore, this Court should grant ICIJ's Motion to Intervene for the Limited Purpose of Unsealing Records.

Dated: November 23, 2026

Submitted,

PUBLIC JUSTICE

***/s/ Jacqueline Arkush***
Jacqueline Arkush (SBN 365861)

*Counsel for Proposed Intervenors*
*Inland Coalition for Immigrant Justice*