Jacqueline Arkush (SBN 365861)
jarkush@publicjustice.net
PUBLIC JUSTICE
475 14th St., Suite 610
Oakland, CA 94612
Telephone: (510) 622-8150

*Counsel for Proposed Intervenor*
*Inland Coalition for Immigrant Justice*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIGAYA RONDUEN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio corporation,<br><br>Defendants. | Case No.: 23-cv-00481-JGB-ACCV<br><br>**DECLARATION OF JAVIER HERNANDEZ IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO INTERVENE FOR LIMITED PURPOSE OF UNSEALING COURT RECORDS**<br><br>Date: December 7, 2026<br>Time: 9:00 a.m.<br>Courtroom: 1 (Riverside)<br>Judge: Hon. Jesus G. Bernal |

**DECLARATION OF JAVIER HERNANDEZ**

I, Javier Hernandez, declare under penalty of perjury as prescribed in 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Executive Director of the Inland Coalition for Immigrant Justice ("ICIJ"). I have served in my current position as Executive Director since March of 2015. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. ICIJ signed on as a pro bono non-testifying consulting expert with Trial Impact Project (formerly known as Social Justice Legal Foundation) regarding the underlying litigation related to GEO's use of HDQ Neutral at Adelanto during the COVID-19 pandemic.

3. Throughout the case, which was styled as a class action, ICIJ provided Trial Impact Project consulting services and strategic engagement related to ICIJ's outreach, connection and experience with people detained in Adelanto who were harmed by GEO's use of HDQ Neutral. We did not participate in litigation strategy or decision making.

4. GEO issued ICIJ a document subpoena on October 19, 2023. ICIJ, through private counsel, responded with objections to the subpoena on grounds of overbreadth, undue burden, vagueness, and privilege. GEO did not seek to narrow the subpoena or to enforce it.

5. Our role as a non-testifying consulting expert in the underlying litigation challenging the use of HDQ Neutral inside Adelanto did not require us to review or receive any discovery in the matter, let alone discovery marked as Confidential

or Highly Confidential. Plaintiffs' counsel did not send us any such information nor did we review or receive any.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 23, 2626, in San Bernardino, California.

Javier Hernandez, Executive Director
Inland Coalition for Immigrant Justice