Jacqueline Arkush (SBN 365861)
jarkush@publicjustice.net
PUBLIC JUSTICE
475 14th St., Suite 610
Oakland, CA 94612
Telephone: (510) 622-8150

*Counsel for Proposed Intervenor*
*Inland Coalition for Immigrant Justice*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LIGAYA RONDUEN, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

THE GEO GROUP, INC., a Florida corporation, and SPARTAN CHEMICAL COMPANY, INC., an Ohio corporation,

Defendants.

Case No.: 5:23-cv-00481-JGB-ACCV

**PROPOSED INTERVENORS' REPLY IN SUPPORT OF MOTION TO UNSEAL COURT RECORDS**

Date: December 7, 2026
Time: 9:00 am
Courtroom: 1 (Riverside)
Judge: Hon. Jesus G. Bernal

## TABLE OF CONTENTS

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. Defendants forfeited the opportunity to offer compelling reasons to justify sealing. .......... 2

II. Only this Court can determine whether sealing is warranted. .......... 6

III. Defendants have failed to offer compelling reasons to seal all employee contact information. .......... 7

IV. Spartan's arguments for sealing business information also fail to meet the compelling reasons standard. .......... 10

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmerGen Energy Co., LLC v. United States*,
115 Fed. Cl. 132 (2014) .................... 11

*Buzzballz, LLC v. MPL Brands NV, Inc.*,
No. 24-cv-04004-EKL, 2026 WL 1407641 (N.D. Cal. May 19, 2026) .................... 11

*Civil Beat Law Ctr. for Pub. Int., Inc. v. Maile*,
117 F.4th 1200 (9th Cir. 2024) .................... 9

*In re Copley Press, Inc.*,
518 F.3d 1022 (9th Cir. 2008) .................... 7

*Courthouse News Serv. v. Planet*,
947 F.3d 581 (2020) .................... 1

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
809 F.3d 1092 (9th Cir. 2016) .................... 11

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003) .................... 8

*Gonzalez v. GEO Grp., Inc.*,
NO. EDCV 22-4014 JGB, 2026 WL 2075914 (C.D. Cal. June 26, 2026) (Bernal, J.) .................... *passim*

*In re Google RTB Consumer Priv. Litig.*,
2023 WL 12088697 (N.D. Cal. June 2, 2023) .................... 8

*Greer v. Cnty. of San Diego*,
No. 19-CV-378-JO-DEB, 2023 WL 4479234 (S.D. Cal. July 10, 2023), *rev'd on other grounds*, 127 F.4th 1216 (9th Cir. 2025) .................... 5

*Kamakana v. City & Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) .................... 1, 6, 7, 8

*Novoa v. GEO Grp., Inc.*,
No. EDCV17-2514JGBSHKX, 2022 WL 2189626 (C.D. Cal. Jan. 25, 2022) .................... 6

*Oliner v. Kontrabecki*,
745 F.3d 1024 (9th Cir. 2014)........ 8

*Raher v. Fed. Bureau of Prisons*,
No. CV-09-526-ST, 2011 WL 2014875 (D. Or. May 24, 2011)........ 12

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.*,
187 F.3d 1096 (9th Cir. 1999)........ 6

*Simpson Strong-Tie Co. v. MiTek Inc.*,
No. 20-cv-06957-VKD, 2023 WL 9187547 (N.D. Cal. Dec. 15, 2023)........ 11

*TML Recovery, LLC v. Cigna Corp.*,
714 F.Supp.3d 1214 (2024)........ 7, 12

*United States v. Seugasala*,
670 F. App'x 641 (9th Cir. 2016)........ 5

*Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm*,
278 F.R.D. 136 (D. Md. 2011)........ 10

**Court Rules**

C.D. Cal. L.R. 79-5.2.2(b)........ 2, 3

C.D. Cal. LR 79.5.2.2(b)(i)........ 3

**Other Authorities**

Minsong Sun, Shilang Yan, Tingting Cao, Jingwen Zhang, *The impact of COVID-19 pandemic on the world's major economies: based on a multi-country and multi-sector CGE model,* Front Pub. Health, Mar. 18, 2024, https://doi.org/10.3389/fpubh.2024.1338677 [https://perma.cc/5KFK-J3JN]........ 12

## INTRODUCTION

Defendants The GEO Group, Inc. and Spartan Chemical Co. failed to provide any arguments or evidence in support of sealing at the time this Court's local rules and the Parties' agreement required. They have offered no adequate explanation for that failure. Nevertheless, they ask this Court for a second (in GEO's case, a third) chance to do so. That request should be denied. On the merits, Defendants concede that there was never any compelling reason to seal most of the information at issue in the first place. But even where Defendants now claim compelling reasons, sealing is unwarranted because Defendants' belated efforts—even if considered—fall short of the high standard the common law, let alone the First Amendment, demands.

## ARGUMENT

Proposed Intervenor Inland Coalition for Immigrant Justice's (ICIJ's) motion to unseal should be granted in full. Once it became evident that no party would seek to protect the public's right of access to court records, ICIJ moved to unseal more than one hundred documents on the Court's docket. *See generally* Dkt. 544. Under the common law and the First Amendment, there is a presumption of public access to court records. *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591–92 (2020). For court records to be lawfully sealed, a court must conclude, after rigorous analysis, that the proponent of sealing has met its high burden of showing that its compelling reasons for sealing overcome the public's right of access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Each of the documents at issue here was produced in discovery by Defendants, and no party offered *any* reasons why those documents should be sealed when filed on the Court's docket. Dkt. 544, at 8. Indeed, despite there being a clear procedure for adjudicating sealing questions under this Court's local rules, neither Defendant made any attempt to comply

with that rule's requirements for submitting arguments in favor of sealing—and they have still offered no explanation or justification for that failure. *Id.*

Both Defendants now concede that there are no compelling reasons to fully seal any of the documents at issue. Dkt. 547, at 1; Dkt. 550, at 1. Instead, they belatedly argue that certain categories of information should be redacted. But it is too little too late. Even if Defendants' arguments were not forfeited (and they are), GEO has failed to indicate which documents it seeks to redact or submit anything approaching a sufficient declaration in support. Spartan's attempts are more thorough, but it nevertheless fails to demonstrate that the information it seeks to seal is not already publicly available or outdated—both moot its offered reasons for sealing. Therefore, ICIJ's motion to unseal should be granted in full.

## I. Defendants forfeited the opportunity to offer compelling reasons to justify sealing.

Neither Defendant has adequately explained its failure to follow the sealing procedure outlined in this Court's local rules and the Parties' agreement. For that reason, even assuming a determination of forfeiture is discretionary, Defendants have offered no good reason the Court should afford them another chance. Indeed, under similar circumstances, this Court has granted a later motion to unseal, concluding that "[b]ased on Defendant's failure to file the required declaration and their lack of explanation for such failure, the Court finds that unsealing is warranted." *Gonzalez v. GEO Grp., Inc.*, NO. EDCV 22-4014 JGB, 2026 WL 2075914, at *3 (C.D. Cal. June 26, 2026) (Bernal, J.). It should do so again here.

Where a party, here Plaintiffs, files documents "previously designated as confidential by [Defendants] pursuant a protective order," that party must file an application to seal. L.R. 79-5.2.2(b). Then, "[w]ithin 4 days of the filing of the Application,

the Designating Party"—here Defendants—"must file a declaration establishing that all or part of the designated material is sealable. . . . If the Designating Party maintains that only part of the designated material is sealable, the Designating Party must file with its declaration a copy of the relevant material with proposed redactions highlighted." *Id.* at (b)(i). The Parties' agreement concerning sealing is consistent with the rule: The Parties agreed that "the designating party would file redacted versions of documents it wished to continue to designate as confidential within the 4 days required by LR 79.5.2.2(b)(i)"—indicating that if the party did not file redacted versions within four days, it did not wish them to be confidential. Dkt. 253-1 ¶¶ 3, 4; *see also* Dkt. 253-2, at 4.

GEO's arguments against forfeiture are premised on mischaracterizations of the record. First, GEO says it did not file a declaration in support of Plaintiffs' applications for sealing because it "believed that there was no need to do so as long as it did not dispute the reasons raised by Plaintiffs." Dkt. 550, at 2. *See also id.* at 4 ("There was nothing for Defendant to oppose[.]"). In support, GEO cites to a paragraph of a declaration that has nothing to do with its assertion. *See* Dkt. 550-1 ¶ 4 (discussing unrelated subpoena). Worse, Plaintiffs' applications made clear that, one, as required by the local rule, the documents were being provisionally sealed only because they were designated confidential by GEO, and, two, that Plaintiffs were *opposed* to sealing where the compelling reasons standard was not met. Dkt. 314, at 5; Dkt. 335, at 8; Dkt. 444, at 5. Two of the applications also expressly stated that if Defendants wanted to continue to keep documents sealed, it had four days to file a supporting declaration under the rule and the Parties' agreement. Dkt. 335, at 1; Dkt. 444, at 5. So GEO cannot point to the content of Plaintiffs' applications as justification for its failures.

Second, GEO attempts to distinguish this Court's decision in *Gonzalez* by asserting

that this time, unlike in *Gonzalez*, GEO "explained the omission, reviewed each document, conceded unsealing where no protection is warranted, and supported each remaining request with a sworn document-specific statement of reasons and proposed redactions." Dkt. 550, at 4. That's not true. GEO has never offered proposed redactions or a document-specific declaration—it did not do so at the time the rule required it and did not do so in response to ICIJ's motion to unseal. *See* Dkt. 550-1 (attached declaration bereft of any reasons why sealing is warranted or mention of any specific documents); Dkt. 549, at 15 (requesting additional time to make document-specific redactions).[1]

Spartan does not dispute that it should have filed declarations and proposed redactions within four days of Plaintiffs' applications, but it offers no explanation for what it dismisses as a "corporate filing lapse." *See* Dkt. 547, at 8. Nevertheless, it urges this Court to consider its late attempt to justify sealing because some courts have done so under other circumstances. *See id.*, at 7. At most, Spartan's authorities establish that, when considering an application to seal in the first instance, courts sometimes offer parties a second chance to cure defective or absent attempts to justify sealing and sometimes they don't. In the only case Spartan cites involving analogous circumstances—where the burdened party offered no justification for sealing at the application stage, the application to seal was granted anyway, and intervenors later moved to unseal—this Court granted the motion to unseal on the basis that the defendant had failed to submit the declarations required under the local rule and provided no explanation for that failure. *Gonzalez*, 2026 WL 2075914, at *3. This Court should reach the same result here.[2]

---

[1] GEO's blatantly false statement may warrant sanction.

[2] Spartan cites a different order from *Gonzalez* deferring a decision on a separate pending (footnote continued)

Both Defendants contend that they should be allowed a second (or for GEO, a third) chance to submit materials in support of sealing because the Court granted two of the applications to seal. Again, this case is indistinguishable from *Gonzalez* on that point. At any rate, that a court initially overlooks a party's forfeiture does not undo it, and a party is not entitled to rely on an erroneous sealing decision—as Spartan itself recognizes, the Court did not "articulate the factual basis for its [sealing] ruling," as binding law requires. Dkt. 547, at 6–7 (quoting *Kamakana*, 447 F.3d at 1179). Moreover, "any purported reliance . . . on the continued sealing of the [documents] is unreasonable given well-established principles of open access." *Greer v. Cnty. of San Diego*, No. 19-CV-378-JO-DEB, 2023 WL 4479234, at *4 (S.D. Cal. July 10, 2023), *rev'd on other grounds*, 127 F.4th 1216 (9th Cir. 2025). Defendants "should have been aware that," even after motions to seal have been granted, "a third party may seek to intervene to unseal litigation documents." *Id.* at *4; *see also United States v. Seugasala*, 670 F. App'x 641, 642 (9th Cir. 2016) ("District courts have inherent discretionary power to seal or unseal record items.").

Finally, Defendants' malfeasance in failing to protect their employees' contact information at the required juncture in the litigation isn't a reason to excuse that malfeasance. For the reasons explained below, Defendants still haven't established that sealing of the employee contact information they seek to protect is warranted—indeed, Spartan has previously filed at least some of the same information publicly before. *See infra*, Part III. But if this Court concludes that the consequences of Defendants' forfeiture

---

application to seal in order to decide it in conjunction with the intervenors' motion to unseal. Dkt. 547, at 7. But Spartan doesn't explain how that helps its argument that its unexplained failure to comply with the local rule's requirements should be overlooked.

should not fall upon individual line employees, it should use its discretion to ensure that Defendants themselves feel the consequences of their failure to comply with well-established sealing rules and their own agreement—failures that burden the Court, the public, and their employees. Both Defendants appear to more or less agree. Dkt. 547, at 8; Dkt. 550, at 5 (recognizing there may be consequences for GEO's interests). For Spartan, that could mean a decision that any argument for protecting the company's commercial information is forfeited. For GEO, a repeat and recalcitrant violator of the public's right of access in this Court, some other sanction may be warranted. *See, e.g.*, *Gonzalez*, 2026 WL 2075914; *Novoa v. GEO Grp., Inc.*, No. EDCV17-2514JGBSHKX, 2022 WL 2189626 (C.D. Cal. Jan. 25, 2022) (agreeing to seal GEO documents though the documents were already publicly available).

## II. Only this Court can determine whether sealing is warranted.

It is up to this Court, and not the parties, to determine whether sealing is warranted. *See Kamakana*, 447 F.3d at 1178-79 (discussion of court's obligations in making a sealing determination). "The right of access to court documents belongs to the public, and the [parties are] in no position to bargain that right away." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1101 (9th Cir. 1999). For that reason, Spartan is wrong to fault ICIJ for "not agree[ing] to [its] proposed redactions." Dkt. 547-1 ¶ 6. *See also* Dkt. 547, at 3 (stating "ICIJ did not accept those redactions"). Like all parties, ICIJ cannot "agree" to redact anything on the public docket.

Moreover, at the time Spartan indicated it would propose redactions, it had not yet put forward proposed redactions or made robust legal arguments in support of sealing—either on the docket or in correspondence with ICIJ. *See* Dkt. 544-1 (describing meet and confer). So ICIJ had insufficient information to determine its position on Spartan's

redactions. Good thing too: Not only are its redactions insufficiently supported for the reasons explained below, Spartan's opposition expands the scope of its proposed redactions since it last described them to ICIJ. Dkt. 547-1 ¶¶ 10, 14 (discussing additional redactions).[3]

### III. Defendants have failed to offer compelling reasons to seal all employee contact information.

In many circumstances, courts have found compelling reasons to seal the personal, non-public contact information of private line employees, but that does not absolve Defendants of demonstrating that the compelling reasons standard is met with regard to the specific employee-contact information they seek to seal here. That's because "even when there are only specific redactions, 'a broad, categorical approach'"—like that taken by Defendants—"will not meet the 'compelling reasons' standard." *TML Recovery, LLC v. Cigna Corp.*, 714 F.Supp.3d 1214, 1218 (2024) (quoting *Kamakana*, 447 F.3d at 1183). Specifically, the sealing of employee contact information is unlikely to be warranted where that information is already public because "[o]nce information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).

GEO's attempt to seal employee-contact information fails at the threshold. The *only* thing GEO offers is a list of categories of employee-contact information it seeks to seal. *See Kamakana*, 447 F.3d at 1182 ("conclusory offerings do not rise to the level of 'compelling reasons.'"). Its argument for sealing is flawed, with two cases finding emails,

---

[3] Spartan claims that ICIJ mischaracterized Spartan's consent to unseal four particular documents by failing to specify that unsealing was subject to redaction of employee contact information. *See* Dkt. 547, at 3:21-23. However, Spartan's own evidence demonstrates that it told ICIJ it consented to the unsealing of those records without qualification and that it still does so now. Dkt. 547-1 ¶ 10 & Ex. A, at PDF 11.

which GEO seeks to seal, did not warrant sealing. Worse, it appears GEO hallucinated the holding of "*In re Goggle*." *Compare* Dkt. 550, at 8 *with In re Google RTB Consumer Priv. Litig.*, 2023 WL 12088697, at *2 (N.D. Cal. June 2, 2023). Fatally, GEO has never identified which documents within the hundred-plus records identified for GEO contain information it urges the Court to redact or suggest any proposed redactions. *E.g.*, Dkts. 314, 335, 444 (Plaintiffs' Appls.); Dkts. 544-1 ¶ 12, 544-2 (ICIJ Tables). GEO has repeatedly refused to specify the "particular document it seeks to protect," making it impossible for this Court to evaluate GEO's claimed compelling reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

While Spartan has made more of an effort than GEO—by providing a declaration and proposed redactions—its arguments still fall short. First, at least some of the employee contact information that Spartan seeks to redact has already been filed publicly on the docket in this case. When information is already available in the public docket, there is no compelling reason to seal it. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (declining to seal records "because the proceedings had been a matter of public record" for years). For example, the complete contact information for multiple people that Spartan seeks to now redact throughout the D Exhibits to the Mesa Declaration (Dkt. 547-1), were previously filed by Spartan on the public docket. Dkt. 397-1, at 52–71 (exhibits to Spartan's Motion in Limine No. 1). *See also* Dkt. 432-7 (containing contact information without redaction). Spartan's inconsistent view as to whether this type of information ought to be sealed undermines its argument that there are compelling reasons to do so.

Second, and relatedly, some of the contact information is publicly accessible elsewhere. Where information is already in the public sphere, there is no compelling reason to seal it. *See Kamakana*, 447 F.3d at 1184 (declining to seal employee information where

it was already public). Spartan admits that the contact information for many of its employees was publicly disclosed in 2020, but does not say whether there is any overlap with the contact information it seeks to redact here. Dkt. 547, at 16-17. Further, Spartan seeks to redact employees' LinkedIn handles, which are inherently public-facing and easily findable by searching online for the person's name, "LinkedIn," and "Spartan Chemical."[4] An employee cannot have any reasonable privacy expectation in such public information.

Third, because the employee contact information is six to eight years old, some of it is outdated and no longer warrants being sealed. As Spartan admits, some of the employees whose contact information it seeks to seal no longer work at Spartan. Dkt. 547-2 ¶ 26 (requesting redaction of contact information for "former Spartan employees"). Presumably, those employees can no longer be contacted at the Spartan-specific contract information the company seeks to seal and some contacts, such as email addresses, may no longer be live at all.

In short, there are no compelling reasons to seal at least some of the information that Spartan proposes to be redacted. Without further factual information about what employee contact information is already publicly available or no longer valid, it is impossible for the Court to conclude that the compelling reasons standard has been met for any of it. *See Civil Beat Law Ctr. for Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1211 (9th Cir. 2024) ("The individual privacy interest Defendants invoke will naturally vary across people, cases, and records."). And, of course, GEO's arguments for sealing fail at the threshold because,

---

[4] Indeed, counsel for ICIJ was able to locate the LinkedIn handles for Doug Peterson, Anthony Ramos, and Cali Sartor—the three LinkedIn handles Spartan seeks to seal—in a few short seconds of public internet searching. *See* Dkt. 547-1, at Ex. D.

despite having two chances to do so, it has not suggested *any* redactions or supplied a relevant declaration.

## IV. Spartan's arguments for sealing business information also fail to meet the compelling reasons standard.

Spartan should not be permitted to seek sealing of its own business information after failing to follow the local rule's procedure for doing so and only belatedly attempting to justify sealing after a third party raised the public's right of access. And it cannot now seek to seal information it previously filed on the public docket. But even considering its arguments on the merits, Spartan has failed to demonstrate that the six-to-eight-year-old information—much of it about a product, HDQ Neutral, it no longer sells—still has competitive relevance.

To start, Spartan has previously filed the unredacted Statement of Work on the public docket, twice. Dkt. 249-2, at 114–19 (exhibit filed in support of Spartan's motion to amend its answer); Dkt. 319-1, at 118–23 (same); Dkt. 547-1, at Ex. B (proposing redactions to the Statement of Work). As explained above, there are no compelling reasons to seal information already available on the public docket. *See supra*, Part III. The Statement of Work is the only document at issue that includes the price-hold, reporting, and customer-specific commercial terms that Spartan now seeks to keep secret. Dkt. 547-2 ¶¶ 10–18. As such, its request to redact this document, and the types of commercial information therein, fails at the pass.[5]

---

[5] Spartan's merits argument for sealing reporting metrics fares no better. It argues those metrics should be sealed because it invested resources in developing its list, and a competitor might adopt it without having invested similar resources. Dkt. 547, at 12–13. But that doesn't identify the specific harm the company would suffer if that information (footnote continued)

That leaves Spartan's pricing information. Spartan claims that if competitors and customers learn certain pricing information, Spartan would be at a competitive disadvantage, but that claim doesn't stand up. *See* Dkt. 547, at 9-15. Meeting the compelling reasons standard for sealing business information requires "a showing that specific prejudice or harm will result if the materials are not sealed." *See Simpson Strong-Tie Co. v. MiTek Inc.*, No. 20-cv-06957-VKD, 2023 WL 9187547, at *2 (N.D. Cal. Dec. 15, 2023) (citation modified). Hypothetical or conjectural harm is insufficient. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).

The fundamental problems with Spartan's claims of competitive harm from unsealing custom pricing information are that the information is stale and must be "[c]ombined" to "disclose the total economic package Spartan offers" a particular account. Dkt. 547, at 14; *See AmerGen Energy Co., LLC v. United States*, 115 Fed. Cl. 132, 141 (2014) (holding that parties seeking to seal "stale" business information must demonstrate why disclosure would harm the business at the present time); *Buzzballz, LLC v. MPL Brands NV, Inc.*, No. 24-cv-04004-EKL, 2026 WL 1407641, at *2 (N.D. Cal. May 19, 2026) (declining to "seal documents containing years-old information"); *Simpson Strong-Tie*, 2023 WL 9187547, at *3 ("[T]here are no compelling reasons to seal stale information." (citation modified)). Spartan does not claim that now, six to eight years later, it still charges the same prices and offers the same custom packages. Nor is it likely that

---

is made public. *See Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 143 (D. Md. 2011) (under lower good cause standard, rejecting argument that a form should be kept confidential because it "represent[ed] the culmination of many years of experimentation . . . and if made public, a competitor could simply adopt the form without having to spend the time and effort necessary to devi[s]e" it) (citation modified).

Spartan's prices have remained unchanged, given that the current economy is vastly different than it was in 2018 and 2020.[6] Rather, it asserts that competitors and customers could somehow calculate and undercut Spartan's current prices and package options based on the old net prices "[b]ecause Spartan uses the same methodology" for pricing today. Dkt. 547, at 10–11; *cf. Raher v. Fed. Bureau of Prisons*, No. CV-09-526-ST, 2011 WL 2014875, at *22 (D. Or. May 24, 2011) (observing that because "[p]rices also may be based on variables that change over time," "it seems unlikely that a competitor would be able to calculate the profit margin from disclosure" of old information in a way that impacts future competition). To the extent that net price was included in the heavily redacted substantive briefs, *see e.g.* Dkt. 318, at 8–13 and Dkt 338, at 6–12, it is "necessary background for any member of the public seeking to read and understand the Court's orders." *TML Recovery, LLC*, 714 F. Supp. 3d at 1221.

## CONCLUSION

For these reasons, ICIJ's Motion to Unseal should be granted in full.

Dated: November 23, 2026

Submitted,

PUBLIC JUSTICE

***/s/ Jacqueline Arkush***
Jacqueline Arkush (SBN 365861)

*Counsel for Proposed Intervenors*

---

[6] The interceding global pandemic and multiple global conflicts have impacted costs across countries and sectors. *See, e.g.*, Minsong Sun, Shilang Yan, Tingting Cao, Jingwen Zhang, *The impact of COVID-19 pandemic on the world's major economies: based on a multi-country and multi-sector CGE model,* Front Pub. Health, Mar. 18, 2024, https://doi.org/10.3389/fpubh.2024.1338677 [https://perma.cc/5KFK-J3JN].